IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, PLAINTIFFS, | CIVIL ACTION NO. _____ |
| v. | 1:CV 00-1639 |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, DEFENDANTS. | JURY TRIAL DEMANDED  FILED HARRISBURG, PA  SEP 14 2000  MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

COMPLAINT

**AND NOW,** comes the Plaintiffs, John D. Perkey and Theresa Perkey, by and through their attorneys, Irwin, McKnight & Hughes, Esquires, and makes the following complaint against the Defendants, Reliable Carriers, Inc., Daniel Joseph Bemben, as follows:

1. Plaintiffs, John D. Perkey and Theresa Perkey, are adult individuals residing at 328 Pine Grove Road, Gardners, Cumberland County, Pennsylvania 17324.

2. A Defendant is Daniel Joseph Bemben, an adult individual residing at 7135 Great Bear Court, Fort Wayne, Indiana 46815, and an agent, servant, workman, and/or employee of the Defendant, Reliable Carriers, Inc.

3. A Defendant, Reliable Carriers, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Michigan, with a registered address of 41555 Koppernick Drive, Canton, MI 48187.

1

4.   A Defendant, Kent, is a manufacturer of trailers with a business address of c/o Reliable Carriers, Inc., 41555 Koppernick Drive, Canton, MI 48187.

5.   Jurisdiction in this Court is proper under 28 U.S.C. Section 1332 (a).

6.   Venue is proper under 28 U.S.C. Section 1391 (c).

7.   The Defendants, Reliable Carriers, Inc., and Kent, trade and conduct business in the Commonwealth of Pennsylvania by means of pick up transportation and delivery of freight from its customers in addition to the use of the highway system.

## COUNT I

**(JOHN D. PERKEY and THERESA M. PERKEY v. DANIEL JOSEPH BEMBEN)**

8.   Paragraphs 1 through 7 inclusive are incorporated herein as though fully set forth below.

9.   On or about September 15, 1998, at approximately 6:10 a.m., the Plaintiff, John D. Perkey, was lawfully operating his tractor-trailer on I-76 (Pennsylvania Turnpike) near milepost 37.7 traveling eastbound.

10.  As the Defendant, Daniel Joseph Bemben, was traveling east on I-76 driving a tractor-trailer for Reliance Carriers, Inc., he was informed on his CB radio by another truck driver that his left rear axle was on fire.

2

11. After being informed of the problem with his trailer but before pulling his tractor-trailer off the highway, the left front trailer wheels broke off the axle of the Defendant, Daniel Joseph Bemben's tractor-trailer.

12. After the trailer wheels broke off the axle, the Defendant, Daniel Joseph Bemben, then pulled off to the berm of the highway.

13. The wheels of the Defendant's tractor-trailer which had broken off the axle continued to roll eastbound down the turnpike beyond the area where the Defendant pulled his vehicle to the berm of the road.

14. As the Plaintiff, John D. Perkey, was lawfully operating his tractor-trailer on I-76 traveling eastbound he suddenly encountered the wheel on the highway in the right-hand travel lane.

15. The Plaintiff, John D. Perkey, was unable to avoid striking the wheel in the road.

16. The impact between the Plaintiff's tractor-trailer and the wheel on the highway caused the Plaintiff's right front wheel to break off which resulted in the Plaintiff's tractor-trailer veering off the roadway and crashing into a hill at the side of the berm.

17. As a result of the accident, the Plaintiff, John D. Perkey, suffered severe injuries to his back, neck, left knee and right shoulder.

18. The accident related injuries sustained by the Plaintiff, John D. Perkey, were caused by the negligence, carelessness and recklessness of the Defendant, Daniel Joseph Bemben.

19. The actions on the Defendant, Daniel Joseph Bemben, were negligent, careless and reckless in that he:

   a. failed to keep the tractor-trailer under control;

   b. failed to operate the tractor-trailer in a safe manner;

   c. drove a vehicle which was not road worthy nor safe to be driven on the highways of Pennsylvania;

   d. failed to properly inspect or check his vehicle for any possible safety problems prior to operating the tractor-trailer;

   e. failed to repair or maintain the tractor-trailer;

   f. failed to remove the unsafe vehicle from the highway;

   g. otherwise failing to exercise due and proper care under the circumstances.

20. The negligent, careless and reckless actions of the Defendant, Daniel Joseph Bemben, are the proximate cause of the injuries to the Plaintiff, John D. Perkey.

21. Plaintiff, John D. Perkey, seeks compensation for the pain and suffering he has endured since the date of the accident.

22. Plaintiff, John D. Perkey, has been unable to return to his position as a tractor-trailer driver with his employer ABF Freight Systems, Inc., since the date of the accident due to the injuries that he sustained.

23. Plaintiff, John D. Perkey, seeks compensation for the medical expenses incurred as a result of the accident as well as the continuing medical expenses which will possible accrue in the future as his need for medical care continues.

24. The Plaintiff, John D. Perkey, seeks compensation for the wage loss which he has incurred as a result of the injuries suffered in the accident as well as continuing wage loss benefits as he remains unable to return to his prior employment.

25. The Plaintiff, John D. Perkey, seeks compensation for the permanent injuries he suffered to his back and neck as a result of the accident which have rendered him unable to perform any daily activities and duties which he was able to perform prior to the accident.

26. The Plaintiff, John D. Perkey, seeks compensation for anticipated surgeries, future wage loss and the continued pain and suffering due to his injuries which resulted from the accident.

27. The Plaintiff, Theresa M. Perkey, seeks compensation for the loss of companionship and society as a consequence of the injuries to her husband, John D. Perkey, caused by the accident.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

## COUNT II

**(JOHN D. PERKEY AND THERESA M. PERKEY v. RELIABLE CARRIERS, INC.)**

28. Paragraphs 1 through 27 inclusive are incorporated herein by reference thereto as though more fully set forth below.

29. At the time of the accident, Defendant, Daniel Joseph Bemben, was employed by and/or an agent of Defendant, Reliable Carriers, Inc. and was acting in his capacity as its agent in furtherance of the business of said Reliable Carriers, Inc.

30. The Defendant, Reliable Carriers, Inc., is responsible for the negligent acts of the Defendant, Daniel Joseph Bemben, at the time of the accident since Defendant Bemben was engaged as an agent/workman serving and/or employee in conducting business on behalf of the Defendant Reliable Carriers, Inc.

31. In addition, Defendant, Reliable Carriers, Inc., was negligent, careless and reckless in that they:

    a. failed to properly train Defendant, Daniel Joseph Bemben;

    b. failed to ensure proper operation of the tractor-trailer;

    c. failed to properly inspect and/or maintain the trailer;

    d. permitted a trailer which was unsafe and not road worthy to be operated on the highways of Pennsylvania; and

    e. otherwise failed to exercise due and proper care under the circumstances.

32. The negligent, careless and reckless actions of the Defendant, Reliable Carriers, Inc., are the proximate cause of the injuries to Plaintiff, John D. Perkey.

33. The Plaintiffs, John D. Perkey and Theresa M. Perkey suffered injuries and damages as a result of the accident as pled above and seek compensation for the same.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

### COUNT III

### (JOHN D. PERKEY AND THERESA M. PERKEY v. KENT)

34. Paragraphs 1 through 33 inclusive are incorporated herein by reference thereto as though more fully set forth below.

7

35. The Defendant, Kent, was the manufacturer and/or designer of the trailer for Defendant, Reliable Carriers, Inc., being pulled by the Defendant, Daniel Joseph Bemben's tractor.

36. Upon information and belief, the accident of September 15, 1998, wherein Plaintiff, John D. Perkey was injured, was caused by the defective nature of the wheel axle assembly and/or brake system on the trailer which defect existed at the time the trailer left the Defendant Kent's care, custody and control, and rendered the trailer unreasonably dangerous for its intended use.

37. As a result of the defective nature of the wheel axle assembly and/or brake system, Defendant, Kent is strictly liable to Plaintiffs pursuant to Section 402(a) of the Restatement (2nd) of Torts for the following reason:

   a. failing to properly and adequately design the wheel axle assembly and/or brake system;

   b. failing to properly and adequately manufacture the wheel axle assembly and/or brake system;

   c. failing to warn Plaintiff of the dangerous nature of the wheel axle assembly and/or brake system; and

   d. other defects as become evident through the course of discovery or trial.

38. As a direct result of the defects in the wheel axle assembly and/or brake system, Plaintiffs, John D. Perkey and Theresa M. Perkey, suffered various damages and injuries as pled above some of which may be permanent in nature and seek compensation for the same.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

## COUNT IV

### (JOHN D. PERKEY AND THERESA M. PERKEY v. KENT)

39. Paragraphs 1 through 38 inclusive are incorporated herein by reference thereto as though more fully set forth below.

40. The Defendant, Kent, was directly responsible for the injuries to Plaintiff due to its negligent, careless and reckless conduct which consisted of the following:

    a. failing to discover the defect in the wheel axle assembly and/or brake system when Defendant knew or should have known that such a defect existed;

    b. failing to take steps necessary to repair the wheel axle assembly and/or brake system;

    c. failing to properly test the wheel axle assembly and/or brake system;

    d. failing to properly warn of the dangers which could result from the use of the trailer;

    e. such other negligence which may be discovered through the course of discovery or trial.

41.  As a direct result of the negligence, carelessness and recklessness defects in the wheel axle assembly and/or brake system, Plaintiffs, John D. Perkey and Theresa M. Perkey, suffered various damages and injuries as pled above some of which may be permanent in nature and seek compensation for the same.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

Respectfully submitted,

IRWIN, McKNIGHT & HUGHES

By: _____
**Marcus A. McKnight, III, Esquire**
Supreme Court I.D. #: 25476
**Mark D. Schwartz, Esquire**
Supreme Court I.D. #70216
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353
Attorneys for the Plaintiffs,
    John D. Perkey and
    Theresa Perkey

Date:  September __14__, 2000

## **VERIFICATION**

The foregoing Complaint is based upon information which has been gathered by counsel and myself in the preparation of this action. I have read the statements made in this document and they are true and correct to the best of my knowledge, information and belief. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

*John D. Perkey*
JOHN D. PERKEY

Date: **September 14** 2000