IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, Plaintiffs | : NO. 1: CV-00-1639 |
| v. | : |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, Defendants | : JURY TRIAL DEMANDED |

FILED
HARRISBURG
JAN 2 9 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## ANSWER OF DEFENDANTS RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN TO PLAINTIFFS' COMPLAINT WITH CROSS CLAIM

1. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 and the averments are therefore denied.

2. Admitted.

3. Admitted.

4. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4 and the averments are therefore denied.

5. Admitted.

6. Admitted.

7. Admitted in part and denied in part. It is admitted that Defendants Reliable Carriers Inc. conduct business in the Commonwealth of Pennsylvania through transportation delivery of freight. Defendants are without knowledge or information sufficient to form a

*Document #: 192778.1*

belief as to the truth of the remaining averments set forth in paragraph 7 and the averments are therefore denied.

## COUNT I

8. Defendants incorporate answers from paragraphs 1 through 7 as if set forth in full.

9. Admitted in part and denied in part. It is admitted that Plaintiff John D. Perkey was operating his tractor trailer on September 15, 1998 on I 76 near mile post 37.7 at approximately 6:10 a.m. The remaining averments constitute a conclusion of law to which no answer is required and the remaining averments are therefore denied.

10. Admitted upon information and belief.

11. Denied.

12. Denied.

13. Denied.

14. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 14 and the averments are therefore denied. Paragraph 14 also states a conclusion of law to which no answer is required and the averments are therefore denied.

15. Denied. The averments in paragraph 15 state a conclusion of law to which no answer is required and the averments are therefore denied.

16. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16 and the averments are therefore denied.

17. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17 and the averments are therefore denied.

18. Denied. Paragraph 18 constitutes a conclusion of law to which no answer is required and the averments are therefore denied.

19. Denied. The averments of paragraph 19 (a) through (g) constitute conclusions of law to which no answers are required and the averments are therefore denied.

20. Denied. The averments of paragraph 20 constitute conclusions of law to which no answer is required and the averments are therefore denied.

21. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 and the averments are therefore denied.

22. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 22 and the averments are therefore denied.

23. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 and the averments are therefore denied.

*Document #: 192778.1*

24. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 24 and the averments are therefore denied.

25. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 and the averments are therefore denied.

26. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 and the averments are therefore denied.

27. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 27 and the averments are therefore denied.

WHEREFORE Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demand the Complaint be dismissed and the judgment be entered in their favor with costs.

## COUNT II

28. Defendants incorporate their answers from paragraphs 1 through 27 as if set forth in full.

29. Denied. The averments of paragraph 29 constitute conclusions of law to which no answer is required and the averments are therefore denied.

*Document #: 192778.1*

30. Denied. The averments of paragraph 30 constitute conclusions of law to which no answer is required and the averments are therefore denied.

31. Denied. The averments of paragraph 31 (a) through (e) constitute conclusions of law to which no answer is required and the averments are therefore denied.

32. Denied. The averments of paragraph 32 constitute conclusions of law to which no answer is required and the averments are therefore denied.

33. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33 and the averments are therefore denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands the Complaint be dismissed, and that judgment be entered in their favor with costs.

## COUNT III

34. Defendants incorporate their answers to paragraphs 1 through 33 as if set forth in full.

35. Paragraph 35 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 35 are denied.

36. Paragraph 36 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 36 are denied.

*Document #: 192778.1*

37. Paragraph 37 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 37 are denied.

38. Paragraph 38 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 38 are denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands that the Complaint against them be dismissed and a judgment be entered in their favor with costs.

## COUNT IV

39. Defendants incorporate their answers from paragraphs 1 through 38 as if set forth in full.

40. Paragraph 40 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 40 are denied.

41. Paragraph 41 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 41 are denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands the Complaint against them be dismissed and that judgment be entered in their favor with costs.

### FIRST AFFIRMATIVE DEFENSE

42.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

43.  Plaintiffs' action is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

44.  Plaintiff lacks jurisdiction over Defendants.

### FOURTH AFFIRMATIVE DEFENSE

45.  Plaintiff John D. Perkey was guilty of comparative negligence, which reduces their recovery under the Pennsylvania Comparative Negligence Act.

### FIFTH AFFIRMATIVE DEFENSE

46.  Plaintiff John D. Perkey assumed the risk of any harm he sustained.

### SIXTH AFFIRMATIVE DEFENSE

47.  Any damages recoverable by Plaintiff must be reduced or barred pursuant to the provisions of the Pennsylvania Motor Vehicle Responsibility Law.

### CROSS CLAIM – RELIABLE CARRIERS AND DANIEL JOSEPH BEMBEN v. KENT

48.  Answering Defendants incorporate the averments of Plaintiffs Complaint without adoption or admission for the purposes of this Cross Claim only.

49.  If it is judicially determined that Plaintiffs are entitled to relief, which is specifically denied, the injuries and damages sustained by the Plaintiffs were not the result of the action and/or inaction on the part of Defendants Reliable Carriers, Inc. or Daniel Joseph Bemben, but were due to the action and/or inaction of Defendant Kent.

*Document #: 192778.1*

50. In the event that it is judicially determined that the Plaintiffs are entitled to relief, which is specifically denied, it is believed and therefore averred that Defendant Kent is liable over to Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben for contribution and/or indemnity with any liability on the part of Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben being specifically denied.

WHEREFORE, answering Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben request this Honorable Court to enter judgment against Plaintiff and in the alternative to hold Cross Claim Defendants liable to answering Defendants for contribution and/or indemnity, any and all liability of answering Defendants being denied.

Respectfully Submitted,

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By *[signature]*
Heather L. Harbaugh, Esquire
Attorney I.D. No. 83997
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Date: 1/29/01

*Document #: 192778.1*

## CERTIFICATE OF SERVICE

AND NOW, this 29th day of January, 2001, I, Heather L. Harbaugh, Esquire, of Metzger, Wickersham, Knauss & Erb, P.C., attorneys for Defendants, Reliable Carriers Inc. and Daniel Joseph Bemben, hereby certify that I served a copy of the within Answer of Defendants Reliable Carriers Inc and Daniel Joseph Bemben to Plaintiffs' Complaint with Cross Claim, this day by depositing the same in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to:

Mark D. Schwartz, Esquire
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA  17013


Kent
c/o Reliable Carriers, Inc.
41555 Koppernick Road
Canton, MI  48187

_____
Heather L. Harbaugh, Esquire

*Document #: 192778.1*