cc: see attached

⑨
2-20-01
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY AND          :   CIVIL NO. 1:00-CV-1639
THERESA M. PERKEY,          :
                            :
         Plaintiffs         :   (Judge Rambo)
                            :
      v.                    :   (Magistrate Judge Smyser)
                            :
RELIABLE CARRIERS, INC.,    :
DANIEL JOSEPH BEMBEN,       :
AND KENT,                   :       FILED
                            :    HARRISBURG
         Defendants         :
                                  FEB 1 6 2001

                                  MARY E. D'ANDREA, CLERK
                    CASE MANAGEMENT ORDER
                                       DEPUTY CLERK

    Pursuant to a case management conference held on
February 16, 2001, **IT IS ORDERED** that:


    1. **Amended Pleadings**. Amended pleadings, if any,
shall be filed on or before **December 31, 2001.**
**2001.**


    2. **Expert Reports**. Plaintiffs shall submit expert
reports to defendants on or before **December 28, 2001.**
Defendants shall submit expert reports to plaintiffs on or
before **January 30, 2002.** Any supplements to reports shall be
submitted to opposing parties on or before **February 15, 2002.**

AO 72A
(Rev.8/82)

3. **Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **November 30, 2001**.

The maximum number of depositions per side shall be ten (10); the maximum number of interrogatories per side shall be forty (40); the maximum number of document production requests per side shall be thirty (30); and the maximum number of requests for admissions per side shall be twenty-five (25).

4. **Consent**. On or before **November 30, 2001**, counsel for the plaintiffs shall file either a consent form, signed by both counsel, consenting to proceed under 28 U.S.C. § 636(c) before the magistrate judge, or a statement that there is not mutual consent to proceed before the magistrate judge to trial. In the latter case, the pretrial conference date and trial date established herein shall not apply unless adopted by Judge Rambo. The case in said event shall be listed for trial before Judge Rambo.

5. **Dispositive Motions**. Any dispositive motion shall be filed, as well as the supporting brief, on or before **December 31, 2001**.

2

AO 72A
(Rev.8/82)

6.  **Motions in Limine**.  No motions in limine shall be filed after **March 1, 2002** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

7.  **Settlement Conference and Pretrial Conference**.

    (a)  At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.  An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless extraordinary circumstances are shown to warrant an exception.

    (b)  This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiffs to initiate the holding of the conference or of the defendants to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

AO 72A
(Rev.8/82)

**(c)** Each party shall file a pretrial memorandum in conformity with the Rules of Court, M.D.Pa. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed.R.Civ.P. 16(f).

**(d)** A final pretrial conference and settlement conference shall be held on **March 21, 2002, at 9:00 a.m.**, in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983. At the pretrial conference, counsel for the plaintiffs shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendants shall be required to identify any legal defenses they expect to make. It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them

before trial.  Settlement will also be discussed at the pretrial conference.  A separate settlement conference will be set upon the request of a party.

8.  **Jury Selection and Trial**.  If the parties consent to proceed before a magistrate judge, the trial of this case shall begin with jury selection at **9:30 a.m., on April 1, 2002**, in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

Counsel shall file proposed jury instructions in conformity with Local Rule 51.  If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial.  If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial.  Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.  Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch

break, if its use is anticipated in the afternoon. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

    9. **Case Management Track**. This case is on the complex track.

The court will, in the absence of extraordinary circumstances, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when extraordinary circumstances arise and application is timely made.

                                                                     */s/ J. Andrew Smyser*
                                                                     J. Andrew Smyser
                                                                     Magistrate Judge

Dated: February 16, 2001.

AO 72A (Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 16, 2001

Re: 1:00-cv-01639    Perkey v. Reliable Carriers, I

True and correct copies of the attached were mailed by the clerk
to the following:

Marcus A. McKnight III, Esq.
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA   17013

Mark D. Schwartz, Esq.
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA   17013

E. Ralph Godfrey, Esq.
Metzger Wickersham Knauss & Erb, PC
PUB 5300
3211 N. Front St.
Harrisburg, PA   17110-0300

Edward E. Knauss IV, Esq.
Metzger Wickersham Knauss & Erb, PC
3211 North Front Street
P.O. Box 5300
Harrisburg, PA   17110-0300

```
cc:
Judge                          (✓)           ( ) Pro Se Law Clerk
Magistrate Judge               (✓)           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              (✓)
Ct Reporter                    (✓)
Ctroom Deputy                  (✓)
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
```

```
Standard Order 93-5        ( )        U.S. Marshal ( )     Pltf's Attorney ( )
Order to Show Cause        ( )   with Petition attached & mailed certified mail
                                 to:  US Atty Gen   ( )    PA Atty Gen     ( )
                                      DA of County  ( )    Respondents     ( )
Bankruptcy Court           ( )
Other_____ ( )
                                                       MARY E. D'ANDREA, Clerk

DATE:   2/14/01                              BY:  _____
                                                     Deputy Clerk
```