ORIGINAL

**METZGER, WICKERSHAM, KNAUSS & ERB, P.C.**
BY: E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorney for Defendants

FILED
HARRISBURG, PA
FEB 07 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and
THERESA M. PERKEY,
    Plaintiffs

v.

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN and
KENT,
    Defendants

CIVIL ACTION NO. 1:CV-00-1639

JURY TRIAL DEMANDED

## JOINT STATUS REPORT

AND NOW, Plaintiffs, John D. Perkey and Theresa M. Perkey, by and through their attorneys, Irwin, McKnight & Hughes, and Defendants, Reliable Carriers, Inc., and Daniel Joseph Bemben, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C., file this Joint Status Report stating:

Since the issuance of the Stay by this Honorable Court on October 26, 2001, this matter was transferred from Reliance Insurance Company to the Pennsylvania Property and Casualty Insurance Guaranty Association ("PIGA"). PIGA then determined that the Michigan Property

*Document #: 226999.1*

and Casualty Guaranty Association was the appropriate governmental entity to handle this claim since the policy was written in Michigan for a Michigan Corporation.

The Michigan Property and Casualty Guaranty Association has requested, on comity grounds, that courts outside of Michigan stay any suit in which Reliance is obligated to defend until April 3, 2002. The Michigan Property and Casualty Guaranty Association's request is based upon Section 500.7945 of the Michigan Compiled Laws Annotated.

Section 500.7945 of the Michigan Compiled Laws Annotated stays matters in Michigan in which the insolvent insurer is a party or in which the insurer is obligated to defend or has assumed the defense of a party for 6 months from the date the receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit proper defense of all pending causes of action. (A copy of Section 500.7945 of the Michigan Compiled Laws Annotated is attached hereto as Exhibit "A"). Based upon the Michigan Property and Casualty Association's request that the stay be extended, Defendants, with concurrence of Plaintiffs' counsel, filed a Motion to Extend the Stay on February 6, 2002, requesting that the stay be extend until April 3, 2002.

In light of Reliance Insurance Company's insolvency and the possibility of an offset by the Michigan Property and Casualty Guaranty Association, Plaintiffs have sought uninsured motorist coverage from their personal carrier. Unfortunately, Plaintiffs' personal insurance carrier may deny coverage since the Plaintiff was in a commercial vehicle. The additional time will allow the parties to determine the availability of uninsured motorist coverage and the applicability of the offset.

Document #: 226999.1

Following the expiration of the time period for the extended stay, the parties would respectfully request that they be allowed to file an Amended Joint Case Management Plan. The parties would also respectfully request that this Honorable Court schedule a status conference.

Respectfully Submitted,

IRWIN, McKNIGHT & HUGHES

Dated: February 7, 2002

Marcus A. McKnight, III, Esquire
Mark D. Schwartz, Esquire
60 West Pomfret Street
Carlisle, PA 17013
717/249-2353

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

Dated: 2/7/02

Edward E. Knauss, IV, Esquire
E. Ralph Godfrey, Esquire
3211 North Front Street
Harrisburg, PA 17110
717/238-8187

- 3 -

Document #: 226999.1