**METZGER, WICKERSHAM, KNAUSS & ERB, P.C.**
BY: E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorney for Defendants,
Reliable Carriers, Inc.,
and Daniel Joseph Bemben

FILED
HARRISBURG, PA
FEB 0 7 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and
THERESA M. PERKEY,
:                 Plaintiffs
:
:                 CIVIL ACTION NO. 1:CV-00-1639
v.                :
:
RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN and
KENT,
:                 Defendants       :     JURY TRIAL DEMANDED

**DEFENDANTS RELIABLE CARRIERS, INC., AND
DANIEL JOSEPH BEMBEN'S MOTION FOR EXTENSION OF THE STAY**

AND NOW, Defendants, Reliable Carriers, Inc., and Daniel Joseph Bemben, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C., file this Motion for Extension of the Stay and in support thereof aver as follows:

1.  Defendants, Reliable Carriers, Inc., and Daniel Joseph Bemben, are insureds of Reliance Insurance Company.

2.  On October 3, 2001, the Commonwealth Court of Pennsylvania in the matter of M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Reliance Insurance Company, No. 269 M.D. 2001, entered an Order of Liquidation.

Document #: 218146.1

3. On October 26, 2001, Defendants' Motion for Stay was granted and this case was stayed for 90 days.

4. Following the issuance of the stay and the transfer of the file from Reliance Insurance Company to Pennsylvania Property and Casualty Insurance Guaranty Association ("PIGA"), it was determined that the Michigan Property and Casualty Guaranty Association is the appropriate governmental entity to handle the claims against Reliance insureds for policies written in Michigan.

5. Section 500.7945 of the Michigan Compiled Laws Annotated stays matters in Michigan in which the insolvent insurer is a party or in which the insurer is obligated to defend or has assumed the defense of a party for 6 months from the date the receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit proper defense of all pending causes of action. (A copy of Section 500.7945 of the Michigan Compiled Laws Annotated is attached hereto as Exhibit "A").

6. Although not binding on this Honorable Court, the Michigan Property and Casualty Guaranty Association has requested, on comity grounds, that courts outside of Michigan stay any suit in which Reliance is obligated to defend until April 3, 2002.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order extending the stay in this matter until April 3, 2002.

Respectfully submitted,

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By _____
E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorneys for Defendants,
Reliable Carriers, Inc., and
Daniel Joseph Bemben

Dated: 2/6/01

*Document #: 226958.1*

## CERTIFICATE OF CONCURRENCE

I, E. Ralph Godfrey, Esquire, attorney for Defendants, Reliable Carriers, Inc., and Daniel Joseph Bemben, hereby certify that I have contacted, Mark D. Schwartz, Esquire, counsel for Plaintiffs, and he does concur with the Motion for Extension of the Stay.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By _____
E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorneys for Defendants,
Reliable Carriers, Inc., and
Daniel Joseph Bemben

Dated: 2/6/02

*Document #: 218146.1*

Exhibit A

MI ST 500.7945  
M.C.L.A. 500.7945

Page 1

MICHIGAN COMPILED LAWS ANNOTATED  
CHAPTER 500. **INSURANCE** CODE OF 1956  
THE **INSURANCE** CODE OF 1956  
CHAPTER 79. PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT

Copr. © West Group 2001. All rights reserved.

Current through P.A. 2001, No. 176  
of the 2001 Regular Session, 91st Legislature

500.7945. **Stay** of pending proceedings, appointment of receiver for **insolvent** insurer

Sec. 7945. All proceedings in any court of law of this state to which the **insolvent** insurer is a party, or in which the insurer is obligated to defend or has assumed the defense of a party, shall be **stayed** for 6 months after the date a receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit proper defense of all pending causes of action.

CREDIT(S)

1993 Main Volume

Amended by P.A.1980, No. 41, § 1, Imd. Eff. March 17, 1980.

< General Materials (GM) - References, Annotations, or Tables >

HISTORICAL AND STATUTORY NOTES

1993 Main Volume

Source:  
P.A.1956, No. 218, § 7945, added by P.A.1969, No. 277, § 1, Imd. Eff.  
Aug. 11, 1969.  
C.L.1948, § 500.7945.  
C.L.1970, § 500.7945.

The 1980 amendment inserted ", or in which the insurer is obligated to defend or has assumed the defense of a party,", and substituted "6 months after" for "a period of 60 days from" and ", and for any additional time as determined by the court which has jurisdiction over those proceedings" for "in this state or in the state of domicile of the insurer".

NOTES OF DECISIONS

Appointment of receiver 2  
   Court of law 3  
Purpose of law 1

1. Purpose of law

Purpose of statute providing that all proceedings to which insolvent insurer is a party shall be stayed for six months after date receiver is appointed is to provide successor of insolvent and liquidated insurer, not the insurer, with sufficient time to prepare a proper defense. Young v. Shull (1986) 385 N.W.2d 789, 149 Mich.App. 367.

2. Appointment of receiver

Order of liquidation appointing receiver to take possession and control of **insolvent** insurer did not become final until date on which State Supreme Court issued its mandate denying **insolvent**

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

MI ST 500.7945

Page 2

**insurer's** leave to appeal, and thus, judgment of default against insurer entered within the following six months had to be set aside pursuant to statute providing that all proceedings to which **insolvent** insurer is a party shall be **stayed** for six months after date receiver is appointed. Young v. Shull (1986) 385 N.W.2d 789, 149 Mich.App. 367.

3. Court of law

Bureau of Workers' Disability Compensation was not "court of law" for purposes of this section providing six-month **stay** of actions in court of law from date of appointment of receiver for any **insolvent** insurer which is party or which is obliged to defend. Yeager v. Booby Trap Lounge (1988) 429 N.W.2d 620, 171 Mich.App. 185, appeal denied.

M. C. L. A. 500.7945

MI ST 500.7945

END OF DOCUMENT

## CERTIFICATE OF SERVICE

AND NOW, this 6th day of February, 2002, I, E. Ralph Godfrey, Esquire, of Metzger, Wickersham, Knauss & Erb, P.C., attorneys for Defendants, Reliable Carriers, Inc., and Daniel Joseph Bemben, hereby certify that I served a copy of the within Defendants Reliable Carriers, Inc., and Daniel Joseph Bemben's Motion for Extension of the Stay this day by depositing the same in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to:

>Marcus A. McKnight, III, Esquire
>Irwin, McKnight & Hughes
>West Pomfret Professional Building
>60 West Pomfret Street
>Carlisle, PA 17013-3222

E. Ralph Godfrey, Esquire

*Document #: 218146.1*