# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and<br>THERESA M. PERKEY,<br>    Plaintiffs<br><br>    v.<br><br>RELIABLE CARRIERS, INC.,<br>DANIEL JOSEPH BEMBEN and<br>KENT,<br>    Defendants | :<br>:<br>:<br>:   CIVIL ACTION NO. 1:CV-00-1639<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JURY TRIAL DEMANDED |

### AMENDED JOINT CASE MANAGEMENT PLAN

FILED
HARRISBURG

MAR 15 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

1. **Principal Issues**

1.10    Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

On or about September 15, 1998, at approximately 6:10 a.m., Plaintiff, John D. Perkey, was lawfully operating his tractor trailer on I-76 (Pennsylvania Turnpike) near milepost 37.7 traveling eastbound. The Defendant, Daniel Joseph Bemben, was also traveling east on I-76 ahead of the Plaintiff, when he was informed on his CB Radio by another truck that his left rear axle was on fire. Subsequently, before being able to pull his trailer off the highway, the left front trailer wheels broke off the axle of Defendant's tractor trailer. The wheels of Defendant's tractor trailer which had broken off continued to roll eastbound along I-76. Plaintiff, John D. Perkey, suddenly encountered the wheel on the highway on the right-hand lane of travel. Plaintiff was unable to avoid striking the wheel and the impact between the Plaintiff's tractor trailer and the wheel on the highway caused Plaintiff's right front wheel to break off causing the Plaintiff's tractor trailer to veer off the highway and crash into a hill on the side of the berm. As a result of the accident, Plaintiff, John D. Perkey, suffered severe injuries to his neck, back, left knee and right shoulder. These injuries are permanent and have resulted in Mr. Perkey being unable to work since the accident. The Defendants are liable to the Plaintiff for their action in negligently operating and maintaining an unsafe vehicle which resulted in and caused the accident which injured the Plaintiff.

By defendant(s):

On or about September 15, 1998, Defendant, Reliable Carriers, Inc., owned a trailer which was being hauled by Defendant Daniel Joseph Bemben, who was under dispatch and traveling in

*Document #: 229627.1*

Allegheny County, Pennsylvania, on the Pennsylvania Turnpike. Through no negligence of the Defendants, the trailer wheels broke off the axle and continued to roll eastbound down the turnpike beyond the area where the Defendant pulled his vehicle to the berm of the road. It is believed and therefore averred that Plaintiff then struck the wheels that had broken off the axle.

The principal *factual* issues that the parties
    *dispute* are:
        1.11    Actions of Defendant.
        1.12    The manner and cause in which the wheels broke off the axle.
        1.13    The nature and extent of the injuries.
        1.14    The cause of the Plaintiff's injuries.
        1.15    The manner in which Plaintiff struck the wheels and cause of Plaintiff's striking the wheels.
        1.16    The nature and extent of Plaintiff's income loss.
        1.17    The parties reserve the right to raise other factual issues in dispute as discovery continues.
    *agree upon* are:
        1.21    The date of the accident.
        1.22    The location of the accident.
        1.23    The parties involved.
        1.24    Agency

1.30    The principal *legal* issues that the parties
    *dispute* are:
        1.31    Causation of the accident and Plaintiff's injuries.
        1.32    Negligence of Defendant.
        1.33    Contributing negligence of Plaintiff.
        1.34    Comparative negligence of the Plaintiff.
        1.35    Impairment of earning capacity of Plaintiff.
        1.36    Theresa M. Perkey's claim for loss of consortium.
        1.37    Damages of Plaintiff.
        1.38    The parties reserve the right to raise other legal issues in dispute as discovery continues.

1.40    The principal legal issues that the parties agree upon:
None.

1.50    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:
Plaintiff has attempted service over Kent. To date, service has not been effectuated.

1.60    Identify any named parties that have not yet been served:
Kent.

Document #197360

1.70 Identify any additional parties that
Plaintiff intends to join:
None.

Defendant(s) intend to join:
Defendants intend to join the manufacturer of the trailer if and when it is determined that the manufacturer is someone other than Defendant Kent. Defendants reserve the right to join additional parties as developed through discovery.

1.80 Identify any additional claims that
Plaintiff(s) intends to add:
None at this time.

Defendant(s) intends to add:
None other than the above.

**2.0 Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.
None.

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:
Not applicable.

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:
Not applicable.

**3.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:   _x_ yes   ___ no

If all parties agree to proceed before a magistrate judgment, please indicate below which location is desired for the proceeding:

    ____ Scranton
    ____ Wilkes-Barre
    _x_ Harrisburg

Document #197360

**4.0    Disclosures**

4.101   Disclosed by Plaintiffs:

| | Name | Title/Position |
|---|---|---|
| 4.102 | Trooper Eric Valentine | PA State Trooper |
| 4.103 | Dr. John Rychak | Orthopedic Surgeon |
| 4.104 | Yet to be determined | Accident Reconstructionist |
| 4.105 | Yet to be determined | Vocational Expert/Economist |

4.151   Disclosed by Defendants:

| | Name | Title/Position |
|---|---|---|
| 4.152 | Trooper Eric Valentine | PA State Trooper |
| 4.153 | Roc A. Nelson | Owner/Operator |
| 4.154 | Fred Purol | Manager/Reliable |
| 4.155 | Yet to be determined | Orthopedic Surgeon |
| 4.156 | Yet to be determined | Accident Reconstructionist |
| 4.157 | Yet to be determined | Vocational Expert/Economist |
| 4.158 | Yet to be determined | Engineer |

Witnesses may include some or all of those disclosed by Plaintiffs, some of whom may be called as of cross-examination. Defendants reserve the right to supplement this answer.

4.200   Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201   Categories of documents disclosed by Plaintiffs:
None at this time.

4.251   Categories of documents disclosed by Defendant:
None at this time.

4.300   *Additional Documents Disclosures*: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents.

    4.301   Medical records / bills.
    4.302   Medical report - Dr. Rychak.
    4.303   Police report.
    4.304   First Party Benefit File.
    4.305   Additional categories of documents Plaintiffs will disclose.
    4.306   Tax Records.
    4.307   Employment Records.

4.351   Additional categories of documents Defendants will disclose:
    4.352   Discoverable portions of claim file.
    4.353   Witness statements.

Document #197360

    4.354   Expert reports.
    4.355   Medical records.
    4.356   Defendant's personnel file.
    4.357   Insurance policy.
    4.358   Photographs.

4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401   Plaintiff's calculation of damages: Lost wage claim and medical bills.
    4.402   Defendant's calculation of offset: Any first party medical and/or wage benefits paid. Defendant is entitled to a set off as provided by the Michigan Property & Casualty Guaranty Act.
    4.403   N/A.

## 5.0 Motions

Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation.
Motion for Summary Judgment on some or all of the issues.
Motion in Limine.

## 6.0 Discovery

6.100   Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s): None.
By Defendant(s): Written discovery previously sent to Plaintiffs has been answered.

6.200   Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Depositions of: Parties, witnesses, police officer, and health care providers listed now or in the course of further discovery will be taken regarding the nature of the accident and injuries/damages.

6.300   Describe any *discovery* that one or more parties want(s) to conduct but *to which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:
None.

Document #197360

6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:
None.

6.500 For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff(s) and by Defendant(s)):

    6.501 depositions (excluding experts) to be taken by:
        plaintiff(s): __5-10__     defendant(s): __5-10__
    6.502 interrogatories to be served by:
        plaintiff(s): __40__     defendant(s): __40__
    6.503 document production requests to served by:
        plaintiff(s): __30__     defendant(s): __30__
    6.504 requests for admission to be served by:
        plaintiff(s): __25__     defendant(s): __25__

6.600 All discovery commenced in time to be completed by:
September 30, 2002

6.700 Reports from retained experts due:
October 31, 2002     Plaintiff
November 30, 2002    Defendant

6.800 Supplementations due:
December 15, 2002

**7.0 Protective Order**
N/A.

**8.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

| Defendants | Plaintiffs |
|---|---|
| Dan Donovan | John D. Perkey |
| Associated Claim & Investigative Service, Inc. | Theresa M. Perkey |
| 17344 W 12 Mile Road | 328 Pine Grove Road |
| South Field, MI 48076 | Gardners, PA 17324 |

Document #197360

**9.0   Scheduling**

   9.1   This case may be appropriate for trial in approximately:
         270 days from the lifting of the stay in this matter

   9.2   Suggested Date for Trial:
         January, 2003

   9.3   Suggested Date for the final Pretrial Conference:
         November 2002

   9.4   Final date for joining additional parties:
         July 2002

   9.5   Final date for amending pleadings:
         Plaintiff(s)     June 30, 2002
         Defendant(s)   June 30, 2002

   9.6   All potentially dispositive motions should be filed by:
         November 30, 2002

**10.0   Other Matters**

   Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

   As indicated in Paragraph 4.402 above, the Defendant may be entitled to a set off as provided by the Michigan Property and Casualty Guarantee Act. During the period of the stay as requested by Defendants pursuant to the request of the Michigan Property and Casualty Association, Plaintiff has been working with the underinsured carrier, Prudential Insurance Company, to determine their position on availability of coverage for Plaintiff's claim. Prudential continues to indicate that they may not agree that said coverage is available due to the fact that Plaintiff was driving a commercial vehicle. If the underinsurance carrier makes a final determination denying coverage, Plaintiff may be required to initiate legal action. We seek the guidance of this Court as to how to handle the potential of concurrent litigation of these matters and how that may effect the scheduling timetables noted above.

   None at this time.

**11.0   Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party.

Dated: 3/15/02

*[signature]*
Marcus A. McKnight, III, Esquire
Mark D. Schwartz, Esquire
IRWIN, McKNIGHT & HUGHES
60 West Pomfret Street
Carlisle, PA 17013
717/249-2353

Dated: 3/15/02

*[signature]*
Edward E. Knauss, IV, Esquire
E. Ralph Godfrey, Esquire
METZGER, WICKERSHAM, KNAUSS & ERB, P.C.
3211 North Front Street
Harrisburg, PA 17110
717/238-8187