UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and
THERESA M. PERKEY,   : CIVIL NO. 1:00-CV-1639
    Petitioners/Plaintiffs
: (MAGISTRATE JUDGE SMYSER)
v.

RELIABLE CARRIERS, INC.
DANIEL JOSEPH BEMBEN,
AND KENT,
    Respondents/Defendants

FILED
HARRISBURG, PA

NOV 27 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PETITION TO AMEND JOINT CASE MANAGEMENT ORDER

1.

The Petitioner is John D. Perkey, the Plaintiff in this action.

2.

The Respondent is Reliable Carriers, Inc., Daniel Joseph Bemben, and Kent.

3.

Counsel for the parties have reviewed the status of Discovery as well as the status of the underinsured motorists cases related to this case, and counsel believes that the changes to the Joint Case Management Plan would be appropriate. The companion cases to this are <u>John D. Perkey and Theresa M. Perkey v. Prudential Property and Casualty Insurance Company</u>, Civil No. 1:02-CV-1594, and <u>Prudential Property and Casualty Insurance Company v. John D. Perkey and Theresa M. Perkey</u>, Civil No. 1:02-CV-0819. The Discovery deadline in those cases is January 15, 2003; Expert Reports deadline of March 20, 2003; Supplements on or before April 21, 2003, and Motions in Limine filed by April 4, 2003. A copy of said Case Management Order is attached hereto and marked as Exhibit "A".

**EXHIBIT A**

cc: JKline; MJSmyser; attys Sheet - McKnight; Sayers; JKennedy; M Jamieskie, UFox; MCampbell (12)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, | : | CIVIL NO. 1:02-CV-0819 |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| JOHN D. PERKEY and THERESA M. PERKEY, | : | FILED HARRISBURG, PA |
| Defendants | : | SEP 23 2002 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

### CASE MANAGEMENT ORDER

Pursuant to a case management conference held on September 20, 2002, **IT IS ORDERED** that:

1. **Expert Reports.** The deadline for the exchange of expert reports is **March 20, 2003**. Any supplements to reports shall be submitted to opposing parties on or before **April 21, 2003**.

2. **Discovery Deadline.** All discovery shall be planned and commenced so as to be completed by **January 15, 2003**. The maximum number of depositions per side shall be ten (10); the maximum number of interrogatories per side shall be forty (40); the maximum number of document production requests

TO: MARCUS H. MCKNIGHT    FR: SCHNSI    #22739 PAGE: 3/8

per side shall be forty (40); and the maximum number of requests for admissions per side shall be forty (40).

3. **Consent**. On or before **January 2, 2003**, counsel for the plaintiff shall file either a consent form, signed by both counsel, consenting to proceed under 28 U.S.C. § 636(c) before the magistrate judge, or a statement that there is not mutual consent to proceed before the magistrate judge to trial. In the latter case, the pretrial conference date and trial date established herein shall not apply unless adopted by Judge Kane. The case in that event shall be listed for trial before Judge Kane.

4. **Dispositive Motions**. Any dispositive motion shall be filed, as well as the supporting brief, on or before **January 29, 2003**.

5. **Motions in Limine**. No motions in limine shall be filed after **April 4, 2003** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

6. <u>**Settlement Conference and Pretrial Conference**</u>.

(a) At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3. An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless good cause is shown to warrant an exception.

(b) This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or of the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(c) Each party shall file a pretrial memorandum in conformity with the Rules of Court, M.D.Pa. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed.R.Civ.P. 16(f). Counsel shall submit as an attachment to their pretrial memoranda a list of any proposed voir dire questions they intend to ask, or have the court ask, during voir dire.

(d) A final pretrial conference and settlement conference shall be held on **April 17, 2003,** in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. The time of the conference will be set by an Order to be entered on or about **March 3, 2003.** Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983. The local rules are also available on the Middle District's website: http://www.pamd.uscourts.gov. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses they expect to make. It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial. Settlement will also be discussed at the

4

pretrial conference. A separate settlement conference will be set upon the request of a party.

7. **Jury Selection and Trial**. If the parties consent to proceed before a magistrate judge, the trial of this case shall begin with jury selection at **9:30 a.m., on May 5, 2003**, in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. The jury selection in this case will follow the jury selection in Civil Nos. 1:01-CV-1748 and 1:02-CV-0204. The trial in this case will follow the trials in these cases.

Counsel shall file proposed jury instructions in conformity with Local Rule 51. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial. Videotape equipment shall be set up in the

5

courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

8. **Case Management Track**. This case is on the standard track.

The court will, in the absence of good cause, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made. Good cause shall be found only when new circumstances have occurred that

6

could not reasonably have been anticipated and that are of an extraordinary nature.

                                               J. Andrew Smyser
                                               Magistrate Judge

Dated: September 23, 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and<br>THERESA M. PERKEY,<br>    Petitioners/Plaintiffs<br><br>v.<br><br>RELIABLE CARRIERS, INC.<br>DANIEL JOSEPH BEMBEN,<br>AND KENT,<br>    Respondents/Defendants | : CIVIL NO. 1:00-CV-1639<br>:<br>: (MAGISTRATE JUDGE SMYSER)<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Marcus A. McKnight, III, Esquire, hereby certify that on this date a true and correct copy of the foregoing document was served upon the attorney for Plaintiffs by first-class United States Mail, postage prepaid in Carlisle, Pennsylvania 17013, addressed as follows:

E. Ralph Godfrey, Esquire
GODFREY & COURTNEY, P.C.
P. O. Box 6280
Harrisburg, PA 17112
    Attorney for Defendant

By: _/s/ Marcus A. McKnight, III_
Marcus A. McKnight, III, Esq.
IRWIN, McKNIGHT & HUGHES
Attorney ID # 70216
Attorney for Plaintiffs
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353

Dated: November 27, 2002