JOHN D. PERKEY and THERESA M.
PERKEY,

              **Plaintiffs**

    vs.

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN  and KENT,
            **Defendants**

:
:
:
:
:
:
:
:
:
:

2-6 CV

CIVIL ACTION NO. 1:CV-00-1639

<u>JURY TRIAL DEMANDED</u>

Magistrate Judge Smyser

**FILED
HARRISBURG**

APR 1 6 2003

MARY E. D'ANDREA, CLER

Per_____

DEPUTY CLERK

## <u>MOTION OF DEFENDANTS RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN FOR SUMMARY JUDGMENT</u>

AND NOW come Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, by and through their attorneys, Godfrey & Courtney, P.C., and states the following:

1.    Plaintiffs began this action by filing a Complaint on September 14, 2000.

2.    Defendant Reliable Carriers, Inc. ("Reliable") and Daniel Joseph Bemben ("Bemben") filed an Answer with Affirmative Defenses denying all liability on January 29, 2001.

3.    On September 15, 1998, at approximately 6:10 a.m., Plaintiff, John D. Perkey, ("Plaintiff") while employed by ABF Freight Co, was operating his tractor trailer on I-76 (Pennsylvania Turnpike) near milepost 37.7 traveling eastbound.

4.    Defendant Bemben was also traveling east on I-76 when his axle caught on fire and the left front trailer wheels broke off the axle.  Plaintiff encountered the wheels on the highway on the right-hand lane of travel.  Plaintiff struck the wheels causing him to veer off the highway and crash.

5.    Plaintiff was in the scope and course of his employment at the time of the accident.

6.    Because the accident occurred in the course and scope of Plaintiff's employment, workers compensation benefits were provided.

7.    Reliable and Bemben were insured at the time of the accident by Reliance Insurance Company ("Reliance").

8.    While Plaintiffs' suit against Reliable and Bemben was pending, Reliance became insolvent, and The Michigan Property and Casualty Guaranty Association ("MPCGA"), the sister association to the Pennsylvania Property and Casualty Guaranty Association ("PIGA"), assumed responsibility.

9.    Both the Michigan and Pennsylvania Statutes for the Guaranty Associations were enacted to avoid financial loss to claimants and policyholders in the event of insolvency of certain property and casualty insurance companies. The specific purposes of the Acts are to "provide a means for the payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay in the payment of such claims and to avoid financial loss to claimants or policy holders as a result of the insolvency of an insurer." 40 P.S. 991.1801.

10.    Both Statutes have a non-duplication of recovery section.

Section 991.1817, Non-duplication of recovery, of the Pennsylvania Statute states in subsection (a) the following:

Any person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under any kind of insurance, whether it is a first-party or third-party claim, and shall include, without limitation, accident and health insurance, worker's compensation, Blue Cross and Blue Shield and all other coverages except for policies of an insolvent insurer. **Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under other insurance.**

40 P.S. Sec. 991.1817(a).

Section 500.7931(3) of the Michigan Complied Laws Annotated states the following:

If damages or benefits are recoverable by a claimant or insured under an insurance policy other than a policy of the insolvent insurer, or from a motor vehicle accident claims fund, or a similar

fund, the damages or benefits recoverable shall be a credit against a covered claim payable under this chapter . . .  An insurer or a fund may not maintain an action against an insured of the insolvent insurer to recover an amount which constitutes a credit against a covered claim under this section.

M.C.L.A. 500.7931.

11.    Where the words of a statute are clear and unambiguous, it is axiomatic that the courts must interpret and construe the statute according to its plain and obvious meaning.  See <u>McClellan v. HMO Pa.</u>, ___ Pa. __, 686 A.2d 801 (1996), <u>Blackwell v. Pa. Ins. Guaranty Association</u>, ___ Pa. Super. ___, 567 A.2d 1103 (1989), citing <u>Philadelphia Housing Authority v. Pennsylvania Labor Relations Board</u>, 508 Pa. 576, 499 A.2d 294 (1985); <u>Garcia v. Community Legal Services Corp.</u>, 362 Pa. Super. 484, 524 A.2d 980 (1987).

12.    The language of the Acts could not be clearer:  A claimant is required to exhaust his right of recovery available under any kind of insurance.

13.    Plaintiffs' recovery of workers compensation or any other type of insurance is therefore subject to the statutory "set off" provided by both the Pennsylvania and Michigan Statutes.

14.    The specific purpose of the Acts, which is designed to protect policyholders such as the Defendants from financial loss, would be circumvented in this case if Plaintiffs were permitted to recover directly from the Defendants any amount, including subrogation, that Plaintiffs could not recover from the Association.

15.    The Michigan Statute expressly states in Section 500.7931(3) that "An insurer or a fund may not maintain an action against an insured of the insolvent insurer to recover an

amount which constitutes a credit against a covered claim under this section." M.C.L.A. 500.7931.

16.     Furthermore, the Pennsylvania Courts have specifically rejected that position in Burke v. Valley Lines, Inc., ___ Pa. Super. ___, 617 A.2d 1335 (1992).  In Burke, the court held that the plaintiff could not recover directly from the individual defendants.  The court concluded that to allow the plaintiff to recover would defeat the legislature's intention to protect the policyholder in the event of insolvency of the insurer.  Id.

17.     Plaintiffs suffer no financial loss if denied the ability to recover this statutory "set off" from the Defendants.

18.     Plaintiffs have already received the benefit of the "set off" money either directly or through the payment of damages by other available insurance.  In fact, plaintiff will have suffered no economic loss from the insolvency.

19.     On the other hand, if Plaintiffs were permitted to recover the amount of the "set off" from the individual Defendants, the Defendants would receive no protection from the insolvency of the insurer and would suffer a substantial financial loss.  Such an affect would significantly negate the specific purpose of the Pennsylvania and Michigan Acts, which are to avoid financial loss to the policyholder.

WHEREFORE, for all of the foregoing reasons, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, respectfully request that this Honorable Court Grant Defendants' Motion for Summary Judgment and issue and order entitling them to a setoff against any verdict in the amount of any insurance, including the workers' compensation payments, paid or payable to Plaintiffs as a result of this accident.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

By: _____
        E. Ralph Godfrey, Esquire
        Attorney ID No.: 77052
        2215 Forest Hills Drive, Suite 36
        P.O. Box 6280
        Harrisburg, PA  17112
        (717) 540-3900

Date:  April  15 , 2003

## CERTIFICATE OF SERVICE

AND NOW, this /5 day of April, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey &

Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben,

hereby certify that I served the foregoing Motion of Defendants Reliable Carriers, Inc. and Daniel

Joseph Bemben for Summary Judgment this day by depositing the same in the United States mail,

postage prepaid, in Harrisburg, Pennsylvania, addressed to:

      Marcus McKnight, Esquire
      Mark D. Schwartz, Esquire
      Irwin, McKnight & Hughes
      60 West Pomfret Street
      Carlisle, PA 17013

             E. Ralph Godfrey