2-*cv*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO. 1:CV-00-1639 |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., | : | |
| DANIEL JOSEPH BEMBEN and KENT, | : | |
| Defendants | : | |
| | : | |

**FILED**
**HARRISBURG**

APR 1 5 2003

MARY E. D'ANDREA, CLER
Per _____
DEPUTY CLERK

## BRIEF OF DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.   PROCEDURAL HISTORY

Plaintiffs began this action by filing a Complaint on September 14, 2000.  Defendant Reliable Carriers, Inc. ("Reliable") and Daniel Joseph Bemben ("Bemben") filed an Answer with Affirmative Defenses denying all liability on January 29, 2001.  A stay was issued in this case until April 3, 2002 because of the insolvency of Reliance Insurance Company.  Following the lifting of the stay, self-executing disclosure materials were thereafter circulated between counsel. All depositions necessary to determine the legal issue raised herein have been completed. With respect to the "set off" provisions raised herein, there are no genuine issues as to any material facts, and Defendants are entitled to summary judgment as a matter of law.  Defendants' Motion for Summary Judgment is currently before this Honorable Court for resolution.

## II.   STATEMENT OF FACTS

On September 15, 1998, at approximately 6:10 a.m., Plaintiff, John D. Perkey, ("Plaintiff") while employed by ABF Freight Co, was operating his tractor-trailer on I-76 (Pennsylvania

Turnpike) near milepost 37.7 traveling eastbound.  See Plaintiff's Complaint as Exhibit "A", para. 9.  Defendant Bemben was also traveling east on I-76 ahead of the Plaintiff when he was informed on his CB Radio by another truck that his left rear axle was on fire.  See Plaintiff's Complaint as Exhibit "A", para. 10.  Subsequently, before being able to stop, the left front trailer wheels broke off the axle of Defendant's tractor-trailer. See Plaintiff's Complaint as Exhibit "A", para. 11.  The wheels continued to roll eastbound along I-76.  See Plaintiff's Complaint as Exhibit "A", para. 11.  Plaintiff encountered the wheels on the highway on the right-hand lane of travel.  Plaintiff struck the wheels causing him to veer off the highway.  See Plaintiff's Complaint as Exhibit "A", paras. 15 & 16. Plaintiff was allegedly injured in the scope and course of his employment. See Workers Compensation Pleading as Exhibit "B".  Defendant Reliable Carriers, Inc owned the trailer. See Deposition Transcript of Daniel Joseph Bemben as Exhibit "F", p.12.  Reliable is a Michigan Company. See Plaintiff's Complaint as Exhibit "A", and Defendants;' Answer as Exhibit "B", para. 3.  Since Plaintiff was injured in the course and scope of his employment, workers compensation benefits were provided to Plaintiff.   See Workers Compensation Pleading as Exhibit "B".   While Plaintiff has not provided Defendants with documentation as to the total amount of workers compensation benefits received, Defendants believe that Plaintiff has received approximately $160,000.00 in benefits.

Reliable and Bemben were insured at the time of the accident by Reliance Insurance Company ("Reliance").  See Reliance Insurance Policy as Exhibit "E".  While Plaintiffs' suit against Reliable and Bemben was pending, Reliance became insolvent, and The Michigan Property and Casualty Guaranty Association ("MPCGA"), the sister association to the Pennsylvania Property

and Casualty Guaranty Association ("PIGA"), assumed responsibility. See Order of Liquidation as

Exhibit "D".

### III.   ISSUES

**A.   WHETHER RELIABLE AND BEMBEN ARE ENTITLED TO A SETOFF IN THE AMOUNT OF THE WORKERS COMPENSATION BENEFITS AND OTHER AVAILABLE INSURANCE?**

[SUGGESTED ANSWER: YES]

**B.   WHETHER THE STATUTORY SET OFF PROVISION APPLIES TO RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN?**

[SUGGESTED ANSWER: YES]

### IV.   ARGUMENT

The Supreme Court of the United States has held that:

Summary judgment is properly regarded, not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'

Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct 2548, 91 L.Ed2d 265 (9186).

The Court further observed in Celotex that:

In our view, the plain language of Rule 56(b) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other factors immaterial.

Id., at 322-23.

Summary judgment is precluded only where Plaintiff can proffer evidence upon which a

jury could reasonably find for Plaintiff on a material factual issue; the existence of a mere

scintilla is insufficient. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-52, 106 S.Ct 2505, 91 L.Ed 2d 201, 202 (1986). The Plaintiff must do more than simply raise some metaphysical doubt as to the facts; a factual issue may be considered genuine only where Plaintiff has presented facts that have real basis in the record. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct 1348, 1356, 89 L.Ed. 2d 538 (1986).

Conclusory allegations, improbable inferences, and unsupported speculation are insufficient to raise a triable issue of fact, and summary judgment is the only appropriate result where no other material evidence is proffered. <u>LeBlanc v. Great American Insurance Co.</u>, 6 F.3d 836, 842 (1st Cir. 1993), citing <u>Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990). Summary judgment may not be defeated by unsupported speculation; the Plaintiff must show the existence of admissible evidence on material facts. <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993); <u>Ash v. United Parcel Service</u>, 800 F.2d 409, 411-12 (4th Cir. 1986).

In this case, Defendants believe that even if all the factual disputes in the record are resolved in Plaintiffs' favor, Defendants are entitled to a setoff in the amount of workers compensation benefits and any other insurance paid to Plaintiffs.

**A. RELIABLE AND BEMBEN ARE ENTITLED TO A SETOFF IN THE AMOUNT OF WORKERS COMPENSATION BENEFITS AND ANY OTHER AVAILABLE INSURANCE.**

In this matter, both the Michigan and Pennsylvania Statutes were enacted to avoid financial loss to claimants and policyholders in the event of insolvency of certain property and

casualty insurance companies.1  The specific purposes of the Acts are to "provide a means for

the payment of covered claims under certain property and casualty insurance policies, to avoid

excessive delay in the payment of such claims and to avoid financial loss to claimants or policy

holders as a result of the insolvency of an insurer."  40 P.S. 991.1801.  Both Statutes have a non-

duplication of recovery section.

Section 991.1817, Non-duplication of recovery, of the Pennsylvania Statute states in

subsection (a) the following:

> Any person having a claim under an insurance policy shall be
> required to exhaust first his right under such policy.  For purposes
> of this section, a claim under an insurance policy shall include a
> claim under any kind of insurance, whether it is a first-party or
> third-party claim, and shall include, without limitation, accident
> and health insurance, worker's compensation, Blue Cross and Blue
> Shield and all other coverages except for policies of an insolvent
> insurer.  **Any amount payable on a covered claim under this act
> shall be reduced by the amount of any recovery under other
> insurance.**

40 P.S. Sec. 991.1817(a).

Section 500.7931(3) of the Michigan Complied Laws Annotated states the following:

> If damages or benefits are recoverable by a claimant or insured
> under an insurance policy other than a policy of the insolvent
> insurer, or from a motor vehicle accident claims fund, or a similar
> fund, the damages or benefits recoverable shall be a credit against
> a covered claim payable under this chapter . . .   An insurer or a
> fund may not maintain an action against an insured of the
> insolvent insurer to recover an amount which constitutes a credit
> against a covered claim under this section.

---

1 As a result of studies which revealed the serious social harm resulting from insurance company insolvencies, the
"State Post-Assessment Insurance Guaranty Association Model Bill" was drafted by the National Association of
Insurance Commissioners.  Pennsylvania's initial version of the Model Bill was 40 P.S. 1701.101 et. seq.  <u>Sands v.
Pa. Ins. Guaranty Ass'n.</u>, ___ Pa. Super.___, 423 A.2d 1224 (1980).  This Act was repealed on December 12, 1994
and replaced with 40 P.S. 991.1801 et. seq.  The Pennsylvania Property and Casualty Insurance Guaranty
Association.

M.C.L.A. 500.7931.

Pursuant to both the Pennsylvania and Michigan Acts, the insolvency of Reliance triggered the provisions of the Act in this case.2  In the case of insolvency, the Association is deemed the insurer with all the insurer rights, duties and obligations.  However, the Fund's limits on liability apply rather than those of the insolvent insurer.  Guttman Oil Co. v. PIGA, 429 Pa. Super. 523, 632 A.2d 1345 (1993), appeal denied 537 Pa. 663, 644 A.2d 1200.  The Acts are not designed to make people whole but to protect insureds and claimants from financial loss.

Where the words of a statute are clear and unambiguous, it is axiomatic that the courts must interpret and construe the statute according to its plain and obvious meaning.  See McClellan v. HMO Pa., ___ Pa. __, 686 A.2d 801 (1996), Blackwell v. Pa. Ins. Guaranty Association, ___ Pa. Super. ___, 567 A.2d 1103 (1989), citing Philadelphia Housing Authority v. Pennsylvania Labor Relations Board, 508 Pa. 576, 499 A.2d 294 (1985); Garcia v. Community Legal Services Corp., 362 Pa. Super. 484, 524 A.2d 980 (1987).  The language of the Acts could not be clearer:  A claimant is required to exhaust his right of recovery available under any kind of insurance.

The examples of coverage, which should first be exhausted, include accident and health insurance, workers compensation, Blue Cross and Blue Shield.  This list is preceded by the phrase "any kind of insurance, whether it is first party or third party claim, and shall include without limitation" and followed by the phrase, "all other coverage" and "any recovery under

---

2 Property and casualty insurance policies are defined as "any contract, including any endorsement, rider, binder (written or oral), cover note, certificate or other instrument of insurance attached or relating thereto, without regard to the nature of the form of the same, which provides any of the overages enumerated in section 202." 40 P.S.

other insurance". No language could be more inclusive.

In <u>McClellan v. HMO PA,</u> ___ Pa. ___, 686 A.2d 801 (1996), the Court addressed the statutory construction doctrine ejusdem generis ("of the same kind or class"). The Court noted "where general words follow the enumeration of particular classes or persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. <u>McClellan V. HMO PA,</u> ___ Pa. ___, 686 A.2d at 806, citing <u>Steele v. Statesman Insurance Company</u>, 530 Pa. 190, 607 A.2d 742 (1992); <u>Summit House Condominium v. Com.</u>, 514 Pa. 221, 523 A.2d 333 (1987).

Pursuant to the rules of statutory construction, one can conclude that "all other coverage" includes any kind of insurance coverage listed in the exceptions to "property and casualty insurance" in 40 P.S. 991.1802, which includes workers compensation. Accordingly, recovery under workers compensation or any other type of insurance is therefore subject to the statutory "set off" provided by both the Pennsylvania and Michigan Statutes.

## B. THE STATUTORY SET OFF PROVISIONS ALSO APPLIES TO RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN.

The specific purpose of the Acts, which is designed to protect policyholders such as the Defendants from financial loss, would be circumvented in this case if Plaintiffs were permitted to recover directly from the Defendants any amount, including subrogation, that Plaintiffs could not recover from the Association. The Michigan Statute expressly states in Section 500.7931(3) that "An insurer or a fund may not maintain an action against an insured of the insolvent insurer to recover an amount which constitutes a credit against a covered claim under this section."

---

991.1802

applied equally to the Defendant policyholders.  Defendants recognize that the protection

of the Acts extends only to the limits of the benefits paid through his workers

compensation and other applicable insurance and no further.  In the event of a verdict in

excess of a defendants' insurance coverage, the Defendants would become personally

liable.

**V.    CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendants Reliable Carriers, Inc. and

Daniel Joseph Bemben, respectfully request that this Honorable Court Grant Defendants' Motion

for Summary Judgment and issue and order entitling them to a setoff against any verdict in the

amount of any insurance, including the workers' compensation payments, paid or payable to

Plaintiffs as a result of this accident.

GODFREY & COURTNEY, P.C.

By _____

E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 6280
Harrisburg, PA 17112-0280
(717) 540-3900

Attorneys for Defendants Reliable Carriers, Inc.,
and Daniel Joseph Bemben

Dated:  4/15/2003

## CERTIFICATE OF SERVICE

AND NOW, this _15_ day of April, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey &

Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben hereby

certify that I served the foregoing Brief of Defendants in Support of their Motion for Summary

Judgment this day by depositing the same in the United States mail, postage prepaid, in Harrisburg,

Pennsylvania, addressed to:

> Marcus McKnight, Esquire
> Mark D. Schwartz, Esquire
> Irwin, McKnight & Hughes
> 60 West Pomfret Street
> Carlisle, PA 17013

E. Ralph Godfrey