2 to CN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and THERESA M.
PERKEY,

        **Plaintiffs**

    **vs.**

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN  and KENT,
        **Defendants**

:    CIVIL ACTION NO. 1:CV-00-1639
:
:
:    JURY TRIAL DEMANDED
:
:
:
:    Magistrate Judge Smyser
:
:
:
:

**FILED**
**HARRISBURG**

APR 1 6 2003

MARY E. D'ANDREA, CLERK
Per_____
          **DEPUTY CLERK**

## DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A.     Plaintiff's Complaint.

B.     Defendant Reliable Carriers, Inc. and Daniel Joseph Bemben's Answer.

C.     Workers Compensation Pleadings of John Perkey.

D.     Order of Liquidation for Reliance Insurance Company.

E.     Reliance Insurance Company's policy issued to Reliable Carriers, Inc. and Daniel Joseph Bemben.

F.     Deposition transcript of Daniel Joseph Bemben

GODFREY & COURTNEY, P.C.

By: _____

E. Ralph Godfrey, Esquire
I.D. No. 77052
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA 17112
(717) 540-3900
Attorneys for Defendants Reliable Carriers, Inc. and
Daniel Joseph Bemben

Date: April 15, 2003

# CERTIFICATE OF SERVICE

AND NOW, this 15 day of April, 2003, I, E. Ralph Godfrey, Esquire , of Godfrey &

Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, hereby

certify that I served the foregoing Documents in Support of Defendants' Motion for Summary

Judgment this day by depositing the same in the United States mail, postage prepaid, in Harrisburg,

Pennsylvania, addressed to:

      Marcus McKnight, Esquire
      Mark D. Schwartz, Esquire
      Irwin,McKnight & Hughes
      60 West Pomfret Street
      Carlisle, PA 17013

               E. Ralph Godfrey

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and
THERESA M. PERKEY,
PLAINTIFFS,

v.

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN and
KENT,
DEFENDANTS.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

**FILED**
HARRISBURG, PA

SEP 1 4 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## COMPLAINT

**AND NOW**, comes the Plaintiffs, John D. Perkey and Theresa Perkey, by and through their attorneys, Irwin, McKnight & Hughes, Esquires, and makes the following complaint against the Defendants, Reliable Carriers, Inc., Daniel Joseph Bemben, as follows:

1.   Plaintiffs, John D. Perkey and Theresa Perkey, are adult individuals residing at 328 Pine Grove Road, Gardners, Cumberland County, Pennsylvania 17324.

2.   A Defendant is Daniel Joseph Bemben, an adult individual residing at 7135 Great Bear Court, Fort Wayne, Indiana 46815, and an agent, servant, workman, and/or employee of the Defendant, Reliable Carriers, Inc.

3.   A Defendant, Reliable Carriers, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Michigan, with a registered address of 41555 Koppernick Drive, Canton, MI 48187.

1

a

4.     A Defendant, Kent, is a manufacturer of trailers with a business address of c/o Reliable Carriers, Inc., 41555 Koppernick Drive, Canton, MI 48187.

5.     Jurisdiction in this Court is proper under 28 U.S.C. Section 1332 (a).

6.     Venue is proper under 28 U.S.C. Section 1391 (c).

7.     The Defendants, Reliable Carriers, Inc., and Kent, trade and conduct business in the Commonwealth of Pennsylvania by means of pick up transportation and delivery of freight from its customers in addition to the use of the highway system.

## COUNT I

**(JOHN D. PERKEY and THERESA M. PERKEY v. DANIEL JOSEPH BEMBEN)**

8.     Paragraphs 1 through 7 inclusive are incorporated herein as though fully set forth below.

9.     On or about September 15, 1998, at approximately 6:10 a.m., the Plaintiff, John D. Perkey, was lawfully operating his tractor-trailer on I-76 (Pennsylvania Turnpike) near milepost 37.7 traveling eastbound.

10.     As the Defendant, Daniel Joseph Bemben, was traveling east on I-76 driving a tractor-trailer for Reliance Carriers, Inc., he was informed on his CB radio by another truck driver that his left rear axle was on fire.

11. After being informed of the problem with his trailer but before pulling his tractor-trailer off the highway, the left front trailer wheels broke off the axle of the Defendant, Daniel Joseph Bemben's tractor-trailer.

12. After the trailer wheels broke off the axle, the Defendant, Daniel Joseph Bemben, then pulled off to the berm of the highway.

13. The wheels of the Defendant's tractor-trailer which had broken off the axle continued to roll eastbound down the turnpike beyond the area where the Defendant pulled his vehicle to the berm of the road.

14. As the Plaintiff, John D. Perkey, was lawfully operating his tractor-trailer on I-76 traveling eastbound he suddenly encountered the wheel on the highway in the right-hand travel lane.

15. The Plaintiff, John D. Perkey, was unable to avoid striking the wheel in the road.

16. The impact between the Plaintiff's tractor-trailer and the wheel on the highway caused the Plaintiff's right front wheel to break off which resulted in the Plaintiff's tractor-trailer veering off the roadway and crashing into a hill at the side of the berm.

17.    As a result of the accident, the Plaintiff, John D. Perkey, suffered severe injuries to his back, neck, left knee and right shoulder.

18.    The accident related injuries sustained by the Plaintiff, John D. Perkey, were caused by the negligence, carelessness and recklessness of the Defendant, Daniel Joseph Bemben.

19.    The actions on the Defendant, Daniel Joseph Bemben, were negligent, careless and reckless in that he:

    a.  failed to keep the tractor-trailer under control;

    b.  failed to operate the tractor-trailer in a safe manner;

    c.  drove a vehicle which was not road worthy nor safe to be driven on the highways of Pennsylvania;

    d.  failed to properly inspect or check his vehicle for any possible safety problems prior to operating the tractor-trailer;

    e.  failed to repair or maintain the tractor-trailer;

    f.  failed to remove the unsafe vehicle from the highway;

    g.  otherwise failing to exercise due and proper care under the circumstances.

20.    The negligent, careless and reckless actions of the Defendant, Daniel Joseph Bemben, are the proximate cause of the injuries to the Plaintiff, John D. Perkey.

21.    Plaintiff, John D. Perkey, seeks compensation for the pain and suffering he has endured since the date of the accident.

22.    Plaintiff, John D. Perkey, has been unable to return to his position as a tractor-trailer driver with his employer ABF Freight Systems, Inc., since the date of the accident due to the injuries that he sustained.

23.    Plaintiff, John D. Perkey, seeks compensation for the medical expenses incurred as a result of the accident as well as the continuing medical expenses which will possible accrue in the future as his need for medical care continues.

24.    The Plaintiff, John D. Perkey, seeks compensation for the wage loss which he has incurred as a result of the injuries suffered in the accident as well as continuing wage loss benefits as he remains unable to return to his prior employment.

25.    The Plaintiff, John D. Perkey, seeks compensation for the permanent injuries he suffered to his back and neck as a result of the accident which have rendered him unable to perform any daily activities and duties which he was able to perform prior to the accident.

26.    The Plaintiff, John D. Perkey, seeks compensation for anticipated surgeries, future wage loss and the continued pain and suffering due to his injuries which resulted from the accident.

5

27.    The Plaintiff, Theresa M. Perkey, seeks compensation for the loss of companionship and society as a consequence of the injuries to her husband, John D. Perkey, caused by the accident.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

## COUNT II

### (JOHN D. PERKEY AND THERESA M. PERKEY v. RELIABLE CARRIERS, INC.)

28.    Paragraphs 1 through 27 inclusive are incorporated herein by reference thereto as though more fully set forth below.

29.    At the time of the accident, Defendant, Daniel Joseph Bemben, was employed by and/or an agent of Defendant, Reliable Carriers, Inc. and was acting in his capacity as its agent in furtherance of the business of said Reliable Carriers, Inc.

30.    The Defendant, Reliable Carriers, Inc., is responsible for the negligent acts of the Defendant, Daniel Joseph Bemben, at the time of the accident since Defendant Bemben was engaged as an agent/workman serving and/or employee in conducting business on behalf of the Defendant Reliable Carriers, Inc.

31.   In addition, Defendant, Reliable Carriers, Inc., was negligent, careless and reckless in that they:

    a.   failed to properly train Defendant, Daniel Joseph Bemben;

    b.   failed to ensure proper operation of the tractor-trailer;

    c.   failed to properly inspect and/or maintain the trailer;

    d.   permitted a trailer which was unsafe and not road worthy to bc operated on the highways of Pennsylvania; and

    e.   otherwise failed to exercise due and proper care under the circumstances.

32.   The negligent, careless and reckless actions of the Defendant, Reliable Carriers, Inc., are the proximate cause of the injuries to Plaintiff, John D. Perkey.

33.   The Plaintiffs, John D. Perkey and Theresa M. Perkey suffered injuries and damages as a result of the accident as pled above and seek compensation for the same.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

## COUNT III

### (JOHN D. PERKEY AND THERESA M. PERKEY v. KENT)

34.   Paragraphs 1 through 33 inclusive are incorporated herein by reference thereto as though more fully set forth below.

35.   The Defendant, Kent, was the manufacturer and/or designer of the trailer for Defendant, Reliable Carriers, Inc., being pulled by the Defendant, Daniel Joseph Bemben's tractor.

36.   Upon information and belief, the accident of September 15, 1998, wherein Plaintiff, John D. Perkey was injured, was caused by the defective nature of the wheel axle assembly and/or brake system on the trailer which defect existed at the time the trailer left the Defendant Kent's care, custody and control, and rendered the trailer unreasonably dangerous for its intended use.

37.   As a result of the defective nature of the wheel axle assembly and/or brake system, Defendant, Kent is strictly liable to Plaintiffs pursuant to Section 402(a) of the Restatement (2nd) of Torts for the following reason:

   a.   failing to properly and adequately design the wheel axle assembly and/or brake system;

   b.   failing to properly and adequately manufacture the wheel axle assembly and/or brake system;

   c.   failing to warn Plaintiff of the dangerous nature of the wheel axle assembly and/or brake system; and

   d.   other defects as become evident through the course of discovery or trial.

8

38.     As a direct result of the defects in the wheel axle assembly and/or brake system, Plaintiffs, John D. Perkey and Theresa M. Perkey, suffered various damages and injuries as pled above some of which may be permanent in nature and seek compensation for the same.

**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

## COUNT IV

### (JOHN D. PERKEY AND THERESA M. PERKEY v. KENT)

39.     Paragraphs 1 through 38 inclusive are incorporated herein by reference thereto as though more fully set forth below.

40.     The Defendant, Kent, was directly responsible for the injuries to Plaintiff due to its negligent, careless and reckless conduct which consisted of the following:

   a.  failing to discover the defect in the wheel axle assembly and/or brake system when Defendant knew or should have known that such a defect existed;

   b.  failing to take steps necessary to repair the wheel axle assembly and/or brake system;

   c.  failing to properly test the wheel axle assembly and/or brake system;

   d.  failing to properly warn of the dangers which could result from the use of the trailer;

   e.  such other negligence which may be discovered through the course of discovery or trial.

9

41.    As a direct result of the negligence, carelessness and recklessness defects in the wheel axle assembly and/or brake system, Plaintiffs, John  D. Perkey and Theresa M. Perkey, suffered various damages and injuries as pled above some of which may be permanent in nature and seek compensation for the same.


**WHEREFORE**, the Plaintiffs, John D. Perkey and Theresa M. Perkey, each seek damages which are in excess of $75,000.00 with the cost of this action and interest as permitted by law.

<div style="margin-left:40%">

Respectfully submitted,

IRWIN, McKNIGHT & HUGHES

By: _____

**Marcus A. McKnight, III, Esquire**
Supreme Court I.D. #:  25476
**Mark D. Schwartz, Esquire**
Supreme Court I.D. #70216
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353
Attorneys for the Plaintiffs,
    John D. Perkey and
    Theresa Perkey

</div>

Date: September  **14** , 2000

# **VERIFICATION**

The foregoing Complaint is based upon information which has been gathered by counsel and myself in the preparation of this action.  I have read the statements made in this document and they are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

JOHN D. PERKEY

Date:__September 14__ 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and THERESA M. PERKEY,
    Plaintiffs

          v.

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN and KENT,
    Defendants

: NO. 1: CV-00-1639
:
:
:
:
:
:
:
:
: JURY TRIAL DEMANDED

FILED
HARRISBURG

JAN 2 9 2001

MARY ___ ___ ___REA, CLERK
DEPUTY CLERK

## ANSWER OF DEFENDANTS RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN TO PLAINTIFFS' COMPLAINT WITH CROSS CLAIM

1.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 and the averments are therefore denied.

2.    Admitted.

3.    Admitted.

4.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4 and the averments are therefore denied.

5.    Admitted.

6.    Admitted.

7.    Admitted in part and denied in part. It is admitted that Defendants Reliable Carriers Inc. conduct business in the Commonwealth of Pennsylvania through transportation delivery of freight. Defendants are without knowledge or information sufficient to form a

*Document #: 192778.1*

/3

belief as to the truth of the remaining averments set forth in paragraph 7 and the averments are therefore denied.

## COUNT I

8.    Defendants incorporate answers from paragraphs 1 through 7 as if set forth in full.

9.    Admitted in part and denied in part.  It is admitted that Plaintiff John D. Perkey was operating his tractor trailer on September 15, 1998 on I 76 near mile post 37.7 at approximately 6:10 a.m.  The remaining averments constitute a conclusion of law to which no answer is required and the remaining averments are therefore denied.

10.    Admitted upon information and belief.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 14 and the averments are therefore denied.  Paragraph 14 also states a conclusion of law to which no answer is required and the averments are therefore denied.

15.    Denied.  The averments in paragraph 15 state a conclusion of law to which no answer is required and the averments are therefore denied.

16.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16 and the averments are therefore denied.

17.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17 and the averments are therefore denied.

18.    Denied.   Paragraph 18 constitutes a conclusion of law to which no answer is required and the averments are therefore denied.

19.    Denied.   The averments of paragraph 19 (a) through (g) constitute conclusions of law to which no answers are required and the averments are therefore denied.

20.    Denied.   The averments of paragraph 20 constitute conclusions of law to which no answer is required and the averments are therefore denied.

21.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 and the averments are therefore denied.

22.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 22 and the averments are therefore denied.

23.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 and the averments are therefore denied.

24.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 24 and the averments are therefore denied.

25.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 and the averments are therefore denied.

26.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 and the averments are therefore denied.

27.     Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 27 and the averments are therefore denied.

WHEREFORE Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demand the Complaint be dismissed and the judgment be entered in their favor with costs.

## COUNT II

28.     Defendants incorporate their answers from paragraphs 1 through 27 as if set forth in full.

29.     Denied.  The averments of paragraph 29 constitute conclusions of law to which no answer is required and the averments are therefore denied.

*Document #: 192778.1*

30. Denied. The averments of paragraph 30 constitute conclusions of law to which no answer is required and the averments are therefore denied.

31. Denied. The averments of paragraph 31 (a) through (e) constitute conclusions of law to which no answer is required and the averments are therefore denied.

32. Denied. The averments of paragraph 32 constitute conclusions of law to which no answer is required and the averments are therefore denied.

33. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33 and the averments are therefore denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands the Complaint be dismissed, and that judgment be entered in their favor with costs.

## COUNT III

34. Defendants incorporate their answers to paragraphs 1 through 33 as if set forth in full.

35. Paragraph 35 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 35 are denied.

36. Paragraph 36 is directed to a Defendant other than answering Defendants and therefore no response is required. To the extent a response is required, the averments of paragraph 36 are denied.

*Document #: 192778.1*

37.     Paragraph 37 is directed to a Defendant other than answering Defendants and therefore no response is required.  To the extent a response is required, the averments of paragraph 37 are denied.

38.     Paragraph 38 is directed to a Defendant other than answering Defendants and therefore no response is required.  To the extent a response is required, the averments of paragraph 38 are denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands that the Complaint against them be dismissed and a judgment be entered in their favor with costs.

## COUNT IV

39.     Defendants incorporate their answers from paragraphs 1 through 38 as if set forth in full.

40.     Paragraph 40 is directed to a Defendant other than answering Defendants and therefore no response is required.  To the extent a response is required, the averments of paragraph 40 are denied.

41.     Paragraph 41 is directed to a Defendant other than answering Defendants and therefore no response is required.  To the extent a response is required, the averments of paragraph 41 are denied.

WHEREFORE, Defendants Reliable Carriers Inc. and Daniel Joseph Bemben demands the Complaint against them be dismissed and that judgment be entered in their favor with costs.

*Document #: 192778.1*

## FIRST AFFIRMATIVE DEFENSE

42.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43.    Plaintiffs' action is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

44.    Plaintiff lacks jurisdiction over Defendants.

## FOURTH AFFIRMATIVE DEFENSE

45.    Plaintiff John D. Perkey was guilty of comparative negligence, which reduces their recovery under the Pennsylvania Comparative Negligence Act.

## FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiff John D. Perkey assumed the risk of any harm he sustained.

## SIXTH AFFIRMATIVE DEFENSE

47.    Any damages recoverable by Plaintiff must be reduced or barred pursuant to the provisions of the Pennsylvania Motor Vehicle Responsibility Law.

## CROSS CLAIM – RELIABLE CARRIERS AND DANIEL JOSEPH BEMBEN v. KENT

48.    Answering Defendants incorporate the averments of Plaintiffs Complaint without adoption or admission for the purposes of this Cross Claim only.

49.    If it is judicially determined that Plaintiffs are entitled to relief, which is specifically denied, the injuries and damages sustained by the Plaintiffs were not the result of the action and/or inaction on the part of Defendants Reliable Carriers, Inc. or Daniel Joseph Bemben, but were due to the action and/or inaction of Defendant Kent.

*Document #: 192778.1*

50.   In the event that it is judicially determined that the Plaintiffs are entitled to relief, which is specifically denied, it is believed and therefore averred that Defendant Kent is liable over to Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben for contribution and/or indemnity with any liability on the part of Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben being specifically denied.

WHEREFORE, answering Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben request this Honorable Court to enter judgment against Plaintiff and in the alternative to hold Cross Claim Defendants liable to answering Defendants for contribution and/or indemnity, any and all liability of answering Defendants being denied.

Respectfully Submitted,

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By _____
Heather L. Harbaugh, Esquire
Attorney I.D. No. 83997
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Date: 1/29/01

## CERTIFICATE OF SERVICE

AND NOW, this 29*th* day of January , 2001, I, Heather L. Harbaugh,

Esquire, of Metzger, Wickersham, Knauss & Erb, P.C., attorneys for Defendants, Reliable

Carriers Inc. and Daniel Joseph Bemben, hereby certify that I served a copy of the within

Answer of Defendants Reliable Carriers Inc and Daniel Joseph Bemben to Plaintiffs'

Complaint with Cross Claim, this day by depositing the same in the United States mail,

postage prepaid, at Harrisburg, Pennsylvania, addressed to:

Mark D. Schwartz, Esquire
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA  17013


Kent
c/o Reliable Carriers, Inc.
41555 Koppernick Road
Canton, MI  48187

Heather L. Harbaugh, Esquire

*Document #: 192778.1*

**NOTICE OF COMPENSATION PAYABLE**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
1171 S. CAMERON STREET, ROOM 103
HARRISBURG, PA 17104-2501
(TOLL FREE) 800-482-2383

**EMPLOYEE SOCIAL SECURITY NUMBER**
197   38   7706

**DATE OF INJURY**
09   15   1998
MONTH   DAY   YEAR

PA BWC CLAIM NUMBER (IF KNOWN)

DATE OF NOTICE
04   19   1999
MONTH   DAY   YEAR

### EMPLOYEE

First Name   John
Last Name   Perkey
Address   328 Pine Grove Rd
Address
City/Town   Gardners   State   PA   Zip   17324
County   Cumberland
Telephone   717   486-5080

### EMPLOYER

Name   ABF Freight System, Inc.
Address   11017 Market Street
Address
City/Town   North Lima   State   OH   Zip   44452
County
Telephone   330   549-3800   FEIN   71-0249444

### INSURER or THIRD PARTY ADMINISTRATOR (if self insured)

Name   ABF Freight System, Inc.
Address   PO Box 10048
Address
City/Town   Fort Smith   State   AR   Zip   72917
Telephone   501   494-6802   Bureau Code   840
County   Sebastian
Claim #   ABF981298   FEIN   71-0249444

### INJURY INFORMATION

Body Part(s) affected   **right shoulder**
Type of Injury   **impingement syndrome**
Description of Injury   **aggravation of pre-existing impingement syndrome with degenerative joint disease of the right AC joint and subacromial impingement.**
Check if Occupational Disease

NOTICE TO EMPLOYER: This Notice should be clearly completed, (preferably typed) and mailed to the Bureau at the address in the upper left corner. A copy must be sent to the injured employee with the first payment of compensation.
NOTICE TO EMPLOYEE: If any questions arise regarding these payments, contact the representative named at the bottom of this Notice. If you cannot resolve a problem with the employer representative, you may call the Bureau at 800-482-2383.

Compensation is payable as follows:

1. Weekly compensation rate $   561   00   Based on an average weekly wage of $   1321   41
   MONTH   DAY   YEAR

   (Compensation is not payable for first 7 days unless the disability extends 13 days; n benefits are payable from the first day.)

2. Payments begin on   09   16   1999
   MONTH   DAY   YEAR

3. Date first check mailed   04   20   1999

   If the date exceeds the 21-Day Rule, check this box X and explain on back of this

4. Payments will hereafter be made:   Weekly XX   Biweekly   Other (Specify):
   until employee returns to work without loss of income or disability otherwise ceases or changes. HOWEVER, any termination or modification of these payments must be by agreement or final receipt, Order of Departmental Judge or Workers' Compensation Appeal Board, or as otherwise provided in R and Regulations of the Department, or as provided under Section 306(c).

5. If injury involves loss under Section 306(c) (except for disfigurement of the head, face or neck) and employee has returned to work, complete the following information:

   (a) Compensation is payable for _____ weeks _____ days for loss or loss of use of _____
       MONTH   DAY   YEAR

   (b) Employee returned to work without loss of income on _____

   (c) Healing period payable for _____ weeks _____ days (Up to (b) above and subject to 7-day waiting period)

   (d) Total (a) and (c) payable _____ weeks _____ days.

   (e) Credit taken for disability benefits paid $ _____

495 1197-1

Name of Claims Representative   Tammy Kaelin   Phone Number   501   494-6802

Signature of Claims Representative

## 6. Remarks

Benefits were originally paid in Ohio.  Employee did not file the claim in Pennsylvania until 12-7-98.  It was then denied, but we have now accepted the claim as outlined on the previous page.

Any individual filing misleading or incomplete information knowingly and with intent to defraud is in violation of Section 1102 of the Pennsylvania Workers' Compensation Act and may also be subject to criminal and civil penalties through Pennsylvania Act 165.

LIBC - 495 REV 11-97

Case 1:00-cv-01639-JAG   A2   Filed 04/15/2003   Page 25 of 57

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
1171 S. CAMERON STREET, ROOM 103
HARRISBURG, PA 17104-2501
(TOLL FREE) 800-482-2383

# EMPLOYER'S REPORT OF OCCUPATIONAL INJURY OR DISEASE

**EMPLOYEE SOCIAL SECURITY NUMBER**
197  38  7706

**DATE OF INJURY**
| MONTH | DAY | YEAR |
|-------|-----|------|
| 09 | 15 | 1998 |

**EMPLOYEE FIRST NAME**
John

**EMPLOYEE LAST NAME**
Perkey

**STREET ADDRESS**
328 Pine Grove Rd

**CITY**
Gardners

**STATE**
PA

**ZIP CODE**
17324

**COUNTY**
Cumberland

**PHONE NUMBER**
717  486  5080

**EMPLOYEE:**
MALE X   MARRIED X
FEMALE   SINGLE

**NUMBER OF DEPENDENTS**

**DATE OF BIRTH**
| MONTH | DAY | YEAR |
|-------|-----|------|
| 10 | 18 | 1948 |

**OCCUPATION OR JOB TITLE**
Road Driver

**NCCI CLASS CODE (IF KNOWN)**

**EMPLOYMENT STATUS**
FT

FT = Full-time
PT = Part-time
SL = Seasonal
VO = Volunteer
ZZ = Other

**EMPLOYER**
ABF Freight System, Inc.

**STREET ADDRESS**
11017 Market Street

**CITY**
North Lima

**STATE**
OH

**ZIP CODE**
44452

**SIC CODE**
4213

**EMPLOYER FEIN**
71-0249444

**PHONE NUMBER**
330  549  3800

**COUNTY**

**FULL PAY FOR DAY OF INJURY?**
YES X
NO

**TIME EMPLOYEE BEGAN WORK**
AM  06  10

**TIME OF OCCURRENCE**
AM
PM

344 1197-1

**LAST DAY WORKED**
| MONTH | DAY | YEAR |
|-------|-----|------|
| 09 | 15 | 1998 |

**DATE DISABILITY BEGAN**
| MONTH | DAY | YEAR |
|-------|-----|------|
| 09 | 16 | 1998 |

**DATE EMPLOYER NOTIFIED**
| MONTH | DAY | YEAR |
|-------|-----|------|
| 09 | 15 | 1998 |

**DATE RETURNED TO WORK**
| MONTH | DAY | YEAR |
|-------|-----|------|
| | | |

**CONTACT FIRST NAME**
Tammy

**CONTACT PHONE NUMBER**
501  494  6802

**CONTACT LAST NAME**
Kaelin

NOTICE: Report should be clearly completed, (preferably typed)
and original mailed to the Bureau at the address in the upper left
corner and a copy to employee and insurer.

| TYPE OF INJURY CODE | PART OF BODY AFFECTED CODE | CAUSE OF INJURY CODE ( ENTER CODES, IF KNOWN) |
|---|---|---|
| 49 | 90 | 77 |

TYPE OF INJURY OR ILLNESS

sprain

PARTS OF BODY AFFECTED

neck and low back

CAUSE OF INJURY

struck set of tandems from another vehicle

| DID INJURY OR ILLNESS OCCUR ON EMPLOYER'S PREMISES? | IF OUT OF STATE, SPECIFY STATE OF INJURY | WERE SAFEGUARDS OR SAFETY EQUIPMENT PROVIDED? | WERE SAFEGUARDS OR SAFETY EQUIPMENT USED? |
|---|---|---|---|
| YES | | YES | YES |
| NO  XX | PA | NO  XX | NO  XX |

ALL EQUIPMENT, MATERIALS, OR CHEMICALS EMPLOYEE WAS USING WHEN ACCIDENT OR ILLNESS EXPOSURE OCCURRED

Truck

HOW INJURY OR ILLNESS/ABNORMAL HEALTH CONDITION OCCURRED. DESCRIBE THE SEQUENCE OF EVENTS AND INCLUDE ANY OBJECTS OR SUBSTANCES DIRECTLY RESPONSIBLE

A set of tandems came off the other vehicle and rolled in front of employee, causing employee to strike the tandems.

IF FATAL, GIVE DATE OF DEATH

MONTH        DAY        YEAR

INITIAL TREATMENT:

NO MEDICAL TREATMENT

MINOR BY EMPLOYEE

X   CLINIC / HOSPITAL

PANEL PHYSICIAN

EMPLOYEE PHYSICIAN

EMERGENCY CARE

HOSPITALIZED MORE THAN 24 HOURS

PHYSICIAN/HEALTH CARE PROVIDER

| FIRST NAME: John | LAST NAME  Rychak | |
|---|---|---|
| STREET  2800 Green St | | |
| CITY  Harrisburg | STATE  PA | ZIP  17110 |

POLICY PERIOD FROM:

| 06 | 01 | 1998 |
|---|---|---|
| MONTH | DAY | YEAR |

HOSPITAL NAME:

| STREET | | |
|---|---|---|
| CITY | STATE | ZIP |

POLICY PERIOD TO:

| 06 | 01 | 1999 |
|---|---|---|
| MONTH | DAY | YEAR |

POLICY/SELF INSURED NUMBER:

840

WITNESS FIRST NAME

WITNESS PHONE NUMBER

WITNESS LAST NAME

PERSON COMPLETING THIS FORM:

NAME:  Tammy Kaelin

TITLE:  Claims Supervisor

PHONE: 501-494-6802

INSURANCE CARRIER OR THIRD PARTY ADMINISTRATOR (IF SELF-INSURED)

NAME  ABF Freight System, Inc.

STREET  PO Box 10048

CITY  Fort Smith        STATE  AR        ZIP  72917

BUREAU CODE:  840        FEIN  71-0249444

DATE PREPARED

| 12 | 22 | 1998 |
|---|---|---|
| MONTH | DAY | YEAR |

344 1197-2

Any individual filing misleading or incomplete information knowingly and with intent to defraud is in violation of Section 1102 of the Pennsylvania Workers' Compensation Act and may also be subject to criminal and civil penalties through Pennsylvania Act 165.

# CLAIM PETITION
# FOR
# WORKERS' COMPENSATION

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
1171 S. CAMERON  STREET, ROOM 103
HARRISBURG, PA 17104-2501
(TOLL FREE) 800-482-2383

**EMPLOYEE SOCIAL SECURITY NUMBER**

1 9 7 3 8   7 7 0 6

**DATE OF INJURY**

0 9   1 5   1 9 9 8
MONTH   DAY   YEAR

**PA BWC CLAIM NUMBER (IF KNOWN)**

## EMPLOYEE

First Name   JOHN D.

Last Name   PERKEY

If Deceased - Dependent or Guardian

First Name

Last Name

Address   328 PINE GROVE ROAD

Address

City/Town   GARDNERS   State   PA   Zip   17324

County   CUMBERLAND

Telephone   717   486-5080

## EMPLOYER

Name   ABF FREIGHT SYSTEMS

Address   P. O. BOX 10048

Address

City/Town   FORT SMITH   State   AR   Zip   72917

County

Telephone   1-800 377-7610   FEIN

VS.   **INSURER or THIRD PARTY ADMINISTRATOR (if self insured)**

Name   ABF FREIGHT SYSTEMS

Address   P. O. BOX 10048

Address

City/Town   FT. SMITH   State   AR   Zip   72917

Telephone   1-800   377-7610   Bureau Code

County

Claim #   FEIN

1. Complete description of injury or illness including all parts of body affected.
NECK, BACK, KNEES AND RIGHT SHOULDER. PAIN IN NECK AND FREQUENT HEADACHES AND TINGLING A[
NUMBNESS IN HANDS. PAIN IN RIGHT SHOULDER, UNABLE TO RAISE ARM. KNEE PAIN IN LEFT KNEE.
LEFT KNEE GIVES OUT. PAIN BETWEEN SHOULDER BLADES AND LOW BACK PAIN. TROUBLE WALKING AN[
SITTING WITH LEG NUMBNESS AND TINGLING WHICH GOES TO FOOT

2. If occupational disease, give the last date of employment   and/or
MONTH   DAY   YEAR

last date of exposure

3. Give date of injury or onset of disease   0 9   1 5   1 9 9 8
MONTH   DAY   YEAR

4. How did the injury or disease happen?   TRUCK ACCIDENT

5. Did injury or disease occur on employer's premises?   Yes X No   Where?  (Be specific.)
EAST BOUND PA PIKE AT 37.7 MILE MARKER IN PA

6. Notice of your injury or disease was served on your employer on   in the
MONTH   DAY   YEAR
following manner:   STATE POLICE CALLED   0 9   1 5   1 9 9 8
DISPATCHER. AFTER PAPERWORK, I CALLED DISPATCHER.

7. What was your job title at the time of injury or disease?

ROAD DRIVER



362 1197-1

LIBC-362  REV 11-97   (OVER)

8. Were you working for more than one employer at the time of your injury?   Yes  x  No  If Yes, list additional employers:

|   |   | MONTH | DAY | YEAR |
|---|---|---|---|---|

9. Did this problem cause you to stop working?  x Yes    No  If Yes, give date.   0  9      1  5      1  9  9  8

10. Are you back to work with the same employer?    Yes  x No  If Yes,    Regular Job    Other Job / Give title.

11. Are you working with another employer?    Yes  x  No  If Yes, give name and address of new employer:

12. What were your wages at the time of injury? $  1  3  1  .  9  .  7  .  1      Hour    Day  x  or Week

13. If you have returned to work since your injury or illness, are you earning    More    Same    Less

than you were at the time of injury?  Current earnings $                Hour    Day    or Week

14. I am seeking payment for (check all that apply):

   x  Loss of wages.

   | | MONTH | DAY | YEAR | | MONTH | DAY | YEAR |
   |---|---|---|---|---|---|---|---|
   | Partial disability from | | | | to | | | |

   | | MONTH | DAY | YEAR | | MONTH | DAY | YEAR |
   |---|---|---|---|---|---|---|---|
   | x Full disability from | 0  9 | 1  5 | 1  9  9  8 | to | | | |

   x  Medical bills (give name of doctor/hospital, address, type of treatment and bill in space below).

   x  Counsel fees to be paid by the employer.

      Loss or loss of use of arm, hand, finger, leg, foot or toe.

      Disfigurement (scars) of head, face, or neck.

      Additional compensation from the Second Injury Fund (due to existence of prior physical disability).

      Loss of sight.

      Loss of hearing.

15. Other _____

16. Is there other pending litigation in this case?  x Yes    No  If Yes, explain below:

PLEASE ENTER MY APPEARANCE FOR PETITIONER:

Attorney Name  MARCUS A. McKNIGHT, III, ESQUIRE

PA Attorney ID Number    25476

Firm Name    IRWIN, McKNIGHT & HUGHES

Address    60 WEST POMFRET STREET

Address

City/Town    CARLISLE        State PA    Zip Code 17013

Telephone    717    249-2353

Date of Petition

1  2      0  7      1  9  9  8
MONTH      DAY        YEAR

A copy of this petition has been sent to the employer.

*John D. Perkey*

Signature

x Employee        Attorney

NOTICE: This Petition must be filled out as fully as possible. The original must be sent to the Bureau of Workers' Compensation, 1171 South Cameron Street, Room 103, Harrisburg, PA 17104-2501. A copy must be sent by you to the employer. Information on the completion of this form may be obtained by calling the Bureau of Workers' Compensation Helpline at 800-482-2383.

Any individual filing misleading or incomplete information knowingly and with intent to defraud is in violation of Section 1102 of the Pennsylvania Workers' Compensation Act and may also be subject to criminal and civil penalties through Pennsylvania Act 165.

362 1197-2

14.   a.    BEEGLEY MEDICAL CENTER
6505 MARKET STREET
YOUNGSTOWN, OHIO  44512

b.    WORK MED
6426 MARKET STREET
YOUNGSTOWN, OHIO  44512

c.    JOHN S. RYCHAK, MD
2800 GREEN STREET
HARRISBURG, PA 17110

d.    ROGER OSTDAHL, MD
920 CENTURY DRIVE
MECHANICSBURG, PA 17055

e.    TRISTAN ASSOCIATES
HERSHEY OFFICE
PARKSIDE PROFESSIONAL CENTER
32 NORTH EAST DRIVE, SUITE 101
HERSHEY, PA 17033

f.    MAGNETIC IMAGING CENTER
4665 TRINDLE ROAD
MECHANICSBURG, PA 17055

Case 1:00-cv-01639-JAS   Document 42   Filed 04/15/2003   Page 30 of 57



U.S. POSTAGE

PB METER
5044536

CARLISLE
DEC-9'98
PA

17104

HARRISBURG

LAW OFFICES
Irwin, Mc Knight & Hughes
60 WEST POMFRET PROFESSIONAL BUILDING
60 WEST POMFRET STREET
CARLISLE, PENNSYLVANIA 17013-3222

BUREAU OF WORKERS' COMPENSATION
1171 SOUTH CAMERON STREET
ROOM 103
HARRISBURG PA 17104-2501

17104-2501  37

Case 1:00-cv-01639-JAS   Document 42   Filed 04/15/2003   Page 31 of 57



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
1171 S. CAMERON STREET ROOM 103
HARRISBURG, PA 17104-2501
(TOLL FREE) 800-482-2383

# STATEMENT OF WAGES
(FOR INJURIES OCCURRING
ON and AFTER JUNE 24, 1996)

494C 1197-1

**EMPLOYEE SOCIAL SECURITY NUMBER**

197   38   7706

**DATE OF INJURY**

| 09 | 15 | 1998 |
|---|---|---|
| MONTH | DAY | YEAR |

PA BWC CLAIM NUMBER (IF KNOWN)

## EMPLOYEE

| | |
|---|---|
| First Name | John |
| Last Name | Perkey |
| Address | 328 Pine Grove Rd |
| Address | |
| City/Town | Gardners   State PA   Zip 17324 |
| County | Cumberland |
| Telephone | 717   486-5080 |

## EMPLOYER

| | |
|---|---|
| Name | ABF Freight System, Inc. |
| Address | 11017 Market Street |
| Address | |
| City/Town | North Lima   State OH   Zip 44452 |
| County | |
| Telephone | 330   549-3800   FEIN 71-0249444 |

THE FOLLOWING WAGE INFORMATION MUST BE COMPLETED IN ACCORDANCE WITH SECTION 309 OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT, THE ORIGINAL ATTACHED TO NOTICE OF COMPENSATION PAYABLE OR AGREEMENT FOR COMPENSATION FOR DISABILITY OR PERMANENT INJURY AND SENT TO THE BUREAU. A COPY IS TO BE SENT TO EMPLOYEE

Computation   Compute the appropriate item below for the employee to determine their average weekly wage.

| | Wages | Weekly Board/Lodging | Weekly Federal Reported Gratuities | Annual Bonus Incentive or Vacation ÷ 52 | Average Weekly Wage |
|---|---|---|---|---|---|
| 1 If wages are fixed by the week: | | + | + | + | = $ |
| 2 If wages are fixed by the month: | x12÷52 + | + | + | + | = $ |
| 3 If wages are fixed by the year: | ÷ 52 + | + | + | + | = $ |

4. If paid in another manner, then complete the following for each of the last four consecutive periods of 13 calendar weeks preceding the in

| | From | To | Wages | Board/Lodging | Federal Reported Gratuities | | Period Weekly Wage |
|---|---|---|---|---|---|---|---|
| 1st Period | 9-14-97 | 12-13-97 | 17490.52 + | + | | ÷ 13 = $ | 1345.42 |
| 2nd Period | 12-14-97 | 3-14-98 | 15045.09 + | + | | ÷ 13 = $ | 1157.31 |
| 3rd Period | 3-15-98 | 6-13-98 | 17301.32 + | + | | ÷ 13 = $ | 1330.87 |
| 4th Period | 6-14-98 | 9-12-98 | 16743.22 + | + | | ÷ 13 = $ | 1287.94 |
| | | | | | (Sum of Three Highest Periods) | = $ | 3964.23 |

Annual Bonus, Incentive and Vacation $ _____ ÷52 = $ _____ (Weekly Bonus, etc.)

Sum of the highest three period weekly averages = $ 3964.23   ÷3 + $ _____ (Weekly Bonus, etc.)   = $ 1321.41 (Average Weekly Wage)

5   If the employee has not been employed by the employer for at least three consecutive periods of 13 calendar weeks in the 52 weeks preceding the injury, use #4 above and put in the wages for any completed period(s) of 13 weeks immediately preceding the injury and average the total amounts . . . . . . . . . . . . . . . . . . . . . . = $

6   If the employee worked less than a complete period of 13 calendar weeks and does not have fixed weekly wages:

hourly wage rate $ _____ x the number of hours the employee was expected to work per week under the terms of

employment _____ = $ _____ + weekly board/lodging of $ _____ + weekly federal reported

gratuities $ _____ + (annual bonus, incentive or vacation pay÷52) $ _____ = average weekly wage . . . . . . . = $

7   For seasonal occupations, the average weekly wage is one-fiftieth of the total wages earned from all occupations during the

12 months immediately preceding the injury. Twelve months prior earnings $ _____ ÷50 = $ _____

+ weekly board/lodging $ _____ + weekly federal reported gratuities $ _____ = average weekly wage . . . . . = $

8   If the calculation in #7 does not fairly ascertain the earnings of the employee, the period of calculation is extended to give a fair calculation of their average weekly wage. Show this calculation here or use the line below to show calculations for multiple employers. (Separate Statement of Wages Attached.) _____ = $

**COMPENSATION PAYABLE: = $ 561.00**   PER WEE

Name of Insurer or Third Party Administrator (If self insured) __ABF Freight System, Inc.__   Bureau Code 840

Name of Employer/Insurer Representative __Tammy Kaelin__   Phone Number 501   494-6802

# INSTRUCTIONS

These instructions are for preparing the *Statement of Wages* Form for injuries and occupational illnesses reported as occurring on or after June 24, 1996. <u>There are significant differences in these new calculation requirements. Please be sure to use the proper form.</u>

This form has been prepared to be self-explanatory and designed for ease of completion.

On this form, you need only use the calculation method appropriate to which the employee is paid.

For all calculation methods, room and board received from the employer and gratuities reported for federal tax purposes are included in determining the average weekly wage. Bonus, incentive or vacation payments earned on an annual basis are divided by 52, and the amount is included in the average weekly wage as if earned from the employer liable for workers' compensation.

In calculating the average weekly wage, do not include amounts deducted by the employer under the contract of hiring for labor furnished or paid for by the employer and necessary for the performance of such contract by the employee, deductions from wages due the employer for rent and supplies necessary for the employee's use in the performance of their work, and employer-paid fringe benefits, including, but not limited to, contributions to a retirement pension, health and welfare, life insurance, social security or any other plan to an employee or their dependents.

The resulting "average weekly wage" is used to determine the amount of weekly compensation wage-loss benefits payable under Section 306 of the Workers' Compensation Act. A chart is available from the Bureau of Workers' Compensation to aid in determining the weekly compensation rate. To receive a copy please call (717) 772-0619.

# ATTENTION

If the employee had more than one employer at the time of injury, a separate *Statement of Wages* Form must be completed for each employer. Submit these forms together. Add the average weekly wages together from all employments affected by the injury and show the appropriate workers' compensation rate on the first form. <u>NOTE</u> : Insurers and self-insured employers will use the information on <u>non-affected</u> continuing employments in determining an adjustment of the weekly workers' compensation rate and report it on the *Agreement For Compensation For Disability or Permanent Injury* or *Supplemental Agreement For Compensation For Disability or Permanent Injury* Form.

Any individual filing misleading or incomplete information knowlingly and with intent to defraud is in violation of Section 1102 of the Pennsylvania Workers' Compensation Act and may also be subject to criminal and civil penalties through Pennsylvania A 165.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,                      :
Insurance Commissioner of the        :
Commonwealth of Pennsylvania,        :
    Plaintiff                :
                                    :
    v.                       :
                                    :
Reliance Insurance Company,          : No. 269 M.D. 2001
    Defendant                :

## ORDER OF LIQUIDATION

      **AND NOW**, this 3rd day of October, 2001, upon consideration of the Petition of M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Rehabilitator of Reliance Insurance Company for Liquidation in accordance with Article V of the Insurance Department Act of 1921, as amended, 40 P.S. §211, et seq. and the Consent thereto, it is hereby **ORDERED** and **DECREED** that said Petition is **GRANTED**.



It is further **ORDERED** and **DECREED** that:

1. The rehabilitation of Reliance Insurance Company ("Reliance" or the "Company") commenced under this Court's Order of May 29, 2001 is hereby **TERMINATED**.

2. Reliance is hereby found to be and is declared **INSOLVENT**, as that term is defined in 40 P.S. §§ 221.3, and as provided in 40 P.S. §§ 221.14(1) and 221.19.

3. Commissioner M. Diane Koken and her successors in office (the "Commissioner") are hereby **APPOINTED** Liquidator of Reliance and the Liquidator or her designees (the "Liquidator") are directed immediately to take possession of Reliance's property, business and affairs as Liquidator, and to liquidate Reliance in accordance with Article V of the Insurance Department Act of 1921, as amended (40 P.S. §§211 et seq.) (the "Act"), and to take such action as the interest of the policyholders, creditors or the public may require.

4. The Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under the Act and other applicable law.

## ASSETS OF THE ESTATE

5. The Commissioner, as Liquidator, is vested with title to all property, assets, contracts and rights of action ("assets") of Reliance, of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition for Liquidation. All assets of Reliance are hereby found to be in custodia legis of this Court; and this

2

Court specifically asserts, to the fullest extent of its authority, (a) in rem jurisdiction over all assets of the Company wherever they may be located and regardless of whether they are held in the name of the Company or any other name; (b) exclusive jurisdiction over all determinations of the validity and amount of claims against Reliance; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against Reliance.

6. The filing or recording of the Order with the clerk of the Commonwealth Court or with the recorder of deeds of the county in which the principal business of Reliance is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

7. All banks, investment bankers, companies, other entities or other persons having in their possession assets which are, or may be, the property of Reliance, shall, unless otherwise instructed by the Liquidator, deliver the possession of the same immediately to the Liquidator, and shall not disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of the same without the prior written consent of, or unless directed in writing by, the Liquidator.

8. All persons and entities are enjoined from disposing of or destroying any records pertaining to any transactions between Reliance and any party.

9. The amount recoverable by the Liquidator from any reinsurer shall not be reduced as a result of this Order of Liquidation,

3

regardless of any provision in a reinsurance contract or other agreement. Payment made directly by the reinsurer to an insured or other creditor of Reliance shall not diminish the reinsurer's obligation to Reliance, except to the extent provided by law.

10.    All agents, brokers, and other persons having sold policies of insurance issued by Reliance shall account for and pay all unearned commissions and all premiums, collected and uncollected, for the benefit of Reliance directly to the Liquidator, within 30 days of notice of this Order. No agent, broker, reinsurance intermediary or other person shall disburse or use monies which come into their possession and are owed to, or are claimed by, Reliance for any purpose other than payment to the Liquidator.

11.    If requested by the Liquidator, all attorneys employed or retained by Reliance or performing legal services for Reliance as of the date of this Order shall, within 30 days of such request, report to the Liquidator the name, company claim number (if applicable) and status of each matter they are handling on behalf of Reliance. Said report shall include the full caption, docket number and name and address of opposing counsel in each case and an accounting of any funds received from or on behalf of Reliance for any purpose and in any capacity.

12.    Any entity furnishing telephone, water, electric, sewage, garbage, delivery, trash removal, or utility services to Reliance shall maintain such service and create a new account for the Liquidator as of the date of this Order upon instruction by the Liquidator.

4

13.     Any entity (including any affiliate of Reliance) which has custody or control of any data processing information and records (including but not limited to source documents, all types of electronically stored information, master tapes or any other recorded information) relating to Reliance, shall transfer custody and control of such records in a form readable by the Liquidator to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

14.     Any entity (including any affiliate of Reliance) furnishing claims processing or data processing services to Reliance shall maintain such services and transfer any such accounts to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

15.     Reliance, its affiliates, and their officers, directors, trustees, employees, consultants, agents, and attorneys, shall: surrender peacefully to the Liquidator the premises where Reliance conducts its business; deliver all keys or access codes thereto and to any safe deposit boxes; advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of Reliance or any password or authorization code or access code required for access to data processing equipment; and shall deliver and surrender peacefully to the Liquidator all of the assets, books, records, files, credit cards, and other property of Reliance in their possession or control, wherever located, and otherwise advise and cooperate with the Liquidator in identifying and locating any of the foregoing.

16.     Except for contracts of insurance and for reinsurance, all executory contracts to which Reliance is a party as of the date of this Order

may be affirmed or disavowed by the Liquidator within 90 days of the date of this Order.

## CONTINUATION AND CANCELLATION OF COVERAGE

17.    All policies and contracts of insurance, whether issued within this Commonwealth or elsewhere, in effect on the date of this Order shall continue in force only with respect to risks in effect at that time, for the lesser of the following:  (a) thirty days from the date of this Order;  (b) until the normal expiration of the policy or contract providing insurance coverage; (c) until the insured has replaced the insurance coverage with equivalent insurance with another insurer or otherwise terminated the policy; or (d) until the Liquidator has effected a transfer of the policy obligation pursuant to Section 221.23(8).   All policies or contracts of insurance issued by Reliance are hereby cancelled and terminated for all purposes effective thirty days from the date of this Order.

## WORKERS COMPENSATION AND PERSONAL INJURY PROTECTION CLAIMS

18.    For a period not to exceed 90 days from entry of this Order, the Liquidator is authorized but not obligated, in her sole discretion, to make arrangements for the continued payment in full of the claims under policies of workers compensation and under policies providing personal injury protection (PIP) by making the facilities, computer systems, books, records and arrangements with third party administrators (to the extent possible) of Reliance available for the processing and payment of such

6

claims, to any affected guaranty association (or other entity that is the functional equivalent) and to states and state officials holding statutory deposits for the benefit of such workers compensation and PIP claimants, provided, however, that such guaranty associations, states or state officials shall provide or make available the funds to make the actual payment of such claims. In circumstances where a guaranty association certifies in writing to the Liquidator that it does not have the immediate ability to fund the payment of workers compensation and PIP claims that are its obligation by law, the Liquidator is authorized to advance the funds, if available, from Reliance to pay such claims on a temporary basis for a period not to exceed 90 days, provided that the guaranty association enters into a written agreement that such advances shall be treated as a distribution pursuant to 40 P.S. §221.36. The Liquidator shall have the discretion to accept such interim assurances as she deems adequate in lieu of a formal agreement.

## NOTICE AND PROCEDURES FOR FILING CLAIMS

19.    The Liquidator shall give notice by first-class mail to all persons which or who may have claims against Reliance, contingent or otherwise, as disclosed by its books and records, and advising claimants to file with the Liquidator their claims together with proper proofs thereof on or before the date (which shall be no earlier than one year from the date of the notice) the Liquidator shall specify therein. The Liquidator shall also cause a notice to be published in newspapers of general circulation where Reliance has its principal places of business, as well as in the national edition of the Wall Street Journal, (a) specifying the last day for the filing of claims; (b) advising all persons of the procedure by which all persons may

present their claims to the Liquidator; (c) advising all persons of the Liquidator's office wherein they may present their claim; and (d) advising all persons of their right to present their claim or claims to the Liquidator. Any and all persons, firms, or corporations having or claiming to have any accounts, debts, claims or demands against Reliance, contingent or otherwise, or claiming any right, title, or interest in any funds or property in the possession of the Liquidator are required to file with the Liquidator at the location designated in the above-described notices, on or before the date specified by the Liquidator as the last date upon which to file a claim (which shall be no earlier than one year from the date of the notice), a properly completed proof of claim or be thereafter barred as claimants against any assets in the hands of the Liquidator, unless a late filing is permitted under 40 P.S. §221.37. No person shall participate in any distribution of the assets of Reliance unless such claims are filed and presented in accordance with and within the time limit established by the Liquidator, subject to the provisions for the late filing of claims in 40 P.S. §221.37.

## EXPENSES, PAYMENTS AND LAWSUITS

20.    Without filing a petition for distribution, the Liquidator shall have the discretion to pay as costs and expenses of administration, pursuant to 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering assets of Reliance and the costs of goods or services provided to and approved by Reliance (In Rehabilitation) or this Court during the period of Rehabilitation and that are unpaid as of the date of this Order. The rights and liabilities of Reliance and of its creditors,

8

policyholders, trustees, shareholders, members, and all other persons interested in this estate shall be determined in accordance with the Act as of the date of the filing of the Petition for Liquidation.

21. Reliance, its affiliates, or their directors, officers, trustees, employees, attorneys, brokers, consultants, agents, insureds, creditors, and any other persons, wherever located, are enjoined from: (a) the transaction of further business; (b) transferring, selling, concealing, terminating, canceling, destroying, disbursing, disposing of or assigning any assets, funds or other property of any nature; (c) any interference, in any manner, with Commissioner M. Diane Koken or her successors, or any of her designees in liquidating Reliance's business and affairs; (d) any waste of Reliance's assets or property; (e) the dissipation and transfer of bank accounts and negotiable instruments; (f) the institution or further prosecution of any actions in law or equity on behalf of or against Reliance; (g) the obtaining of preferences, judgments, attachments, garnishments or liens against Reliance's assets, property and policyholders; (h) the levy of execution process against Reliance and its assets, property and policyholders; (i) the negotiation or execution of any agreement of sale or deed conveying personal or real property for nonpayment of taxes or assessments or for any other purpose; (j) withholding from the Liquidator or her designees or removing, concealing, transferring or destroying books, accounts, documents, policies or policy related documents or other records relating to Reliance's business; (k) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Reliance; (l) attempting to collect unpaid premiums, deductibles

9

or self insured retentions from Reliance's insureds; and (m) the taking of any other action which might lessen the value of Reliance's assets or property, prejudice the rights and interests of policyholders and creditors, or interfere in the administration of the proceeding.

22.    Unless the Liquidator consents thereto in writing, no action at law or equity, or arbitration or mediation, shall be brought against Reliance or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the date of this Order.    All actions, including arbitrations and mediations, currently pending against Reliance in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed. All actions, arbitrations and mediations, against Reliance or the Liquidator shall be submitted and considered as claims in the liquidation proceeding.

23.    All proceedings in which Reliance is obligated to defend a party in any court of this Commonwealth are hereby stayed for ninety (90) days from the date this Order.    The Liquidator, pursuant to 40 P.S. §221.5(a), her designees and/or the Pennsylvania Property and Casualty Insurance Guaranty Association may petition this Court for extensions as needed in the exercise of their respective discretion.    With respect to suits and other proceedings in which Reliance is obligated to defend a party, pending outside the Commonwealth of Pennsylvania and in federal courts of the United States, this Order constitutes the request of this Court for comity in the imposition of a 90-day stay by such courts or tribunals, and that those courts afford this order deference by reason of this Court's responsibility for

and supervisory authority over the rehabilitation of Reliance, as vested in this Court by the Pennsylvania Legislature  The Liquidator is authorized to cooperate in assisting any guaranty association in any jurisdiction to enforce any stay of any action provided for in any relevant law of another state.  Any person that fails to honor a stay ordered by this Court or violates any provision of this Order, where such person has a claim against Reliance, shall have their claim subordinated to all other claims in the same class, with no payment being made with respect to such claim until all others in the same class have been paid in full, in addition to any other remedies available at law or in equity.

24.   No judgment or order against Reliance or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Reliance entered at any time by default or by collusion, need be considered as evidence of liability or quantum of damages by the Liquidator.

25.   No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against Reliance or the Liquidator, or their assets.

26.   All secured creditors or parties, pledges, lienholders, collateral holders or other person claiming secured, priority or preferred interests in any property or assets of Reliance are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach,

dispose of, or exercise, purported rights in or against any property or assets of Reliance except as provided in 40 P.S. §221.43.

27.    All references to "Reliance" herein shall include the former subsidiaries which were previously merged into Reliance Insurance Company with approval of the Commissioner, including Reliance National Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company, Reliance Surety Company, Reliance Universal Insurance Company, United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois.

28.    This Order shall be effective on the date of entry specified above and supercedes this Court's Order of May 29, 2001.

29.    Further, this Order supercedes any order entered by this Court prior to 12:00 noon, October 3, 2001.

The Rehabilitator, through its counsel, is hereby directed to forthwith, serve a copy of this order upon all parties listed on the master service list via fax and/or e-mail and U.S. mail, if necessary. The Rehabilitator, through its counsel, is directed to file with the court in the Office of the Prothonotary, 9th Floor the Widener Building, 1339 Chestnut Street, Philadelphia, PA 19107, by 1:00 p.m. October 9, 2001 an affidavit, that service, as outlined above, has been effectuated.

JAMES GARDNER COLINS, Judge

12

## **CERTIFICATE OF CONCURRENCE**

I, E. Ralph Godfrey, Esquire, attorney for Defendants, Reliable Carriers, Inc., and Daniel

Joseph Bemben, hereby certify that I have contacted , Mark D. Schwartz, Esquire, counsel for

Plaintiffs, and he does concur with the Motion for Stay.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By _____

E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorneys for Defendants,
Reliable Carriers, Inc., and
Daniel Joseph Bemben

Dated: _10/10/01_____

Document #: 218146.1

## CERTIFICATE OF SERVICE

AND NOW, this __//__ day of October, 2001, I, E. Ralph Godfrey , Esquire, of Metzger,

Wickersham, Knauss & Erb, P.C., attorneys for Defendants, Reliable Carriers, Inc., and Daniel

Joseph Bemben, hereby certify that I served a copy of the within Defendants Reliable Carriers,

Inc., and Daniel Joseph Bemben's Motion for Stay this day by depositing the same in the United

States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to:

Marcus A. McKnight, III, Esquire
Irwin, McKnight & Hughes
West Pomfret Professional Building
60 West Pomfret Street
Carlisle, PA 17013-3222

_____
E. Ralph Godfrey, Esquire

Reliance Insurance Company
Philadelphia, PA

LAD CHICAGO

CLAIMS COPY
Effective :

Correction

# COMMON POLICY DECLARATIONS

**Policy Number**
VQ  2829798

**Policy Period**

**From:** 07/01/1998    **To:** 07/01/1999

**Agency Number:** 0200069

**Name of Insured and Address**

RELIABLE CARRIERS, INC.
41555 KOPPERNICK ROAD
CANTON MI 48187

**Agency Name and Address**

LOCKTON COMPANIES INC
7400 STATE LINE RD
PRAIRIE VILLAGE KS 66208

| Policy Period | From 12:01 a.m. standard time on the date shown above at **your** mailing address shown above. |
|---|---|
| Form of Business | ( ) Individual    ( ) Partnership    ( ) Joint Venture    (X) Corporation |
| | ( ) Other: |

In return for the payment of the premium, and subject to all the terms of this policy, we agree with **you** to provide the insurance as stated in this policy.  This policy consists of the following coverage parts for which a premium is indicated.  This premium may be subject to adjustment.

| COVERAGE PART | SEE FORM | DEPOSIT PREMIUM |
|---|---|---|
| Commercial Property | CPBI 70 00 SP | |
| Commercial Inland Marine | CMBI 70 01 | |
| Commercial General Liability | CGBI 70 01 | |
| Commercial Crime | CRQI 70 00 | |
| Commercial Auto | CABI 00 02 | |
| Workers' Compensation | WC 00 00 01A | |
| TRUCKERS | | $    251,260.00 |
| | | |
| | | |

| | | Total | $ | 251,260.00 |
|---|---|---|---|---|
| **Premium is Payable**  $    251,260.00 | | At Inception | | SEE IL1201 |

Forms applicable to all Coverage Parts except as referenced in the form:

Countersigned _____    By _____
        (Date)                              (Authorized Representative)

ILBI 70 00 10 92                    11/10/1998                    Page  1    of 3



Endorsement Effective:

# FORMS AND ENDORSEMENT SCHEDULE

Forms applicable to all coverage parts except as referenced in the form:

| Form Number & Edition Date | Description |
|---|---|
| UA    179 10 94 | REJECTION OF UNINSURED MOTORISTS COVERAGE AND |
| | |
| ILBI 70 10 09 93 | LOCATION SCHEDULE |
| IL    12 01 11 85 | POLICY CHANGES - NAMED INSURED EXTENSION |
| IL    12 01 11 85 | POLICY CHANGES - PREMIUM PAYMENT SCHEDULE |
| ILBI 75 00 10 93 | EARLIER NOTICE OF CANCELLATION BY US |
| ILBI 79 11 01 89 | COMPOSITE RATE ENDORSEMENT |
| IL    00 21 11 94 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT |
| IL    01 56 07 89 | CHANGES - CONCEALMENT, MISREPRESENTATION, FRAUD |
| IL    02 86 12 90 | MICHIGAN CHANGES - CANCELLATION AND NONRENEWAL |
| ILBP 02 58 07 89 AZ | ARIZONA CHANGES - CANCELLATION AND NONRENEWAL |
| | |
| CABI 00 13 12 93 | TRUCKERS DECLARATIONS |
| CA    00 12 12 93 | TRUCKERS COVERAGE FORM |
| IL    12 01 11 85 | POLICY CHANGES |
| IL    12 01 11 85 | POLICY CHANGES |
| IL    12 01 11 85 | POLICY CHANGES |
| IL    12 01 11 85 | POLICY CHANGES |
| IL    12 01 11 85 | POLICY CHANGES |
| MC    16 32 06 71 | FORM F - UNIFORM MOTOR CARRIER BI & PD LIA. |
| MCS-90 01 96 | MOTOR CARRIER ENDORSEMENT |
| CA    21 31 03 94 | MICHIGAN UNINSURED MOTORISTS COVERAGE |
| CA    21 47 05 94 | FLORIDA UNINSURED MOTORISTS COVERAGE - STACKED |
| CA    23 18 03 94 | MICHIGAN CHANGES - TRUCKERS ENDORSEMENT |
| CA    20 01 12 93 | ADDITIONAL INSURED - LESSOR |
| CA    99 48 12 93 | POLLUTION LIABILITY - BROADENED COVERAGE |
| CABP 83 13 01 87 | TRUCKERS COV. FORM DEC. -DEFINITIONS SUPPLEMENT |
| CA    01 10 03 94 | MICHIGAN CHANGES |
| CA    01 28 05 94 | FLORIDA CHANGES |
| CA    01 75 03 94 | ARIZONA CHANGES |
| CA    02 02 07 96 | ARIZONA CHANGES - CANCELLATION |
| CA    02 67 10 94 | FLORIDA CHANGES -- CANCELLATION AND NONRENEWAL |

* C O P Y *

Policy Number: VQ   2829798                          Endorsement Effective:

# FORMS AND ENDORSEMENT SCHEDULE

Forms applicable to all coverage parts except as referenced in the form:

| Form Number & Edition Date | Description |
|---|---|
| CA   22 20 03 94 | MICHIGAN PERSONAL INJURY PROTECTION |
| CA   23 11 03 94 | MICHIGAN TRUCKERS AMENDATORY ENDORSEMENT |
| UA   177 09 94 | REJECTION/SELECTION-UNINSURED MOTORISTS COV. |
| ILBP 83 01 03 98 RE | IN WITNESS (RELIANCE INSURANCE COMPANY) |

ILBI 70 00 10 92                          11/10/1998                          Page 3    of 3

\* C O P Y \*

Policy Number: VQ   2829798                              Endorsement Effective:

# LOCATION SCHEDULE

This endorsement provides supplementary information to be used with the following:

| Premises Number | Building Number | Address | SYS ID |
|---|---|---|---|
| | | TERMINAL LOCATIONS: | |
| | | 41555 KOPPERNICK ROAD      CANTON,     MI | |
| | | 3324 EAST ATLANTA,     PHOENIX,       AZ | |
| | | 453 THORPE,    ORLANDO            FL | |

ILBI 70 10 09 93                           11/10/1998                       Page 1  of 1

Policy Number: VQ 2829798                    Endorsement Effective:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## POLICY CHANGES-NAMED INSURED EXTENSION

**Policy Period: From:** 07/01/1998 **To:** 07/01/1999    **Agency Number:** 0200069

**Name of Insured and Address**    **Agency Name and Address**

RELIABLE CARRIERS, INC.    LOCKTON COMPANIES INC
41555 KOPPERNICK ROAD    7400 STATE LINE RD
CANTON MI 48187    PRAIRIE VILLAGE KS 66208

**Policy Change Number:**

premium for this change:

**Coverage Parts Affected:**

Commercial Truckers Coverage Part
=============================================================================

### Changes
### Named Insured

The name of the insured is amended to read as follows:

RELIABLE CARRIERS, INC.
RELIABLE WEST MOVING & STORAGE
RELIABLE MOVING & STORAGE, INC.
RELIABLE HOLDINGS, INC.
A & C ASSOCIATES
ABRAMS PARTNERSHIP

Countersigned _____ By _____
        (Date)                (Authorized Representative)

IL 12 01 11 85            11/10/1998            Page    of

Reliance Insurance Company
Philadelphia, PA

* C O P Y *

LAD CHICAGO

CLAIMS COPY
Effective :

Correction

# TRUCKERS COVERAGE FORM DECLARATIONS

**Policy Number**: VQ 2829798

**Agency Number**: 0200069

**Policy Period**: From: 07/01/1998   To: 07/01/1999

**Named Insured:**   RELIABLE CARRIERS, INC.

Where **Ded**. is shown below, it shall mean **deductible**.

## ITEM TWO: SCHEDULE OF COVERAGES AND COVERED AUTOS.

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those **autos** shown as covered **autos**. **Autos** are shown as covered **autos** for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO section of the Truckers Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS * | LIMIT<br>THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| Liability | 41 | $    1,000,000 | $    251,260.00 |
| Personal Injury Protection (or equivalent No-fault coverage) | 42 | Separately stated in each P.I.P. Endorsement minus          Ded. | INCLUDED |
| Added Personal Injury Protection (or equivalent added No-fault coverage) | | Separately stated in each P.I.P. Endorsement. | |
| Property Protection Insurance (Michigan only) | | Separately stated in the P.P.I. Endorsement minus          Ded. for each **accident** | |
| Medical Payments | | | NOT COVERED |
| Uninsured Motorists | 42 | | INCLUDED |
| Underinsured Motorists (When not included In Uninsured Motorists Coverage) | 42 | | INCLUDED |
| TRAILER INTERCHANGE Comprehensive Coverage | | Actual Cash Value, Cost of Repair or          whichever is less | NOT COVERED |

\*   Entry of one or more of the symbols from the COVERED AUTOS Section of the Truckers Coverage Form shows which **autos** are covered **autos**.

CABI 00 13 12 93                    11/10/1998                    Page 1 of 5

Case 1:00-cv-01639-JAS Document 42 Filed 04/15/2003 Page 53 of 57

**Policy Number**: VQ 2829798          **Policy Period**: From: 07/01/1998 To: 07/01/1999

| COVERAGES | COVERED AUTOS * | LIMIT<br>THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| TRAILER INTERCHANGE<br>Specified Causes of Loss Coverage | | Actual Cash Value, Cost of Repair or whichever is less minus $25 Ded. for each covered auto for loss caused by mischief or vandalism | |
| TRAILER INTERCHANGE<br>Collision Coverage | | Actual Cash Value, Cost of Repair or whichever is less minus Ded. for each covered auto | NOT COVERED |
| PHYSICAL DAMAGE<br>Comprehensive Coverage | | Actual Cash Value or Cost Of Repair, whichever is less minus Ded. for each Covered Auto but no deductible applies to loss caused by Fire or Lightning. | |
| Specified Causes Of Loss Coverage | | Actual Cash Value or Cost Of Repair, whichever is less minus $25 Ded. for each Covered Auto for loss caused by Mischief or Vandalism. | |
| Collision Coverage | | Actual Cash Value or Cost Of Repair, whichever is less minus Ded. for each Covered Auto. | |
| Towing And Labor<br>(Not Available in California) | | for each disablement of a private passenger auto. | |
| | | Premium for Endorsements | |
| | | Estimated Total Premium | $    251,260.00 |

\* Entry of one or more of the symbols from the COVERED AUTOS Section of the Truckers Coverage Form shows which autos are covered autos.

=======================================================================

ITEM THREE - SCHEDULE OF COVERED AUTOS YOU OWN - See CABI 70 03 forming a part of this policy at issuance, if applicable.

=======================================================================

ITEM FOUR - SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS

LIABILITY COVERAGE - RATING BASIS, COST OF HIRE - AUTOS USED IN YOUR TRUCKING OPERATIONS

| Estimated Cost of Hire | Rate per each $100 Cost of Hire | Total Estimated Premium |
|---|---|---|
| IF ANY | $<br>$<br>$ | INCLUDED |

CABI 00 13 12 93                                                    Page 2 of 5

\* C O P Y \*

Policy Number: VQ 2829798          Policy Period: From: 07/01/1998  To: 07/01/1999

LIABILITY COVERAGE - RATING BASIS, COST OF HIRE\* - AUTOS NOT USED IN YOUR TRUCKING OPERATIONS.

| State | Estimated Cost Of Hire For Each St. | Rate Per Each $100 Cost Of Hire | Factor (If Liability Coverage Is Primary | Premium |
|-------|------|------|------|------|
|       |      |      |      |      |

\*   If more than one state applies, see Supplemental Schedule CABI 70 02 forming a part of this policy at issuance.

PHYSICAL DAMAGE COVERAGE

| COVERAGES | LIMIT OF INSURANCE THE MOST WE WILL PAY DEDUCTIBLE | ESTIMATED ANNUAL COST OF HIRE | RATE PER EACH $100 ANN. COST OF HIRE | PREMIUM |
|-----------|------|------|------|------|
| Comprehensive | Actual Cash Value, Cost of Repairs, or whichever is less, minus                   Ded. for each Covered Auto. But no deductible applies to Loss caused by Fire or Lightning. |  |  |  |
| Specified Causes Of Loss | Actual Cash Value, Cost of Repairs, or whichever is less, minus $25 Ded. for each Covered Auto for loss caused by Mischief or Vandalism.. |  |  |  |
| Collision | Actual Cash Value, Cost of Repairs, or whichever is less, minus                   Ded. for each Covered Auto. |  |  |  |
|  |  |  | Total Premium | NOT COVERED |

Cost of Hire means:

(a)  the total dollar amount of costs you incurred for the hire of automobiles (includes trailers and semi-trailers), and if not included therein,

(b)  the total remunerations of all operators and drivers helpers, of hired automobiles whether hired with a driver by lessor or an employee of the lessee, or any other third party, and,

(c)  the total dollar amount of any other costs (i.e. repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the insured, paid to the lessor or owner, or paid to others.

\* C O P Y \*

**Policy Number:** VQ  2829798          **Policy Period:** From: 07/01/1998   To: 07/01/1999

## ITEM FIVE - SCHEDULE FOR NON-OWNERSHIP LIABILITY

| RATING BASIS | NUMBER | PREMIUM |
|---|---|---|
| Number of Employees | 25 | INCLUDED |
| Number of Partners | | |
| | Total Premium | |

## ITEM SIX: TRAILER INTERCHANGE COVERAGE

| COVERAGES | LIMIT OF INSURANCE | DAILY RATE | ESTIMATED PREMIUM |
|---|---|---|---|
| Comprehensive | Stated | $ | |
| Specified Causes of Loss | in ITEM | $ | |
| Collision | TWO | $ | |
| | | Total Premium | NOT COVERED |

## ITEM SEVEN - SCHEDULE FOR GROSS RECEIPTS RATING BASIS - LIABILITY COVERAGE

| ESTIMATED YEARLY GROSS RECEIPTS | RATES Per $100 of Gross Receipts | | PREMIUMS | |
|---|---|---|---|---|
| | Liability Coverage | Auto Medical Payments | Liability Coverage | Auto Medical Payments |
| $ | $ | $ | | |
| $ | $ | $ | | |
| | Total Premiums | | | |
| | Minimum Premiums | | | |

==============================================================================

### WHEN USED AS A PREMIUM BASIS

Gross Receipts means the total amount to which **you** are entitled for shipping or transporting property during the policy period regardless of whether **you** or any other carrier originate the shipment or transportation.  **Gross Receipts** includes the total amount received from renting equipment, with or without drivers, to anyone who is not a **trucker** and 15% of the total amount received from renting any equipment to any **trucker**.  Gross Receipts does not include:

A.  Amounts **you** pay to railroads, steamship lines, airlines and other motor carriers operating under **their** own ICC or PUC permits.

B.  Advertising revenue.

C.  Taxes which **you** collect as a separate item and remit directly to a governmental division.

D.  C.O.D. collections for cost of mail or merchandise including collection fees.

E.  Warehouse storage fees.

*   C O P Y   *

**Policy Number**: VQ   2829798          **Policy Period**:  From: 07/01/1998   To: 07/01/1999

Forms and Endorsements forming a part of this policy at issuance:

CA     00 12       Truckers Coverage Form

IL      00 21       Broad Form Nuclear Exclusion (Not Applicable in NY)

Premium Basis:  (X ) Nonreporting          (  ) Reporting

                                                          (  ) Quarterly

                                                          (  ) Monthly

Countersigned _____    by_____    _____
               (Date)                                        (Authorized Representative)

CABI 00 13 12 93                                                                              Page  5 of  5

Case 1:00-cv-01639-JAS    Document 42    Filed 04/15/2003    Page 57 of 57

Page 12

1    Q.    So on the date in question, which would

2  have been September 15th, '98, you were driving your

3  own tractor which you owned?

4    **A.**    **Yes.**

5    Q.    And you were pulling a trailer for --

6              Was it one trailer or two trailers?

7    **A.**    **One trailer.**

8    Q.    -- one trailer for Reliable and Reliable

9  owned that trailer?

10    **A.**    **Yes, sir, I believe so.**

11    Q.    Now, Reliable must have hundreds, if not

12  thousands, of trailers?

13    **A.**    **Not thousands.**

14    Q.    Not thousands.  Hundreds of trailers.

15  Okay.

16              Tell us about what your procedure

17  is when you were notified on September --

18              Was it September 15th or was it the

19  14th that you were notified that you were to do this

20  run?

21    **A.**    **To the best of my recollection, it was the**

22  **day before.**

23    Q.    The day before.  All right.

24              So on September 14th, you're

25  notified that you have a run to do.  What were you