**FILED**
**HARRISBURG, PA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

APR 1 7 2003

MARY E. D'ANDREA, CLERK
Per _____
                    Deputy Clerk

JOHN D. PERKEY and THERESA M.          :
PERKEY,                                 :
                                        :
            Plaintiffs                  :
                                        :       CIVIL ACTION NO. 1:CV-00-1639
      vs.                               :       (Judge Andrew Smyser)
                                        :
RELIABLE CARRIERS, INC.,                :
DANIEL JOSEPH BEMBEN and KENT,          :
            Defendants                  :
                                        :

## ANSWER OF DEFENDANTS RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN TO ABF FREIGHT SYSTEMS, INC.'S MOTION TO INTERVENE

AND NOW come Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, by and through their attorneys, E. Ralph Godfrey, Esquire and Godfrey & Courtney, P.C., and respond to ABF Freight Systems, Inc.'s Motion to Intervene as follows:

1.      Admitted in part; denied in part. It is admitted that John D. Perkey was in an accident on September 15, 1998, while in the course and scope of his employment with ABF Freight Systems, Inc. After reasonable investigation, Defendants lack sufficient knowledge to either to admit or deny the remaining allegations and, therefore, they are denied.

2.      Denied. Paragraph 2 is denied as a conclusion of law and, therefore, deemed denied.

3.      Admitted in part; denied in part. It is admitted that ABF Freight System, Inc. or its insurer paid workermen's compensation benefits to John D. Perkey. After reasonable investigation, Defendants lack sufficient knowledge to either admit or deny the total amount of workermen's compensation benefits paid to John D. Perkey and, therefore, it is deemed denied. Furthermore, it is denied that the wage loss payments and medical expenses were a result of this alleged incident.

4.      Denied.  It is denied that ABF Freight Systems, Inc. is entitled to reimbursement for

the workermen's compensation benefits paid to John D. Perkey.  Both Pennsylvania and Michigan

law precludes ABF Freight Systems, Inc. from asserting a lien or asserting a subrogation interest.

Specifically, both Statutes have a non-duplication of recovery section.

Section 991.1817, Non-duplication of recovery, of the Pennsylvania Statute states in

subsection (a) the following:

> Any person having a claim under an insurance policy shall be required to exhaust
> first his right under such policy.  For purposes of this section, a claim under an
> insurance policy shall include a claim under any kind of insurance, whether it is a
> first-party or third-party claim, and shall include, without limitation, accident and
> health insurance, worker's compensation, Blue Cross and Blue Shield and all
> other coverages except for policies of an insolvent insurer.  **Any amount payable
> on a covered claim under this act shall be reduced by the amount of any
> recovery under other insurance.**

40 P.S. Sec. 991.1817(a).

Section 500.7931(3) of the Michigan Complied Laws Annotated states the following:

> If damages or benefits are recoverable by a claimant or insured under an
> insurance policy other than a policy of the insolvent insurer, or from a motor
> vehicle accident claims fund, or a similar fund, the damages or benefits
> recoverable shall be a credit against a covered claim payable under this chapter .
> . .  An insurer or a fund may not maintain an action against an insured of the
> insolvent insurer to recover an amount which constitutes a credit against a
> covered claim under this section.

M.C.L.A. 500.7931.  Plaintiffs' recovery of workermen's compensation benefits or any

other type of insurance is therefore subject to the statutory "set off" provided by both the

Pennsylvania and Michigan Statutes.

5.      Denied.  As stated in paragraph 4, Defendants are entitled to a "set-off",

which precludes ABF Freight Systems, Inc. from joining in this action since, as a matter

of law, it has no subrogation interest to protect.

6.      Denied.  For the reasons stated above, ABF Freight Systems, Inc. is precluded from asserting its subrogation rights as Intervenor pursuant to both the Pennsylvania and Michigan Statutes.

WHEREFORE, for all of the foregoing reasons, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, respectfully request that this Honorable Court deny ABF Freight Systems, Inc.'s Motion to Intervene.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

By: _____
          E. Ralph Godfrey, Esquire
          Attorney ID No.: 77052
          2215 Forest Hills Drive, Suite 36
          P.O. Box 6280
          Harrisburg, PA  17112
          (717) 540-3900

Date:   April  17, 2003

## CERTIFICATE OF SERVICE

AND NOW, this _17th_ day of April, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey & Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, hereby certify that I served the foregoing Answer to ABF Freight Systems, Inc.'s Motion to Intervene by depositing the same in the United States mail, postage prepaid, in Harrisburg, Pennsylvania, addressed to:

      Marcus McKnight, Esquire
      Mark D. Schwartz, Esquire
      Irwin, McKnight & Hughes
      60 West Pomfret Street
      Carlisle, PA 17013

      Michael A. Farrell, Esquire
      Farrell & Ricci, P.C.
      4423 North Front Street
      Harrisburg, PA 17110

E. Ralph Godfrey