# ORIGINAL

FILED

APR 2 5 2003

MARY E. D'ANDREA, CLERK
HBG, PA. DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and, | : |
| THERESA M. PERKEY, | : |
|       Plaintiffs | : |
| | : |
|      v. | :  Civil Action No. 1:CV-00-1639 |
| | : (Judge Andrew Smyser) |
| | : |
| RELIABLE CARRIERS, INC., | : |
| DANIEL JOSEPH BEMBEN and | : |
| KENT, | : |
|       Defendants | : |

## BRIEF OF ABF FREIGHT SYSTEMS, INC.,
## IN SUPPORT OF ITS MOTION TO INTERVENE

NOW COMES, ABF Freight Systems, Inc., as self-insured and subrogee, by its attorney, Michael A. Farrell, Esquire, FARRELL & RICCI, P.C., and represents unto This Honorable Court as follows:

## STATEMENT OF FACTS – PROCEDURAL HISTORY

As set forth in Plaintiffs' John D. Perkey and Theresa M. Perkey, Complaint, filed on September 14, 2000, John D. Perkey was involved in

a motor vehicle accident on eastbound I-76, near mile post 37.7, in Allegheny County, Pennsylvania, on September 15, 1998.

The motor vehicle accident of September 15, 1998 occurred when the left front trailer wheels broke off the axle of a tractor-trailer driven by Defendant Bemben, who was also traveling eastbound on I-76. The wheels continued to roll eastbound on I-76 and Plaintiff was caused to veer off the highway after striking the wheels resulting in Plaintiff crashing his vehicle.

Defendant Bemben was operating the tractor-trailer as an employee and/or agent of Defendant Reliable Carriers, Inc. (Reliable) at the time of the motor vehicle accident. Defendant Reliable owned the trailer. On September 15, 1998, Defendants Reliable and Bemben were insured by Reliance Insurance Company (Reliance).

At the time of the accident, Plaintiff was in the course and scope of his employment with ABF Freight Systems, Inc. (ABF). Plaintiff and ABF were bound by and operating under the Workers' Compensation Act of the Commonwealth of Pennsylvania. Further, ABF was self-insured for Workers' Compensation benefits for its employees. (See exhibit A hereto attached).

On September 14, 2000, Plaintiffs, John D. Perkey and Theresa M. Perkey, filed a Complaint against Reliable Carriers, Inc., Daniel Joseph Bemben and Kent[1], Defendants. Plaintiffs assert claims in negligence seeking personal injury damages and loss of consortium.

On January 29, 2001, Defendants Reliable and Bemben filed an Answer denying liability and filing a cross claim against Defendant Kent.

On October 12, 2001, Defendants Reliable and Bemben filed a Motion to Stay pending insolvency/bankruptcy stay of Reliance. On October 26, 2001, the Stay was granted for 90 days. A Motion to Extend the Stay was granted on February 12, 2002 and expired on April 3, 2002. Michigan Property & Casualty Guaranty Association (MPCGA) assumed responsibility of Reliance's Insureds.

On February 28, 2003, an Order was issued with respect to case management, as follows:

Discovery deadline, April 7, 2003,
Pre-trial conference, June 19, 2003 and
Trial to begin July 7, 2003, at 9:00 a.m. in Court Room No. 5.

---

[1] Kent is a Manufacturer of trailers with a business address of: c/o Reliable Carriers, Inc., 41555 Koppernick Drive, Campton, Michigan, 48187. Service has never been perfected on Kent; nor has Kent filed any responses to Plaintiffs' Complaint or any subsequent cross claim.

On April 16, 2003, pursuant to Federal R.C.P. 24(b) and 24(c), as a self-insurer of Workers' Compensation benefits, ABF filed a Motion to Intervene to join in the aforementioned pending litigation to protect its subrogation interests and to have all Orders of Court made for its protection. ABF asserts a subrogation interest for the sums paid to or on behalf of Plaintiff in the nature of indemnity or medical Workers' Compensation benefits totaling $179,731.58[2] plus any further sum, which it may be required to pay to Plaintiff by Order of the Department of Labor & Industry, or by settlement or otherwise, from any sum or monies paid to, or on behalf of the said Plaintiff, by way of Satisfaction of Judgment, Compromise Settlement or otherwise of the above-captioned lawsuit.

## ISSUE PRESENTED

A.  **WHETHER OR NOT ABF FREIGHT SYSTEMS, INC. AS THE SELF-INSURER OF WORKERS' COMPENSATION BENEFITS, IS ENTITLED TO INTERVENE IN THE ABOVE-CAPTIONED LAWSUIT FOR REIMBURSEMENT OF WORKERS' COMPENSATION BENEFITS PAID TO, OR ON BEHALF OF PLAINTIFF PURSUANT TO THE PROVISIONS OF THE WORKERS' COMPENSATION ACT OF PENNSYLVANIA?**

---

[2] ABF has paid the sum of $127,046.00 in Temporary Total Disability benefits to Plaintiff and $52,685.58 for necessary medical expenses to treat his work-related injuries.

**(Suggested Answer:  In the Affirmative).**

## ARGUMENT

The parties involved in the above-captioned lawsuit are as follows:

1.  Defendant, Reliable Carriers, Inc., is a Corporation incorporated under the laws of the state of Michigan, where it maintains its principle place of business, with a registered address of 41555 Koppernik Drive, Campton, Michigan, 48187;

2.  Defendant, Daniel Joseph Bemben, is an adult individual residing at 7135 Great Bear Court, Fort Wayne, Indiana, 46815, and is an agent, servant, workman and/or employee of the Defendant, Reliable Carriers, Inc.;

3.  Defendant, Kent, is a Manufacturer of trailers with a business address of c/o Reliable Carriers, Inc., 41555 Koppernik Drive, Campton, Michigan, 48187;

4.  Plaintiffs, John D. Perkey and Theresa M. Perkey, husband and wife, are adult individuals, who reside at 328 Pine Grove Road, Gardeners, Cumberland County, Pennsylvania, 17324; and

5.      ABF Freight Systems, Inc., Intervenor, is a Corporation

incorporated under the laws of the state of Arkansas, where

it maintains its principle place of business, with an address

of 3801 Old Greenwood Road, P.O. Box 10048, Fort Smith,

Arkansas, 72917-10048.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.   Under 28 U.S.C. §1332(a), jurisdiction in this Court is proper.  Under 28 U.S.C. §1391(c), venue is proper.

At the time of the accident, Plaintiff and ABF were bound by and operating under the Workers' Compensation Act of the Commonwealth of Pennsylvania.    Additionally, ABF was self-insured for Workers' Compensation benefits for its employees.

Subsequently, pursuant to the Provisions of the Workers' Compensation Act of Pennsylvania, ABF paid the sum of $127,046.00 in Temporary Total Disability benefits to Plaintiff and $52,685.58 for necessary medical expenses to treat his work-related injury.   Under, and by virtue of the Provisions of Section 319 of the Workers' Compensation Act of Pennsylvania, and pursuant to case law of the Commonwealth of Pennsylvania, ABF is entitled to reimbursement for

the aforementioned sums, plus any further sum, which it may be required to be paid to Plaintiff by Order of the Department of Labor & Industry, or by settlement or otherwise, from any sum or monies paid to, or on behalf of the said Plaintiff by way of Satisfaction of Judgment, Compromise Settlement or otherwise of the above-captioned lawsuit. 77 P.S. §671; Winfree v. Philadelphia Electric Company, 554 A.2d 485 (Pa. 1989).

ABF asserts that pursuant to Federal R.C.P. 24(b) and 24(c), ABF is entitled to join in this action to protect its subrogation interests and to have all Orders of Court made for its protection.

Federal R.C.P. 24(b) provides in pertinent part:

Permissive Intervention.   Upon timely application anyone may be permitted to intervene in an action:  (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant claim or defense and the main action have a question of law or facts in common. ...in exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Federal R.C.P. 24(b).

Federal R.C.P. 24(c) provides in pertinent part:

Procedure.   A person desiring to intervene shall serve a Motion to Intervene upon the parties as provided in Rule 5. The Motion shall state the grounds therefore and shall be

accompanied by a pleading setting forth the claim or defense for which intervention is sought.

Federal R.C.P. 24(c).

At the time of the aforementioned motor vehicle accident, Defendant Bemben and Reliable were insured through Reliance for liability coverage. Subsequent to Reliance's filing for bankruptcy, the Michigan Property & Casualty Guaranty Association (MPCGA) assumed responsibility of the pending above-captioned litigation.

Defendants Bemben and Reliable assert that the MPCGA statute provides a non-duplication of recovery section, which precludes ABF from asserting its subrogation interest. Section 500.7931(3) of the Michigan Complied Laws Annotated provides in pertinent part:

> "If the damages or benefits are recoverable by a Claimant or Insured under an insurance policy, other than a policy of the insolvent insurer, or from the Motor Vehicle Accident Claims Fund, or similar fund, the damages or benefits recoverable shall be a credit against a covered claim payable under this chapter...An insurer or a fund may not maintain an action against an insured of the insolvent insurer to recover an amount which constitutes a credit against a covered claim under this section."

MCLA Section 500.7931(3).

ABF asserts that Defendants' argument attempts to expand the meaning of Section 500.7931(3) beyond the purpose and definition of the

MPCGA.   The purpose of the MPCGA was described by the Michigan

Court of Appeals in Yetzke v. Fausak, 194 Mich. App. 414, 488 NW 2nd

222 (1992).

In Yetzke, the Court held:

> "The purpose of the Property & Casualty Guaranty
> Association Act is to protect the public against financial
> losses to either policyholders or claimants due to the
> insolvency of insurers…The Act establishes this purpose by
> imposing a statutory duty on the MPCGA to pay the
> obligations of insolvent insurers that constitute "covered
> claims" as defined by M.C.L. 500.7925…   The obligation to
> pay coverage claims is expressed in M.C.L. 500.7931(1)…"

Yetzke v. Fausak, 488 NW 2nd 222 (1992).

"Covered claims" is defined at MCLA 500.7925(1).   Covered claims

limits the MPCGA's liability to the limit of the applicable policy.   In the

instant matter, it appears that the total amount of the claim by Plaintiff

and ABF, for credit or offset, would not exceed the limits of the policy

that was in effect of Reliance Insurance Company at the time of the

motor vehicle accident.

With respect to "similar funds," as used in the applicable section,

MCLA 500.7931(3), refers to the "Motor Vehicle Accident Claims Fund,

or a similar fund…".   The term "similar fund" would modify only the

phrase immediately before it.  Thus, the "similar fund" must be similar to the "Motor Vehicle Accident Claims Fund."

The word "fund" is not specifically defined in Michigan law.  There are numerous "funds" created by Michigan statute.  It is apparent that the Legislature was trying to avoid a circumstance that the name or the nature of the fund is modified, but remains similar.

Additionally, Black's Law Dictionary, Revised Fourth Edition, defines the word "fund" with several different definitions, which all involved a "specific" amount of money set apart for a specific purpose.  A self-insurer would not fall within the scope of the term "similar fund" or "fund."

> Importantly, the MPCGA defines "insurer" as follows:
>
> "Insurer" as used in this code means any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, loyds organization, fraternal benefits society, and any other legal entity, ***engaged or attempting to engage in the business of making insurance or surety contracts."***

MCLA 500.106.  (Emphasis added).

Additionally, under Michigan Workers' Disability Compensation Act, the term "self-insurer" is defined as meaning either:

10

"(i) an individual employer authorized to carry its own risk.
 (ii) a group of employers who pull their liabilities under this
act as a group fund in the manner provided in section 611."

MCLA 418.601.

Under the Workers' Compensation Act, the term "carrier" is defined to mean either a self-insurer or an insurer.  MCLA 418.601(c). Therefore, if the term "carrier" would be used, then the reference could include a self-insurer.

In the instant matter, ABF is not engaged or attempting to engage in the business of making insurance or surety contracts.  Therefore, by definition, ABF is not an "insurer."  Neither is the term "carrier" referred to within the MPCGA Act; the MPCGA specifically states "insurer."  Additionally, ABF does not fall within the scope of "Motor Vehicle Accident Claims Fund, or a similar fund."

The purpose of Section 500.7931(3) is to preclude "Motor Vehicle Accident Claims Fund" and "insurers" of Motor Vehicle Property & Casualty coverage from asserting subrogation interests.  ABF, as a "self-insurer" of workers' compensation benefits, does not fall within the scope of the MPCGA.

Accordingly, Defendants are not entitled to a credit pursuant to Section 500.7931(3) of the Michigan Complied Laws since Plaintiff, John Perkey, did not receive Workers' Compensation benefits under an insurance policy, a Motor Vehicle Accident Claims Fund, or similar fund. Also, by definition, ABF was not an insurer at anytime material to this action. Rather, ABF was self-insured for Workers' Compensation benefits. As such, it's subrogation lien against any judgment or settlement proceeds obtained by the Plaintiff, John Perkey, is enforceable. Therefore, ABF should be allowed to intervene in the subject lawsuit to protect its subrogation lien.

Further, ABF asserts that the granting of its Motion to Intervene does not unduly delay or prejudice the adjudication of the rights of the original parties. The claims and defenses of the main action involve the same questions of law or facts in common. ABF's intervention should not require additional discovery and, therefore, should not unduly delay the above-captioned litigation.

## **CONCLUSION**

For the reasons stated above, ABF Freight Systems, Inc. respectfully request This Honorable Court to permit ABF Freight Systems, Inc., as a self-insurer of workers' compensation benefits to intervene in the above-captioned litigation to protect its subrogation interests and to have all Orders of the Court made for its protection.

Respectfully submitted:

**FARRELL & RICCI, P.C.**

Michael A. Farrell, Esquire
Attorney I.D. No.  41067
4423 North Front St.
Harrisburg,  PA  17110
(717) 230-9201

(Attorney for Intervenor, ABF Freight Systems, Inc.)

Dated:     April 25, 2003

13

Case 1:00-cv-01639-JAS   Document 45   Filed 04/25/2003   Page 14 of 15



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF LABOR AND INDUSTRY**
**BUREAU OF WORKERS' COMPENSATION**
Self-Insurance Division
1171 South Cameron Street, Room 324
Harrisburg, PA 17104-2501  (717) 783-4476

## ORDER OF THE DEPARTMENT OF LABOR AND INDUSTRY OF PENNSYLVANIA EXEMPTING AN EMPLOYER FROM INSURING ITS LIABILITY TO PAY COMPENSATION AS PROVIDED UNDER ARTICLE III OF THE WORKERS' COMPENSATION ACT
(Section 305)

AUGUST 28, 1998

(840)  ABF FREIGHT SYSTEM, INC.

_____
(EMPLOYER)

P. O. BOX 10048, FORT SMITH, AR  72917-0048

_____
(ADDRESS)

The above named employer, subject to the Workers' Compensation Act, having furnished proof to the satisfaction of the Department of Labor and Industry of its financial ability and agreement to pay all compensation as provided under said Act and to fairly administer the said Act in accordance with the rules and regulations of the Department of Labor and Industry and in no way circumvent the law for the purpose of reducing compensation liability, be it hereby ordered that the above named employer shall be exempt from insuring its liability fro said compensation as provided for and subject to Article III of the Workers' Compensation Act for the exclusive period of :

JUNE 1, 1998                          JUNE 1, 1999
_____     to     _____

DEPARTMENT OF LABOR AND INDUSTRY

(SEAL)

_____
Richard A. Himler, Director
Bureau of Workers' Compensation

ATTEST

_____
George Knehr, Chief
Self-Insurance Division

EXHIBIT "A"

## CERTIFICATE OF SERVICE

I, Michael A. Farrell, Esquire, do hereby certify that I served a true and correct copy of ***Intervenor's, ABF Freight System, Inc., Brief in Support of its Motion to Intervene*** on this 25th day of April, 2003, by depositing it in the United States mail, postage prepaid and in the manner indicated below, addressed as follows:

***HAND-DELIVERED:***

**United States District Court**
**Middle District of Pennsylvania**
Federal Building
228 Walnut Street
Harrisburg, PA  17108

**Marcus A. McKnight, III, Esquire**
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA  17013
(Attorney for Plaintiffs)

**Edward E. Knauss, IV, Esquire**
**E. Ralph Godfrey, Esquire**
*Metzger, Wickersham, Knauss & Erb, P.C.*
3211 North Front Street
Harrisburg, PA  17110
(Attorneys for Reliable Carriers and Daniel Bemben)

By:   *Michael A. Farrell*
Michael A. Farrell, Esquire