

ORIGINAL

FILED
HARRISBURG, PA
APR 3 0 2003
MARY E. D'ANDREA, CLERK
Per

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and,       :
THERESA M. PERKEY,       :
            **Plaintiffs**       :
      :
        v.       :       **Civil Action No. 1:CV-00-1639**
      :       **(Judge Andrew Smyser)**
      :
RELIABLE CARRIERS, INC.,       :
DANIEL JOSEPH BEMBEN and       :
KENT,       :
            **Defendants**       :

## ABF FREIGHT SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE OF COURT TO RESPOND TO DEFENDANTS', RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN, MOTION FOR SUMMARY JUDGMENT

## I.     PROCEDURAL HISTORY

Plaintiff, John D. Perkey, commenced an action by filing a Complaint on September 14, 2000, for injuries arising out of a motor vehicle accident. Defendants, Reliable Carriers, Inc.(Reliable) and Daniel Joseph Bemben (Bemben)

filed an Answer denying all liability on or about January 29, 2001. Reliance Insurance Company (Reliance) subsequently became insolvent. A stay was issued until April 3, 2003, based on the insolvency of Defendant, Reliance. Michigan Property and Casualty Guarantee Association (MCPGA) assumed responsibility for Reliance insureds.

On April 16, 2003, Plaintiffs' Employer, ABF Freight Systems, Inc. (ABF), filed a Petition to Intervene seeking to protect its subrogation interests for workers' compensation benefits paid to Plaintiff arising out of the alleged negligence of Defendants. ABF's Motion to Intervene is still pending before this Honorable Court. Although that Motion is still pending, Defendants filed a Motion for Summary Judgment asserting that, as a matter of law, Defendants are entitled to a setoff against all workers' compensation benefits received by Plaintiff from ABF.

The setoff issue raised by Defendants in its Motion for Summary Judgment is the exact same issue upon which ABF's Petition to Intervene is based. Accordingly, ABF then filed a Motion for Leave of Court to Respond to Defendants' Motion for Summary Judgment.

## II.    <u>STATEMENT OF FACTS</u>

Plaintiff, John D. Perkey, was an employee of ABF. On September 15, 1998, Plaintiff was involved in an accident when the left front trailer wheels broke

off the axle of Defendant's tractor-trailer. Defendant Bemben was operating the tractor-trailer as an employee and/or agent of Defendant Reliable at the time of the accident. Defendant Reliable owned the trailer. At the time of the accident, Defendants Reliable and Bemben were insured by Reliance.

At the time of the accident, Plaintiff was acting within the course and scope of his employment with ABF. Plaintiff and ABF were bound by the provisions of the Pennsylvania Workers' Compensation Act. ABF was a self-insured Employer for purposes of workers' compensation insurance for its employees. See Order of the Department of Labor and Industry of Pennsylvania exempting Employer from insuring its liability to pay compensation as provided under Article III of the Workers' Compensation Act (Section 305), attached hereto as Exhibit A.

ABF filed a Petition to Intervene pursuant to Federal R.C.P. 24(b) asserting that it had a claim in common with the Plaintiff. Specifically, ABF sought to intervene in order to protect its right to subrogation against Defendants for workers' compensation benefits paid to Claimant as a result of the accident.

Contemporaneously with ABF's Motion to Intervene, Defendants filed a Motion for Summary Judgment in which Defendants asserted that ABF had no subrogation right and any of Plaintiff's damages must be setoff by any workers' compensation benefits that Plaintiff received pursuant to operation of M.C.L.A. Section 500.7931.

III. **QUESTION PRESENTED**

    A.    **WHETHER ABF SHOULD BE GRANTED LEAVE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHERE DEFENDANTS' MOTION RAISES THE SAME QUESTION OF LAW UPON WHICH ABF'S PETITION FOR INTERVENTION IS BASED?**

        **Proposed Answer:  In the affirmative**

IV. **ARGUMENT**

    A.    **WHETHER ABF SHOULD BE GRANTED LEAVE OF COURT TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARYJUDGEMENT WHERE THE LEGAL QUESTION RAISED BY DEFENDANTS DIRECTLY INVOLVES THE ISSUE UPON WHICH THE PETITION TO INTERVENE WAS FILED PURSUANT FEDERAL R.C.P. 24(b).**

ABF's interest in this matter arises out of Section 319 of the Pennsylvania

Workers' Compensation Act, which provides:

    Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate, or his dependants, against such third party to the extent of the compensation payable under this article by the employer…

77. P.S. Section 671.  Employer, ABF, has paid compensation benefits totaling

$179,731.58 for injuries arising out of the accident of September 15, 1998, the

same accident that is the subject of the current litigation.

Defendants filed a Motion for Summary Judgment in which Defendants

asserted that it is precluded from asserting its subrogation rights as a matter of law.

Defendants specifically cited two provisions in support of its position.

Specifically, Section 991.187 of the Pennsylvania Statute provides:

> Any person having a claim under an insurance policy shall be required
> to exhaust first his right under such policy.  For purposes of this
> section, a claim under an insurance policy shall include a claim under
> any kind of insurance, whether it is a first party or a third party claim,
> and shall include, without limitation, accident and health insurance,
> workers' compensation, Blue Cross and Blue Shield, and all other
> coverages except for policies of an insolvent insured.  Any amount
> payable on a covered claim under this act shall be reduced by any
> amount of any recover under any other insurance.

40 P.S. Section 991.1817(a).

Similarly, Section 500.7931(3) of Michigan Compiled Laws Annotated

states the following:

> If damages or benefits are recoverable by a claimant or an insured
> under an insurance policy other than a policy of the insolvent insurer,
> or from a motor accident claim fund, or a similar fund, the damages or
> benefits recoverable shall be a credit against a recovery claim payable
> under this chapter . . . an insurer or a fund may not maintain an action
> against an insured of the insolvent insurer to recover an amount which
> constitutes a credit against a covered claim under this section.

5

M.C.L.A. 500.7931. Defendants' position was that Plaintiff's recovery of workers' compensation benefits from ABF, or any other type of insurance, is subject to a statutory "setoff" provided by Pennsylvania and Michigan statutes. It is Defendants' argument, therefore, that ABF is precluded from asserting subrogation for the workers' compensation benefits paid to Claimant.

To the contrary, ABF submits that it was a self-insured employer. As such, the 40 P.S. Sec. 991.1817(a) and M.C.L.A. Sec. 500.7931 are inapplicable to the instant case. ABF submits that as a self-insured, it does not qualify as an "insurer" as that term is defined by statute. Accordingly, ABF is seeking leave of Court to respond to Defendants' Motion for Summary Judgment in order to address the legal question which directly effects ABF's right to subrogation.

## V.    CONCLUSION

Wherefore, for all of the foregoing reasons, ABF Freight Systems, Inc. respectfully requests this Honorable Court to grant its Motion for Leave of Court to respond to Defendants' Motion for Summary Judgment where Defendants' Motion for Summary Judgment raises the legal question upon which ABF Freight Systems, Inc.'s Petition to Intervene is based.

Respectfully submitted,

***FARRELL & RICCI, P.C.***

By: _____
Michael A. Farrell, Esquire
Attorney ID No. 41067
4423 North Front Street
Harrisburg, PA  17110
717-230-9201
(Counsel for Respondent,
ABF Freight Systems, Inc.)

Date:      April 30, 2003

# Exhibit A



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
Self-Insurance Division
1171 South Cameron Street, Room 324
Harrisburg, PA 17104-2501  (717) 783-4476

**ORDER OF THE DEPARTMENT OF LABOR AND INDUSTRY OF PENNSYLVANIA EXEMPTING AN EMPLOYER FROM INSURING ITS LIABILITY TO PAY COMPENSATION AS PROVIDED UNDER ARTICLE III OF THE WORKERS' COMPENSATION ACT**
(Section 305)

AUGUST 28, 1998

(840)   ABF FREIGHT SYSTEM, INC.
_____
(EMPLOYER)

P. O. BOX 10048, FORT SMITH, AR  72917-0048
_____
(ADDRESS)

The above named employer, subject to the Workers' Compensation Act, having furnished proof to the satisfaction of the Department of Labor and Industry of its financial ability and agreement to pay all compensation as provided under said Act and to fairly administer the said Act in accordance with the rules and regulations of the Department of Labor and Industry and in no way circumvent the law for the purpose of reducing compensation liability, be it hereby ordered that the above named employer shall be exempt from insuring its liability fro said compensation as provided for and subject to Article III of the Workers' Compensation Act for the exclusive period of :

JUNE 1, 1998                              JUNE 1, 1999
_____     to     _____

(SEAL)

DEPARTMENT OF LABOR AND INDUSTRY

_____
Richard A. Himler, Director
Bureau of Workers' Compensation

ATTEST

_____
George Knehr, Chief
Self-Insurance Division

# CERTIFICATE OF SERVICE

I, Michael A. Farrell, Esquire, do hereby certify that I served a true and correct copy of a ***ABF Freight Systems, Inc.'s Brief in Support of its Motion for Leave of Court to Respond to Defendants', Reliable Carriers, Inc. and Daniel Joseph Bemben, Motion for Summary Judgment*** on this 30th day of April, 2003, by depositing it in the United States mail, postage prepaid and addressed as follows:

**HAND-DELIVERED:**   **United States District Court**
                     **Middle District of Pennsylvania**
                     Federal Building
                     228 Walnut Street
                     Harrisburg, PA  17108

**Marcus A. McKnight, III, Esquire**
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA  17013
(Attorney for Plaintiffs)

**Edward E. Knauss, IV, Esquire**
**E. Ralph Godfrey, Esquire**
*Metzger, Wickersham, Knauss & Erb, P.C.*
3211 North Front Street
Harrisburg, PA  17110
(Attorneys for Reliable Carriers and Daniel Bemben)

By: _____
Michael A. Farrell, Esquire