# ORIGINAL

FILED
APR 3 0 2003
MARY E. D'ANDREA, CLERK
PER
HBG, PA DEPUTY CLERK

**IN THE UNITED STATES DICTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO.1:CV-00-1639 |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | Magistrate Judge Smyser |
| | : | |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, | : | |
| | : | |
| Defendants | : | |

**BRIEF OF PLAINTIFFS JOHN D. PERKEY AND THERESA M. PERKEY IN**
**OPPOSITION TO DEFENDANT RELIABLE CARRIERS, INC. AND**
**DANIEL JOSEPH BEMBEN'S MOTION FOR SUMMARY JUDGMENT**

## I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

As a result of a motor vehicle accident on September 15, 1998, that took place on eastbound I-76 near milepost 37.7, in Allegheny County, Pennsylvania, Plaintiffs John D. Perkey and Theresa M. Perkey initiated this action by filing a complaint on or about September 14, 2000.

The motor vehicle accident of September 15, 1998 occurred when the left front trailer wheels dislodged from the axle of a tractor-trailer driven by Defendant Daniel Joseph Bemben (Bemben), who was also traveling in the eastbound direction on I-76.  The wheels rolled and struck Plaintiff, causing him to veer off the highway and crash his vehicle.

At the time of the accident, Defendant Bemben was operating his tractor-trailer as an employee and/or agent of Defendant Reliable Carriers, Inc. (Reliable). Defendant Reliable owned the tractor-trailer. On the day of the accident, Reliance Insurance Company (Reliance) insured Defendants Reliable and Bemben.

At the time of the accident, Plaintiff John D. Perkey was in the course and scope of his employment with ABF Freight Systems, Inc. (ABF). Plaintiff and ABF were bound by and operating under the Pennsylvania Worker's Compensation Act. For purposes of the Act ABF was self-insured for benefits payable its employees.

In the Complaint filed by Plaintiffs John D. Perkey and Theresa M. Perkey against Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, on or about September 14, 2000, Plaintiffs seek damages for personal injury and loss of consortium caused by the accident. On or about January 29, 2001, Defendants Reliable and Bemben filed an Answer denying liability along with a cross claim against Defendant Kent.

On or about October 12, 2001, Defendants Reliable and Bemben filed a Motion to Stay the proceedings pending the insolvency/bankruptcy of their insurer, Reliance. On or about October 26, 2001, a stay was granted for ninety (90) days. A Motion to Extend the stay was granted on February 12, 2002. The extension expired on April 3, 2002. At that time, Michigan Property and Casualty Guaranty Association (MPCGA) assumed responsibility of Reliance's insureds.

On April 15, 2003, Defendant Reliable and Bemben filed a Motion for Summary Judgment. On April 16, 2003 ABF filed a Motion to Intervene to join in the pending litigation to protect its subrogation interests and to have all Orders of Court made for its protection. Plaintiffs' Response to Defendant's Motion for Summary is now before this Honorable Court.

**II.**     **QUESTIONS PRESENTED**

**WHETHER GENERAL ISSUES OF MATERIAL FACT EXISTS SO THAT RELIABLE AND BEMBEN ARE NOT ENTITLED, AS A MATTER OF LAW, TO A SETOFF OF WORKERS COMPENSATION BENEFITS AND OTHER AVAILABLE INSURANCE.**

(Suggested Answer: YES)

**III.**     **ARGUMENT**

**SINCE GENERAL ISSUES OF MATERIAL FACT EXIST. RELIABLE AND BEMBEN ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c), Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). The issue of material fact, required by the Federal Rules, that entitles a party to proceed to trial does not have to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-252, 106 S.Ct. 2505 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings which it believes demonstrate the absence of a genuine issue of material fact. Celotex, at 322-23.

In this case, Plaintiffs believe that genuine issues of material fact exist and therefore, Defendant's are not entitled to a setoff of workers compensation benefits as a matter of law.

3

At the time of the accident, Plaintiff John D. Perkey, as an employee for ABF was bound by and operated under the Workers' Compensation Act of the Commonwealth of Pennsylvania. 77 P.S. § 1 et seq. ABF was a self-insured carrier of benefits for its employees. Pursuant to the Workers' Compensation Act, ABF has paid benefits to Plaintiff for his work-related injury. Under Section 319 of the Workers' Compensation Act, ABF as a self-insurer has filed a Motion to Intervene in this case to protect their subrogation interests with Plaintiff.

Defendants Bemben and Reliable assert that the Michigan Property & Casualty Guaranty Association (MPCGA) statute contains a non-duplication of recovery section which precludes ABF from asserting its subrogation interest. Plaintiffs challenge Defendants reading of Section 500.7931(3) of the Michigan Complied Laws Annotated, which provides in pertinent part:

> "If the damages or benefits are recoverable by a Claimant or Insured under an insurance policy, other than a policy of the insolvent insurer, or from the Motor Vehicle Accident Claims Fund, or similar fund, the damages or benefits recoverable shall be a credit against a covered claim payable under this chapter...An insurer or fund may not maintain an action against an insured of the insolvent insurer to recover an amount which constitutes a credit against a covered claim under this section."

M.C.L. § 500.7931(3).

The purpose of the MPCGA is to protect the public against financial losses due to the insolvency of insurers. Yetzke v. Fausak, 194 Mich. App. 414, 488 NW2d. 222 (1992). Imposing a statutory duty on the MPCGA to pay the obligation of insolvent insurers that constitute "covered claims" fulfills the purpose of the Act. Id. "Covered claims" is defined at M.C.L. §500.7931(1). Covered claims limit the MPCGA's liability to the limit of the applicable policy. In the instant matter Plaintiff's covered claim will not exceed the limits of the policy that Defendant had with Reliance Insurance Company at the time of the motor vehicle accident.

4

Plaintiff receipt of Workers' Compensation benefits is not to be a credit against a covered claim under the Act. Plaintiff's Workers' Compensation benefits were paid by ABF. ABF is a self-insurer for Pennsylvania' workers' compensation benefits program. The MPCGA, upon which Defendants rely, does not apply to self-insured entities.

Under the MPCGA "insurer" is defined as follows:

> "Insurer" as used in this code means any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, loyds organization, fraternal benefits society, and any other legal entity, *engaged or attempting to engage in the business of making insurance or surety contracts*."

M.C.L. § 500.106. (Emphasis added).

The definition lists numerable individuals or entities that may be recognized as an "insurer" for purposes of the Act. Clearly the term "self-insurer" or "self-insured entity" has been omitted from the list of specifically named individuals or entities to which the term is applicable. Admittedly, the list of insurers is not exhaustive, as evidenced by the emphasized catch-all provision of the definition. However, even the catch-all provision does not apply to the workers' compensation benefits paid by ABF. Clearly, ABF is not "engaged or attempting to engage in the business of making surety contracts."

The purpose of Section 500.7931(3) is to preclude "Motor Vehicle Accident Claims Fund" and "insurers" of motor Vehicle Property & Casualty coverage from asserting subrogation interests. Plaintiff's Workers' Compensation benefits, from a self-insurer, do not fall within the scope of the MPCGA. Accordingly, Defendants are not entitled to a set-off pursuant to Section 500.7931 of the MPCGA.

## VI.   CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs John D. Perkey and Theresa M. Perkey believe that genuine issues of material fact exist and Defendants, Reliable Carriers Inc. and Daniel Joseph Bemben, are not entitled to judgment as a matter of law.   Therefore, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

**IRWIN, McKNIGHT & HUGHES**

**Marcus A. McKnight, III, Esquire**
Attorney I.D. #25476
60 West Pomfret Street
Carlisle, PA  17013
(717) 249-2353
Attorney for Plaintiffs
John D. Perkey and
Theresa M. Perkey

Date:  April 30, 2003

## <u>CERTIFICATE OF SERVICE</u>

I, Marcus A. McKnight, III, Esquire, hereby certify that a copy of attached Brief was

served upon the following by depositing a true and correct copy of the same in the United States

mail, First Class, postage prepaid in Carlisle, Pennsylvania, on the date referenced below and

addressed as follows:

United States District Court
Middle District of Pennsylvania
Federal Building
228 Walnut Street
Harrisburg, PA 17108

Michael A. Farrell, Esquire
FARRELL & RICCI
4423 North Front Street
Harrisburg, PA 17110
    (Attorney for ABF Freight System, Inc.)

E. Ralph Godfrey, Esquire
Godfrey & Courtney, P.C.
P.O. Box 6280
Harrisburg, PA  17112
    (Attorney for Reliable Carriers and Daniel Bemben)

           **IRWIN, McKNIGHT & HUGHES**

By:    **Marcus A. McKnight, III, Esquire**
        60 West Pomfret Street
        Carlisle, PA 17013
        (717) 249-2353
        Supreme Court I.D. No. 25476

Date:  April 30, 2003