

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY and THERESA M.
PERKEY,

                   Plaintiffs

     vs.

RELIABLE CARRIERS, INC.,
DANIEL JOSEPH BEMBEN and KENT,
           Defendants

        : CIVIL ACTION NO. 1:CV-00-1639
        :
        :
        : JURY TRIAL DEMANDED
        :
        :
        : Magistrate Judge Smyser
        :
        :
        :

FILED
MAY 0 9 2003
PER _____
HARRISBURG, PA.   DEPUTY

**BRIEF OF DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN IN OPPOSIITON TO ABF'S MOTION TO INTERVENE**

A.     ISSUE

    1.     WHETHER ABF'S MOTION TO INTERVENE MUST BE DENIED BECAUSE PENNSYLVANIA LAW PRECLUDES ABF FROM ASSERTING OR RECOVERING THE AMOUNT OF BENEFITS PAID TO THE PLAINTIFFS?

        [SUGGESTED ANSWER: YES]

B.     ANALYSIS

    ABF'S MOTION TO INTERVENE MUST BE DENIED BECAUSE PENNSYLVANIA LAW PRECLUDES ABF FROM ASSERTING OR RECOVERING THE AMOUNT OF BENEFITS PAID TO THE PLAINTIFFS.

    ABF asserts that it should be permitted to intervene because it has a subrogation interest since it provided worker's compensation benefits to the Plaintiff; however, Pennsylvania Law excludes the recoverability of workermen's compensation benefits in this case. Therefore, ABF's Motion to Intervene should be denied.

1. **40 P.S. SECTION 991.1817 NON-DUPLICATION OF RECOVERY OF THE PENNSYLVANIA PROPERTY AND CASUALTY ACT APPLIES TO THIS MATTER.**

In the case of <u>Miles v. Van Meter</u>, 427 Pa. Super. 278, 628 A.2d 1159 (1993), the Pennsylvania Superior Court held, after doing a conflict of laws analysis, that Pennsylvania law would apply and not the law of the state of the Defendant. In <u>Miles</u>, The plaintiff was a resident of Pennsylvania and was injured in the course and scope of his work by an employee of an Iowa company in Pennsylvania on the Pennsylvania Turnpike. The Iowa Insurance Guaranty Association (IIGA) then assumed responsibility for the claim on behalf of the defendant's insolvent insurer. Id. In analyzing the choice of law issue, the Superior Court of Pennsylvania discussed the application of <u>Laconis v. Burlington County Bridge Comission</u>, 400 Pa.Super. 483, 583 A.2d 1218 (1990). In that case, the Pennsylvania Superior Court held that under principles of comity, rights and liabilities of parties in tort actions, the law of the state with the most significant relationship to the occurrence and the parties will control. Id. at 490-93, 583 A.2d at 1222-23. In <u>Miles</u>, the Superior Court determined that Pennsylvania law would apply since the accident occurred in Pennsylvania, the amounts paid by the workermen's compensation were determined by Pennsylvania law, and any right of subrogation would be governed by Pennsylvania law. <u>Miles</u> at 282, Fn.2, 628 A.2d 1163, Fn.2. The Superior Court also determined that IIGA's involvement in this action was based upon a contract between an Iowa insurer and an Iowa defendant. Therefore, Pennsylvania had more significant connections to the action. Id.

In our case, the facts are almost identical to <u>Miles</u>. The Plaintiffs are from Pennsylvania, the accident happened in Pennsylvania, the amount of the workermen's compensation benefits were determined by Pennsylvania law and the statutory provision allowing ABF to seek

reimbursement of the workermen's compensation benefits paid to the Plaintiffs is an application of Pennsylvania law. The Michigan Guaranty fund's relationship is based upon a contract with an insolvent Michigan Insurer. Based upon the analysis in <u>Miles</u>, Pennsylvania law should apply in this matter.

**2. ONE YEAR AFTER THE DECISION OF THE PENNSYLVANIA SUPERIOR COURT IN <u>MILES V. VAN METER</u>, THE PENNSYLVANIA LEGISLATURE ENACTED 40 P.S. SECTION 991.1817 NON-DUPLICATION OF RECOVERY THEREBY PRECLUDING THE RECOVERY OF WORKERMEN'S COMPENSATION BENEFITS.**

In this matter, the Pennsylvania Statute was enacted to avoid financial loss to claimants and policyholders in the event of insolvency of certain property and casualty insurance companies. The specific purpose of the Act is to "provide a means for the payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay in the payment of such claims and to avoid financial loss to claimants or policy holders as a result of the insolvency of an insurer." 40 P.S. Sec. 991.1801.

Section 991.1817, Non-duplication of recovery, of the Pennsylvania Statute states in subsection (a) the following:

> Any person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under **any kind of insurance**, whether it is a first-party or third-party claim, and shall include, without limitation, accident and health insurance, **worker's compensation**, Blue Cross and Blue Shield and all other coverages except for policies of an insolvent insurer. **Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under other insurance.**

40 P.S. Sec. 991.1817(a).

The case of <u>Miles v. Van Meter</u>, 427 Pa. Super. 278, 628 A.2d 1159 (1993), which permitted the recovery of workermen's compensation benefits against an insolvency fund was

- 3 -

decided prior to the enactment of 40 P.S. Sec. 991.1817.  Specifically, 40 P.S. Sec. 991.1817 expressly precludes the recovery of workmen's compensation benefits paid to an injured plaintiff.  The Non-Duplication Recovery section of the Act became effective 60 days after December 12, 1994.

Furthermore, 77 P.S. Sec. 29 from the Workermen's Compensation Act includes ABF within the meaning of an "Insurer."  Specifically, 77 P.S. Sec. 29 defines an "Insurer" as " . . . a self-insured employer or fund exempted by the Department of Labor and Industry pursuant to section 305."  Id.  Under the Workermen's Compensation Act, Plaintiff had a claim and received worker's compensation benefits under an insurance policy provided by ABF.  ABF was the recognized "Insurer" that provided coverage to its injured workers.  Furthermore, when the Pennsylvania Legislature enacted 40 P.S. Sec. 991.1817 and included the term "worker's compensation" it knowingly included self-employed companies since the definition of an "Insurer" under the Pennsylvania Workermen's Compensation Act includes ABF.

The Act is not designed to make ABF whole but to protect insureds and claimants from financial loss.  Where the words of a statute are clear and unambiguous, it is axiomatic that the courts must interpret and construe the statute according to its plain and obvious meaning.  See McClellan v. HMO Pa., ___ Pa. ___, 686 A.2d 801 (1996), Blackwell v. Pa. Ins. Guaranty Association, ___ Pa. Super. ___, 567 A.2d 1103 (1989), citing Philadelphia Housing Authority v. Pennsylvania Labor Relations Board, 508 Pa. 576, 499 A.2d 294 (1985); Garcia v. Community Legal Services Corp., 362 Pa. Super. 484, 524 A.2d 980 (1987).  The language of the Act could not be clearer:  Worker's compensation benefits are expressly excluded.

- 4 -

Pursuant to the rules of statutory construction, one can conclude that "all other coverage" includes any kind of insurance coverage listed in the exceptions to "property and casualty insurance" in 40 P.S. 991.1802, which includes workers compensation. Accordingly, recovery under workers compensation or any other type of insurance is therefore subject to the statutory "set off" provided by both the Pennsylvania Statute.

WHEREFORE, for all of the foregoing reasons, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, respectfully request that this Honorable Court deny ABF's Motion to Intervene.


GODFREY & COURTNEY, P.C.


By:   _____
      E. Ralph Godfrey, Esquire
      Attorney I.D. No. 77052
      P.O. Box 6280
      Harrisburg, PA 17112-0280
      (717) 540-3900
      Attorneys for Defendants Reliable Carriers, Inc.,
      and Daniel Joseph Bemben

Dated:

## CERTIFICATE OF SERVICE

AND NOW, this ___ day of May, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey &
Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben hereby
certify that I served the foregoing Brief of Defendants in Opposition to ABF's Motion to Intervene
this day by depositing the same in the United States mail, postage prepaid, in Harrisburg,
Pennsylvania, addressed to:

> Marcus McKnight, Esquire
> Mark D. Schwartz, Esquire
> Irwin, McKnight & Hughes
> 60 West Pomfret Street
> Carlisle, PA 17013
>
> Michael A. Farrell, Esquire
> Farrell & Ricci, P.C.
> 4423 North Front Street
> Harrisburg, PA 17110

_____
E. Ralph Godfrey