# ORIGINAL

> ⁓ $\nu$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO. 1:CV-00-1639 |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., | : | |
| DANIEL JOSEPH BEMBEN and KENT, | : | |
| | : | |
| Defendants | : | |

FILED

MAY 0 9 2003

PER
HARRISBURG, PA.          DEPUTY CL

## REPLY BRIEF OF DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs assert that Defendants' Motion for Summary Judgment should be denied because there is a material issue of fact in question; however, they fail to establish any facts that would prevent this Honorable Court from deciding the legal issue raised in the Motion. Specifically, Plaintiffs have failed to address the application of Pennsylvania Law, which is controlling, and expressly excludes the recoverability of workermen's compensation benefits in this case. Therefore, Defendants' Motion for Summary Judgment should be granted.

1. **40 P.S. SECTION 991.1817 NON-DUPLICATION OF RECOVERY OF THE PENNSYLVANIA PROPERTY AND CASUALTY ACT APPLIES TO THIS MATTER.**

In the case of Miles v. Van Meter, 427 Pa. Super. 278, 628 A.2d 1159 (1993), the Pennsylvania Superior Court held in a very similar case that after a conflict of laws analysis that Pennsylvania law would apply and not the law of the state of the Defendant. In Miles, the plaintiff was a resident of Pennsylvania, was injured in the course and scope of his employment by an employee of an Iowa company on the Pennsylvania Turnpike. The Iowa Insurance

Guaranty Association (IIGA) then assumed responsibility for the claim on behalf of the Defendant's insolvent insurer. Id. In analyzing the choice of law issue, the Superior Court of Pennsylvania discussed the application of <u>Laconis v. Burlington County Bridge Commission,</u> 400 Pa.Super. 483, 583 A.2d 1218 (1990). In that case, the Pennsylvania Superior Court held that under principles of comity, rights and liabilities of parties in tort actions, the law of the state with the most significant relationship to the occurrence and the parties will apply. Id. at 490-93, 583 A.2d at 1222-23. In <u>Miles,</u> the Superior Court determined that Pennsylvania law applied since the accident occurred in Pennsylvania, the amounts paid by the workermen's compensation were determined by Pennsylvania law and any right of subrogation would be governed by Pennsylvania law. <u>Miles</u> at 282, Fn.2, 628 A.2d 1163, Fn.2. They also determined that IIGA's only involvement in this action was based upon a contract between an Iowa insurer and an Iowa defendant. Id.

In our case, the facts are almost identical except that the Defendants and the Guaranty Fund are from Michigan, not Iowa. Specifically, the Plaintiffs are from Pennsylvania, the accident happened on the Pennsylvania turnpike, the workermen's compensation benefits were determined by Pennsylvania law and the statutory provision allowing ABF to seek reimbursement of the workermen's compensation benefits paid to the Plaintiffs is an application of Pennsylvania law. Based upon the analysis in <u>Miles,</u> Pennsylvania law should apply in this matter.

## 2. ONE YEAR AFTER THE DECISION OF THE PENNSYLVANIA SUPERIOR COURT IN <u>MILES V. VAN METER</u>, THE PENNSYLVANIA LEGISLATURE ENACTED 40 P.S. SECTION 991.1817 NON-DUPLICATION OF RECOVERY THEREBY PRECLUDING THE RECOVERY OF WORKERMEN'S COMPENSATION BENEFITS.

The case of <u>Miles v. Van Meter</u>, 427 Pa. Super. 278, 628 A.2d 1159 (1993), which permitted the recovery of workermen's compensation benefits against an insolvency fund was decided prior to the enactment of 40 P.S. Sec. 991.1817 <u>Non-duplication of Recovery</u> of the Pennsylvania Insurance Guaranty Act. While Plaintiffs argue that Michigan law does not apply to a self-insured, they fail to address the controlling law from Pennsylvania. Specifically, 40 P.S. Sec. 991.1817 expressly precludes the recovery of workmen's compensation benefits paid to an injured plaintiff. The Non-Duplication Recovery section of the Act became effective 60 days after December 12, 1994. The Non-Duplication Recovery states:

> Any person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under **any kind** of insurance, whether it is a first-party or third-party claim, and shall include, without limitation, accident and health insurance, **worker's compensation**, Blue Cross and Blue Shield and all other coverages except for policies of an insolvent insurer. **Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under other insurance.**

40 P.S. Sec. 991.1817(a).

Furthermore, 77 P.S. Sec. 29 from the Workermen's Compensation Act includes Plaintiffs' employer within the meaning of an "Insurer." Specifically, 77 P.S. Sec. 29 defines an "Insurer" as " . . . a self-insured employer or fund exempted by the Department of Labor and Industry pursuant to section 305." Id.

- 3 -

In our case, the Plaintiff made a claim and received worker's compensation benefits from an "Insurer", ABF, which is a recognized insurance coverage by the Pennsylvania Department of Labor. Defendants are entitled to a set off in the amount of the workermen's compensation benefits and any other insurance provided to the Plaintiff because they fall within the meaning of "any kid of insurance", "worker's compensation", and "all other coverages." Therefore, any verdict or settlement obtained by Plaintiffs must be reduced by the amount of benefits received through insurance.

WHEREFORE, for all of the foregoing reasons, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, respectfully request that this Honorable Court Grant Defendants' Motion for Summary Judgment and issue and order entitling them to a setoff against any verdict in the amount of any insurance, including the workers' compensation payments, paid or payable to Plaintiffs as a result of this accident.

GODFREY & COURTNEY, P.C.

By: _____
E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 6280
Harrisburg, PA 17112-0280
(717) 540-3900
Attorneys for Defendants Reliable Carriers, Inc.,
and Daniel Joseph Bemben

Dated: 5/9/03

## CERTIFICATE OF SERVICE

AND NOW, this $\underline{9}$ day of May, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey & Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben hereby certify that I served the foregoing Reply Brief of Defendants in Support of their Motion for Summary Judgment this day by depositing the same in the United States mail, postage prepaid, in Harrisburg, Pennsylvania, addressed to:

> Marcus McKnight, Esquire
> Mark D. Schwartz, Esquire
> Irwin, McKnight & Hughes
> 60 West Pomfret Street
> Carlisle, PA 17013

E. Ralph Godfrey