ORIGINAL

$\geq$ to CV

FILED
HARRISBURG, PA

MAY 19 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO. 1:CV-00-1639 |
| | : | |
| Plaintiffs | : | **JURY TRIAL DEMANDED** |
| | : | |
| vs. | : | |
| | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., | : | |
| DANIEL JOSEPH BEMBEN and KENT, | : | |
| Defendants | : | |
| | : | |

## DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN' S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT ROGER H. OSTDAHL, M.D.

AND NOW come Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben, by and through their attorneys, Godfrey & Courtney, P.C., and state the following:

1.      Dr. Roger H. Ostdahl, M.D.'s trial deposition was taken on January 28, 2003.  (A copy of Dr. Ostdahl's deposition transcript is attached as Exhibit "A").

2.      Dr. Ostdahl failed to render his testimony within a reasonable degree of medical certainty and, therefore his testimony should not be presented to the jury.

3.      An expert is generally required to give an opinion "to a reasonable degree of [professional] certainty." McMahon v. Young, 276 A.2d 534 (Pa. 1971); McCann v. Amy Joy Donuts, 472 A.2d 1149 (Pa. Super. 1984); Holbrook v. Lykes Bros. Steamship Co., Inc., 80 F.3d 777 (3d Cir. 1996).

4.      While the phrase "reasonable degree of professional certainty" is not required, the Third Circuit has expressly observed in Schulz v. Celotex Corp., 942 F.2d 204, 208 (3d Cir. 1991) that the phrase "is a useful shorthand expression that is helpful in forestalling challenges to the admissibility of expert testimony."

5.    An opinion will be excluded as lacking in requisite certainty if it is couched in terms such as "possibly," "could have," "could very probably account for" or "very highly probable." See Blizzard v. Motorola, Inc., 1996 U.S. Dist. LEXIS 883 (E.D. Pa. Jan. 29, 1996); Cohen v. Albert Einstein Medical Center, 592 A.2d 720, 723 (Pa. Super. 1991) appeal denied 602 A.2d 855 (PA. 1992); Eaddy v. Hamaty, 694 A.2d 639, 642 (Pa. Super. 1997) ("in all likelihood" "may have hastened the onset" is insufficient).

6.    Dr. Ostdahl never states in his testimony that he believes to a reasonable degree of medical certainty or that in his professional opinion the accident caused any of the Plaintiffs' alleged injuries, including the surgeries to Plaintiffs' neck.

7.    Dr. Ostdahl's testimony should be precluded since it does not qualify as competent evidence.

WHEREFORE, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben respectfully request this Honorable Court enter an Order precluding Plaintiffs from introducing the expert testimony of Dr. Roger Ostdahl, M.D.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

By: _____
      E. Ralph Godfrey, Esquire
      Attorney ID No.: 77052
      2215 Forest Hills Drive, Suite 36
      P.O. Box 6280
      Harrisburg, PA  17112
      (717) 540-3900

Date:  May 19, 2003