ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO. 1:CV-00-1639 |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., | : | |
| DANIEL JOSEPH BEMBEN and KENT, | : | |
| Defendants | : | |
| | : | |

FILED
HARRISBURG, PA

MAY 1 9 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN'S
BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE
THE TESTIMONY OF PLAINTIFFS' EXPERT ROGER H. OSTDAHL, M.D.**

**A.   PROCEDURAL HISTORY**

Plaintiffs, John and Theresa Perkey, ("Plaintiffs") commenced this action by filing a

Complaint on September 14, 2000.   Thereafter, Defendants, Reliable Carriers, Inc. and Daniel

Joseph Bemben, ("Defendants") filed an Answer and New Matter denying Plaintiffs' allegations.

This matter has been placed on the July, 2003 trial list.   On April 30, 2003, Defendants filed a

Motion for Summary Judgment, and as of the date of filing this Brief, no decision has been

received.   Dr. Roger H. Ostdahl, M.D.'s trial deposition was taken on January 28, 2003.   (A copy

of Dr. Ostdahl's deposition transcript is attached to Defendants' Motion in Limine as Exhibit

"A").   Defendants have filed a Motion in Limine to exclude Plaintiffs' medical expert Rodger H.

Ostdahl, M.D., since he failed to render his testimony within a reasonable degree of medical

certainty.   This Brief supports their Motion in Limine.

**B.**   **STATEMENT OF FACTS**

This case arises out of a motor vehicle accident that occurred on September 15, 1998, that took place on eastbound I-76 near milepost 37.7, in Allegheny County, Pennsylvania.  The Statement of Facts section contained in Defendants' Brief in Support of their Motion for Summary Judgment is incorporated herein as if set forth at length.  In support of their action, Plaintiffs have taken the deposition of Dr. Ostdahl.  Dr. Ostdahl failed to render his testimony within a reasonable degree of medical certainty and, therefore his testimony should not be presented to the jury.   This brief is in support of Defendants' Motion in Limine.

**C.**   **ISSUE**

> **1.**   **WHETHER PLAINTIFFS' MEDICAL EXPERT ROGER H. OSTDAHL, M.D.'S TESTIMONY SHOULD BE PRECLUDED SINCE HE FAILED TO RENDER HIS TESTIMONY WITHIN A REASONABLE DEGREE OF MEDICAL CERTAINTY?**
>
> **Suggested Answer:   Yes.**

**D.**   **ARGUMENT**

> **1.**   **WHETHER PLAINTIFFS' MEDICAL EXPERT ROGER H. OSTDAHL, M.D.'S TESTIMONY SHOULD BE PRECLUDED SINCE HE FAILED TO RENDER HIS TESTIMONY WITHIN A REASONABLE DEGREE OF MEDICAL CERTAINTY?**

The testimony of Dr. Ostdahl must be precluded since it fails to conform to the required degree of certainty.  An expert is generally required to give an opinion "to a reasonable degree of [professional] certainty." McMahon v. Young, 276 A.2d 534 (Pa. 1971); McCann v. Amy Joy Donuts, 472 A.2d 1149 (Pa. Super. 1984); Holbrook v. Lykes Bros. Steamship Co., Inc., 80 F.3d 777 (3d Cir. 1996).     While the phrase "reasonable degree of professional certainty" is not

required, the Third Circuit has expressly observed in Schulz v. Celotex Corp., 942 F.2d 204, 208 (3d Cir. 1991) that the phrase "is a useful shorthand expression that is helpful in forestalling challenges to the admissibility of expert testimony."

An opinion will be excluded as lacking in requisite certainty if it is couched in terms such as "possibly," "could have," "could very probably account for" or "very highly probable." See Blizzard v. Motorola, Inc., 1996 U.S. Dist. LEXIS 883 (E.D. Pa. Jan. 29, 1996); Cohen v. Albert Einstein Medical Center, 592 A.2d 720, 723 (Pa. Super. 1991) appeal denied 602 A.2d 855 (PA. 1992); Eaddy v. Hamaty, 694 A.2d 639, 642 (Pa. Super. 1997) ("in all likelihood" "may have hastened the onset" is insufficient).

In the case at hand, Dr. Ostdahl failed to render his testimony within a reasonable degree of medical certainty. Furthermore, the testimony of Dr. Ostdahl never states that he believes to a reasonable degree of medical certainty or that in his professional opinion the accident caused any of the Plaintiffs' alleged injuries, including the surgeries to Plaintiffs' neck. As a matter of law, Plaintiff has failed to establish causation through Dr. Ostdahl's testimony and Dr. Ostdahl's testimony should be precluded since it does not qualify as competent evidence.

## E.    CONCLUSION

By virtue of the reasons set forth hereinabove, Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben respectfully request this Honorable Court enter an Order precluding Plaintiffs from introducing the expert testimony of Dr. Roger Ostdahl, M.D.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

By: _____

E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA  17112
(717) 540-3900
Attorney for Defendants

5/19/03

## CERTIFICATE OF SERVICE

I, E. Ralph Godfrey, Esquire of the law firm Godfrey & Courtney, P.C., hereby certify that I served a true and exact copy of *Defendants' Brief in Support of their Motion in Limine to Exclude Plaintiffs' Expert Rodger Ostdahl, M.D.* with reference to the foregoing action by First Class Mail, postage prepaid, this *19*th day of May, 2003 on the following:

> Marcus McKnight, Esquire
> Mark D. Schwartz, Esquire
> Irwin, McKnight & Hughes
> 60 West Pomfret Street
> Carlisle, PA 17013

GODFREY & COURTNEY, P.C.

E. Ralph Godfrey, Esquire