

**ORIGINAL**

> to ck

**FILED**
HARRISBURG, PA

MAY 1 9 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO. 1:CV-00-1639 |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, Defendants | : | |
| | : | |

## DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN'S BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE OR, IN THE ALTERNATIVE, TO LIMIT THE MEDICAL EXPENSES PROVABLE AT TRIAL

### A.   PROCEDURAL HISTORY

Plaintiffs, John and Theresa Perkey, ("Plaintiffs") commenced this action by filing a Complaint on September 14, 2000.   Thereafter, Defendants, Reliable Carriers, Inc. and Daniel Joseph Bemben ("Defendants") filed an Answer and New Matter denying Plaintiffs' allegations. An order was issued on February 28, 2003 by this Honorable court requiring that all discovery must be completed by April 7, 2003.   This matter has been placed on the July, 2003 trial list.   On April 30, 2003, Defendants filed a Motion for Summary Judgment, and as of the date of filing this Brief, no decision has been received.   Defendants have filed a Motion in Limine to exclude or, in the alternative, limit the amount of medical expenses provable at trial. This Brief is in support of their Motion in Limine.

### B.   STATEMENT OF FACTS

This case arises out of a motor vehicle accident that occurred on September 15, 1998, that took place on eastbound I-76 near milepost 37.7, in Allegheny County, Pennsylvania.   The

Statement of Facts section contained in Defendants' Brief in Support of their Motion for Summary Judgment is incorporated herein as if set forth at length. It is the Defendants' understanding that Plaintiffs intend to submit into evidence and attempt to recover the face amounts of medical bills allegedly incurred because of Plaintiffs medical treatment from this accident. At no time during discovery did Plaintiffs provide Defendants with a list of medical expenses that they allege to be related to this accident. Plaintiffs should not be permitted to introduce this information into evidence since Defendants are severely prejudiced by the delay. In the alternative, should Plaintiffs be permitted to introduce medical expenses, the amount should be limited as stated below.

**C.    ISSUE**

      **1.    WHETHER PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING MEDICAL EXPENSES INTO EVIDENCE WHEN THEY FAILED TO PROVIDE THIS INFORMATION AS REQUIRED BY THIS HONORABLE COURT'S ORDER AND THE DEFENDANTS ARE SEVERELY PREJUDICED?**

        **Suggested Answer: Yes.**

      **2.    WHETHER PLAINTIFFS SHOULD BE LIMITED TO RECOVERING PAST MEDICAL EXPENSES ACTUALLY PAID AND ACCEPTED AS FULL PAYMENT FOR SERVICES RENDERED BY THE MEDICAL PROVIDERS, RATHER THAN THE FAIR AND REASONABLE VALUE OF THE MEDICAL SERVICES?**

        **Suggested Answer:  Yes.**

D.   **ARGUMENT**

1.   **PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING MEDICAL EXPENSES INTO EVIDENCE WHEN THEY FAILED TO PROVIDE THIS INFORMATION AS REQUIRED BY THIS HONORABLE COURT'S ORDER AND DEFENDANTS ARE SEVERELY PREJUDICED.**

Plaintiff has a twenty (20) year history of back, neck, knee and shoulder problems.  He has been treated by numerous medical care providers and has undergone a variety of surgeries. He has been disabled and received workers compensation benefits before this incident on many occasions because of many accidents.  Simply stated, Plaintiff was not a healthy man before this incident.  Because of the extensive medical history, Defendants, in their discovery requests, requested that Plaintiffs provide them with an itemized list of the costs and expenses of all treatments received by Plaintiffs that they claim to be related to this accident.  In addition, Defendants requested that Plaintiffs provide the identity of the provider, the amount of such bill, and the service rendered.  Plaintiffs responded on May 15, 2001, that this information "WILL BE SUPPLIED."  (See Defendants' Interrogatory #8 and #11 and Plaintiffs' answer, which is attached to Defendants' Motion in Limine as Exhibit "A.") Except for medical records, the medical bills and expenses have never been provided. Defendants are now severely prejudiced by Plaintiffs delay in providing this information. Because of Plaintiffs' failure to provide this information in a timely manner, Plaintiffs should be precluded from recovering medical expenses.

**2.    IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE LIMITED TO
RECOVERING PAST MEDICAL EXPENSES ACTUALLY PAID AND
ACCEPTED AS FULL PAYMENT FOR SERVICES RENDERED BY THE
MEDICAL PROVIDERS, RATHER THAN THE FAIR AND
REASONABLE VALUE OF THE MEDICAL SERVICES.**

The Pennsylvania Supreme Court in the case of Moorhead v. Crozer Chester Medical

Center, 564 Pa. 156, 765 A.2d 786 (2001) held that the amount accepted by the medical care

provider as payment in full is the amount the Plaintiff is entitled to recover as compensatory

damages.  Id. at 162, 765 A.2d 789.  The Pennsylvania Supreme Court went on to cite

Restatement (Second) of Torts, Sec. 911 comment h (1977), which states: "When the plaintiff

seeks to recover for expenditures made or liability incurred to third persons for services

rendered, normally the amount recovered is the reasonable value of the services rather than the

amount paid or charged.  If, however, the injured person paid less than the exchange rate, he can

recover no more than the amount paid, except when the low rate was intended as a gift to him."

The Pennsylvania Supreme Court went on to state that awarding Appellant that additional

amount of the medical bills would provide them with a windfall and would violate the

fundamental tenets of just compensation. Id. at 163, 765 A.2d 790.

In this matter, Plaintiffs should only be permitted to introduce the value paid for past

medical expenses.  If the Plaintiffs are allowed to introduce the face value of the medical bills,

the Plaintiffs would obtain a windfall not allowed by Moorhead v. Crozer Chester Medical

Center, 564 Pa. 156, 765 A.2d 786 (2001).

**E.**     **CONCLUSION**

By virtue of the reasons set forth hereinabove, Defendants Reliable Carriers, Inc. and

Daniel Joseph Bemben respectfully request this Honorable Court preclude Plaintiffs from

introducing any medical expenses at the time of trial or, in the alternative, limit the medical

evidence to the amount actually paid.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

5/18/03        By: _____
                   E. Ralph Godfrey, Esquire
                   Attorney I.D. No. 77052
                   2215 Forest Hills Drive, Suite 36
                   P.O. Box 6280
                   Harrisburg, PA  17112
                   (717) 540-3900
                   Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, E. Ralph Godfrey, Esquire of the law firm Godfrey & Courtney, P.C., hereby certify that I served a true and exact copy of *Defendants' Brief in Support of their Motion in Limine to Exclude Medical Expenses* with reference to the foregoing action by First Class Mail, postage prepaid, this /9 th day of May, 2003 on the following:

Marcus McKnight, Esquire
Mark D. Schwartz, Esquire
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA 17013

GODFREY & COURTNEY, P.C.

E. Ralph Godfrey, Esquire