Case 1:00-cv-01639-JAS   Document 58   Filed 05/19/2003   Page 1 of 6

ORIGINAL

$\supset$ $\frac{1}{2}$ $C\!\!\!\!\!\!\!\!\!\!\!\!/$

FILED
HARRISBURG, PA

MAY 1 9 2003

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : : : | CIVIL ACTION NO. 1:CV-00-1639 |
| **Plaintiffs** | : : | **JURY TRIAL DEMANDED** |
| vs. | : : | |
| | : | **Magistrate Judge Smyser** |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, | : : | |
| **Defendants** | : : | |

## DEFENDANT RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN'S BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT, HARRY M. LEISTER, JR., F.S.A.

**A.    PROCEDURAL HISTORY**

Plaintiffs, John and Theresa Perkey, ("Plaintiffs") commenced this action by filing a Complaint on September 14, 2000.   Thereafter, Defendants, Reliable Carriers, Inc. and Daniel Joseph Bemben, ("Defendants") filed an Answer and New Matter denying Plaintiffs' allegations. This matter has been placed on the July 2003 trial list.  On April 30, 2003, Defendants filed a Motion for Summary Judgment, and as of the date of filing this Brief, no decision has been received.  Defendants have filed a Motion in Limine to exclude Plaintiff's economic expert, Harry M. Leister, Jr., F.S.A. ("Leister").  This Brief supports its Motion in Limine.

**B.    STATEMENT OF FACTS**

This case arises out of a motor vehicle accident that occurred on September 15, 1998, that took place on eastbound I-76 near milepost 37.7, in Allegheny County, Pennsylvania.  The Statement of Facts section contained in Defendants' Brief in Support of their Motion for Summary Judgment is incorporated herein as if set forth at length.  In support of their action,

Plaintiffs have retained the services of Mr. Leister, an economist. Mr. Leister has written a report concerning Plaintiff John D. Perkey's alleged future wage loss as a result of his "total disability." This report is attached to Defendants' Motion in Limine as Exhibit "A". Plaintiffs have failed to produce a Curriculum Vitae for Mr. Leister.

Mr. Leister states in his assumptions that Mr. Perkey "has been unable to work since the date of the accident and for the purpose of this preliminary report **I have assumed** that he is totally and permanently disabled." Based upon this assumption, Mr. Leister opines that Mr. Perkey has sustained a combined loss of earnings capacity and fringe benefits in the amount of $1,401,190.00. Mr. Leister's assumption and calculations are flawed and lack foundation since they are not supported by medical testimony. Specifically, none of Plaintiffs' treating doctors have rendered him "totally and permanently disabled." In fact, Dr. Rychak testified in his deposition as follows:

Q.     Now, Doctor, you,ve testified about Mr. Perkey's ability to work. Am I correct in that Mr. Perkey in your opinion **is not totally disabled** in that he cannot do any job?

A.     Correct. I mean, there are jobs he could probably do. What I testified to is that he had a FCE in 2000 and if somebody wanted an absolute parameters, then we would do an updated FCE.

(See Rychak deposition at 102, which is attached to Defendants' Motion in Limine as Exhibit "B".

Q.    Okay.  Doctor, just so the jury is aware, you're not claiming today that Mr.

Perkey is totally disabled?

A.    No.

(See Exhibit "B: at p. 144.)

Dr. Rychak went on to state that Mr. Perkey's alleged right shoulder injury does not

render him totally disabled.  See Exhibit "B" at p. 107.   Lastly, Mr. Leister's report fails to

account for Mr. Perkey's current earning capacity.  Therefore, Defendants respectfully request

that Mr. Leister be precluded from testifying since his calculations lack foundation and fail to

take into account Mr. Perkey's current earning capacity.  This brief is in support of Defendants'

Motion in Limine.

## C.    ISSUE

**1.    WHETHER PLAINTIFF'S ECONOMIC EXPERT SHOULD BE
PRECLUDED FROM TESTIFYING AT TRIAL SINCE PLAINTIFF HAS
NOT BEEN RENDERED TOTALLY AND PERMANENTLY DISABLED?**

**Suggested Answer:  Yes.**

## D.    ARGUMENT

**1.    PLAINTIFF'S ECONOMIC EXPERT SHOULD BE PRECLUDED FROM
TESTIFYING AT TRIAL SINCE PLAINTIFF HAS NOT BEEN
RENDERED TOTALLY AND PERMANENTLY DISABLED.**

Plaintiffs' economic expert must be precluded from testifying since his calculations on

future wage loss and fringe benefits are based upon an assumption that is not supported by the

medical testimony in this case.  As was held in Havens v. Tonner, 243 PA.Super. 371, 365 A.2d

1271 (1976), unemployablity of a plaintiff in an industrial market is not the equivalent of total and permanent disability. Id. Specifically, the Havens court stated "being industrially unemployable because of medium to large industry's current reluctance to hire employees with medical problems does not equate with either total or permanent disability." Id at. 377 365 A.2d at 1273.

The court went on to state that the economist who calculated projected future loss of earnings should not have been permitted to make that calculation on the assumption of total and permanent disability without evidence that the plaintiff could not work in some capacity for which he was qualified. Id. at 377, 365 A.2d 1274.

In the case at hand, none of Plaintiffs' treating doctors, including Dr. Rychak, have rendered the Plaintiff John Perkey totally and permanently disabled. There is no evidence that Mr. Perkey can not work in some capacity for which he would be qualified. Since Plaintiff John Perkey is capable of working in some degree, he has a duty to mitigate his damages. Based upon Mr. Perkey's own testimony, he has not sought employment in any fashion since the accident. Furthermore, there is no medical testimony that unequivocally states when Mr. Perkey became disabled, the cause of his disability or how long he was disability. Since these questions have not been answered, Mr. Leister's opinion is based upon speculation and lacks proper foundation. Furthermore, Mr. Leister's opinion fails to account for and reduce the future lost earnings capacity and fringe benefits in his calculations by Mr. Perkey's current earning capacity.

**E.**     **CONCLUSION**

By virtue of the reasons set forth hereinabove, Defendants Reliable Carriers, Inc. and

Daniel Joseph Bemben respectfully request this Honorable Court enter an Order precluding

Plaintiffs from introducing the expert testimony of Harry M. Leister, Jr. , F.S.A. on the issue of

loss of future earnings capacity and fringe benefits.

Respectfully submitted,

GODFREY & COURTNEY, P.C.

5/19/03            By: _____

E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA  17112
(717) 540-3900
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, E. Ralph Godfrey, Esquire of the law firm Godfrey & Courtney, P.C., hereby certify that I served a true and exact copy of *Defendants' Brief in Support of their Motion in Limine to Exclude Plaintiff's Economic Expert* with reference to the foregoing action by First Class Mail, postage prepaid, this 17th day of May, 2003 on the following:

Marcus McKnight, Esquire
Mark D. Schwartz, Esquire
Irwin, McKnight & Hughes
60 West Pomfret Street
Carlisle, PA 17013


GODFREY & COURTNEY, P.C.


E. Ralph Godfrey, Esquire