*bct.*

# ORIGINAL

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and, | : | |
| THERESA M. PERKEY, | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Civil Action No. 1:CV-00-1639** |
| | : | **(Judge Andrew Smyser)** |
| | : | |
| RELIABLE CARRIERS, INC., | : | |
| DANIEL JOSEPH BEMBEN and | : | |
| KENT, | : | |
| **Defendants** | : | |

FILED
MAY 22 2003
MARY E. D'ANDREA, CLERK
PER ____ HBG, PA DEPUTY CLERK

## REPLY BRIEF OF ABF FREIGHT SYSTEMS, INC., IN RESPONSE TO DEFENDANT'S BRIEF IN OPPOSITION TO ABF'S MOTION TO INTERVENE

## STATEMENT OF FACTS

Plaintiff, John D. Perkey, alleged that he sustained an injury on September 15, 1998. At the time of the accident, Plaintiff was an employee of ABF. ABF, as a self-insured company, made payment of workers' compensation benefits for Plaintiff's wage loss and medical expense totaling nearly $180,000.00.

On April 17, 2003, ABF filed a Motion to Intervene in these proceedings pursuant to Fed.R.Civ.P. 24(b) an (c).  ABF is seeking to intervene in order to protect the subrogation interests under Section 319 of the Pennsylvania Workers' Compensation Act, 77 P.S. §671. Defendants, Reliable Carriers, Inc. (Reliable) and Daniel Joseph Bemben (Bemben) were insured by Reliance Insurance Company. Reliance Insurance subsequently became insolvent.  The Michigan Property & Casualty Guarantee Association (MPCGA) assumed responsibility for Reliance Insurance claims.

## ISSUE PRESENTED

**WHETHER ABF FREIGHT SYSTEMS, INC. AS A SELF-INSURERED, IS PRECLUDED FROM ASSERTING A SUBROGATION LIEN FOR AND JUDGMENT AGAINST THE MPCGA, WHERE SELF-INSUREDS ARE NOT DEFINED AS AN "INSURER" UNDER PENNSYLVANIA PROPERTY & CASUALTY GUARANTEE ASSOCIATION?**

**(Suggested Answer:        No)**

# **ARGUMENT**

As Defendant correctly asserted, Pennsylvania law is applicable to the current issue where Plaintiff is a resident of Pennsylvania and the accident occurred in Pennsylvania. ABF submits that Defendant is incorrect in asserting that a self-insured entity such as ABF is included in the setoff provision under Pennsylvania Property & Casualty Insurance Guarantee Association, 40 P.S. §991.1817(a).

ABF submits the case of Miles v. Van Meter, 628 A.2d 1159 (Pa. Super. 1993), supports the conclusion that ABF is not subject to the setoff provision. In Miles, the Plaintiff sustained in injury during the course and scope of his employment. The Defendants were insured by an insurance company that subsequently became insolvent. The Iowa Insurance Guarantee Association (IIGA) assumed the responsibilities of Defendant's policies. Plaintiff received workers' compensation benefits pursuant to the Pennsylvania Workers' Compensation Act. The workers' compensation insurance carrier also became insolvent. The Pennsylvania Workers' Compensation Security Fund (PWCSF) assumed

responsibility for workers' compensation benefits payable to the Plaintiff.

When analyzing the relevant statutes, the Court concluded that PWCSF was not a "Insurer" under the terms of the Pennsylvania Property & Casualty Insurance Guarantee Act.  Accordingly, PWCSF was not precluded from asserting a subrogation lien.  Furthermore, IIGA was not entitled to a setoff for those workers' compensation benefits paid by PWCSF.

Similarly, In the present case, ABF stands in the shoes of the PWCSF.  As such, ABF is not subject to the setoff provision provided in 40 P.S. §991.1802.

ABF acknowledged that the Pennsylvania Property & Casualty Insurance Guarantee Association Act was amended sometime after the Decision in <u>Miles</u>, <u>supra</u>.   The PIGA statute now includes benefits received under a workers' compensation policy as being within the setoff provision.   However, the term "Insurer" has not been amended in the Pennsylvania Property & Casualty Insurance Guarantee Act.   Under the current Act, the term "Insurer" or "Member Insurer" is defined as "any insurance company, association or exchange which is licensed to

write and is engaged in writing within this commonwealth, on a direct basis, property and casualty insurance policies."   40 P.S. §991.1802. ABF is a self-insured employer and is not subject to or included in the definition of "Insurer."   Similar to the outcome in <u>Miles</u>, ABF is not subject to the setoff provisions of the Pennsylvania Property & Casualty Insurance Guarantee Act.

Defendants attempt to cloud or avoid this pivotal distinction by relying on the definition of an "Insurer" as contained in Section 109 of the Pennsylvania Workers' Compensation Act.   However, the Pennsylvania Workers' Compensation Act does not preclude the subrogation rights of ABF.   Rather, the subrogation right of ABF is established under Section 319 of the Act. Defendants claimed authority to support their argument is the PIGA statute.   Accordingly, Defendants must look to the definition of "Insurer" in that statute.   As indicated above, the definition of "Insurer" under the PIGA statute does not include a self-insured employer such as ABF.   Accordingly, Defendants' argument is flawed and must fail.

WHEREFORE, for all of the foregoing reasons, ABF Freight Systems, Inc., respectfully requests that this Honorable Court grant ABF's Motion to Intervene.


Respectfully submitted:


**FARRELL & RICCI, P.C.**


Michael A. Farrell, Esquire
Attorney I.D. No. 41067
4423 North Front St.
Harrisburg, PA 17110
(717) 230-9201

(Attorney for ABF Freight
Systems, Inc.)

Dated:     May 22, 2003

## CERTIFICATE OF SERVICE

I, Michael A. Farrell, Esquire, do hereby certify that I served a true and correct copy of *ABF Freight System, Inc.'s Reply Brief in Response to Defendant's Brief in Opposition to ABF's Motion to Intervene* on this 22nd day of May, 2003, by depositing it in the United States mail, postage prepaid and in the manner indicated below, addressed as follows:

*HAND-DELIVERED:*

**United States District Court**
**Middle District of Pennsylvania**
Federal Building
228 Walnut Street
Harrisburg, PA 17108

**Marcus A. McKnight, III, Esquire**
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA 17013
(Attorney for Plaintiffs)

**E. Ralph Godfrey, Esquire**
*Godfrey & Courtney, P.C.*
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA 17112-0280
(Attorneys for Reliable Carriers and Daniel Bemben)

By: Michael A. Farrell
_____
Michael A. Farrell, Esquire