ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and : | |
| THERESA M. PERKEY : | |
|     Plaintiffs : | |
| : | Civil Action |
| vs. : | Number 1: CV – 00 – 1639 |
| : | |
| RELIABLE CARRIERS, INC., : | |
| DANIEL JOSEPH BEMBEN, : | Jury Trial Demanded |
| and KENT, : | |
|     Defendants : | Magistrate Judge Smyser |

**BRIEF OF JOHN D. PERKEY AND THERESA M. PERKEY
IN OPPOSITION TO MOTION IN LIMINE
FOR SETOFF OF $10,000 BY RELIABLE CARRIERS, INC.
AND JOSEPH BEMBEN AND KENT**

A.     **Procedural History and Facts:**

The Plaintiff, John D. Perkey, was injured in an accident on the Pennsylvania Turnpike on September 15, 1998, when the rear wheels of the Defendant's tractor became dislodged and struck the tractor and trailer driven by the Plaintiff, John D. Perkey.

A Complaint was filed by the Plaintiff on September 14, 2000. The Defendant has filed an Answer with certain Affirmative Defenses on January 29, 2001. The parties are now completing their preparation for trial. The Plaintiffs were served with the Motion in Limine, along with a supporting Brief. The Plaintiff now files this Brief in opposition to the Defendant's Motion in Limine for a setoff of $10,000.00.

The Plaintiff, John D. Perkey, did receive first party benefits from Prudential Insurance in the amount of $5,000.00. He later settled litigation with Prudential for underinsured coverage of an additional $5,000.00.

The Plaintiffs agree that under the language of the Michigan Property and Casualty Association, the Defendant is entitled to a setoff of $5,000.00 for the underinsured settlement with Prudential. The Plaintiff maintains that the Defendants are not entitled to a setoff of the first party wage loss of $5,000.00 from Prudential.

**B.** **Issue:**

Whether the Defendants are entitled to a setoff of $10,000.00.

**Suggested Answers:**

Yes, as to the underinsured recovery of $5,000.00.

No, as to the first party benefits of $5,000.00

**C.** **Argument**:

The benefits at issue are the first party wage loss benefits of John Perky's own insurance carrier, Prudential Insurance. This coverage is governed by the Motor Vehicle Financial Responsibility Law at **75 Pa. C.S.A. 1701 et. seq.** This law specifically provides that first party benefits are primary at **75 Pa. C.S.A. 1719.** It also provides that there is no right of subrogation or reimbursement from a third party tort recovery. **75 Pa. C.S.A. at 1720.**

The defendants should not be given a credit for benefits they never were obligated to pay unless the plaintiff is permitted to submit those medical expenses to the jury.

The parties are litigating this case under the Michigan law since the Michigan Fund is providing the coverage for Reliable Carriers. The Defendants and their insolvent carrier are from Michigan. The plaintiff agrees that the Five Thousand and no/100 ($5,000.00) Dollar settlement from Prudential should be a set-off.

The Michigan statute does not include language sufficient to include the Plaintiff's own first party wage loss benefit of $5,000.00 as a set-off credit toward its obligations. See **Insurance Code of 1956, Act 218 of 1956 § 500.7931**; a copy of which is attached.

**D.  Conclusion**:

For the foregoing reasons, the Plaintiffs assert that a setoff of $5,000.00 for the underinsured claim settlement is appropriate but that a setoff of $5,000.00 of his own first party wage loss is not appropriate.

Respectfully submitted,

IRWIN, McKNIGHT & HUGHES

_____
Marcus A. McKnight, III, Esquire
Attorney I.D. #25476
60 West Pomfret Street
Carlisle, PA  17013
(717) 249-2353
Attorney for Petitioner
John D. Perkey

Date:  June 6, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and<br>THERESA M. PERKEY<br>    Plaintiffs<br><br>vs.<br><br>RELIABLE CARRIERS, INC.,<br>DANIEL JOSEPH BEMBEN,<br>and KENT,<br>    Defendants | :<br>:<br>:<br>:   Civil Action<br>:   Number 1: CV – 00 – 1639<br>:<br>:<br>:<br>:<br>:   Magistrate Judge Smyser |

**CERTIFICATE OF SERVICE**

I, Marcus A. McKnight, III, Esquire, hereby certify that a copy of attached Brief was served upon the following by depositing a true and correct copy of the same in the United States mail, First Class, postage prepaid in Carlisle, Pennsylvania, on the date referenced below and addressed as follows:

E. Ralph Godfrey, Esquire
Godfrey & Courtney, P.C.
P.O. Box 6280
Harrisburg, PA  17112

                          IRWIN, McKNIGHT & HUGHES

             By:    _____
                    Marcus A. McKnight, III, Esquire
                    60 West Pomfret Street
                    Carlisle, PA 17013
                    (717) 249-2353
                    Supreme Court I.D. No. 25476

Date:   June 6, 2003