**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED JUN 0 9 2003 PER HARRISBURG, PA. DEPUTY CLERK

| | |
|---|---|
| JOHN D. PERKEY and, <br> THERESA M. PERKEY, <br>       Plaintiffs <br><br> v. <br><br> RELIABLE CARRIERS, INC., <br> DANIEL JOSEPH BEMBEN and <br> KENT, <br>       Defendants | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 1:CV-00-1639 <br> : (Judge Andrew Smyser) <br> : <br> : <br> : <br> : <br> : |

## MOTION FOR RECONSIDERATION OF MAY 30, 2003 ORDER DENYING ABF FRIEGHT SYSTEM, INC.'S MOTION TO INTERVENE AND MOTION FOR LEAVE OF COURT TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*NOW COMES,* ABF Freight Systems, Inc., as self-insured and subrogee, by its attorney, Michael A. Farrell, Esquire, Farrell & Ricci, P.C., and represents unto this Honorable Court as follows:

1. On May 30, 2003, an Order was issued granting Defendant's Motion for Declaratory Relief and Denying ABF's Motion to Intervene and Motion for Leave of Court to Respond to Defendant's Motion for Summary Judgment, (which was referred by the Court as a Request for Declaratory Relief). (Order and Memorandum of the Unites States District Court, Middle District, dated May 30, 2003, is attached hereto as Exhibit "A").

2. Pursuant to Federal Rule of Appellate Procedure 7.10, ABF requests this Honorable Court to reconsider ABF's motions. ABF asserts that the Order of May 30, 2003 is an error of law.

3. The Standard of Review controlling a Motion for Reconsideration is set forth in Federal Rule of Court Procedure 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 799 F.2d 906, 909 (3d Cir. 1985).

4. The litigation which ABF seeks to intervene was filed by Complaint on September 14, 2000. The matter involves a motor vehicle accident which occurred in the Commonwealth of Pennsylvania. Plaintiffs, John D. Perkey and Theresa M. Perkey, are residents of Pennsylvania.

5. Plaintiff, John D. Perkey, was operating a tractor trailer while in the course and scope of his employment with ABF when his vehicle collided with a portion of another tractor trailer vehicle driven by Defendant Bemben and owned by Defendant Reliable Carriers, Inc. (Reliable).

6. Plaintiff sustained injuries due to the motor vehicle accident. Due to the employment relationship of Plaintiff and ABF, pursuant to the Provisions of the PA Workers' Compensation Act, ABF paid the sum of $127,046.00 in temporary total disability benefits to Plaintiff and $52,685.58 for necessary medical expenses to treat his work-related injuries. ABF's payment of workers' compensation benefits to Plaintiff, John D. Perkey, are continuing. ABF is self-insured for workers' compensation benefits. (ABF's Certificate of Self-Insurance is attached hereto as Exhibit "B").

7. Defendants Bemben and Reliable had property and casualty insurance coverage through Reliance Insurance Co. (Reliance) on the date of this incident. However, on October 12, 2001, Defendants filed a Motion to Stay pending the insolvency of Reliance. The stay was granted, and following an extension, expired on April 3, 2002. Michigan Property and Casualty Guaranty Association (MPCGA) assumed responsibility of Reliance's insureds.

8. On April 15, 2003, Defendants filed a Motion for Summary Judgment seeking a setoff against any judgment for workers' compensation benefits received by Plaintiff. Additionally, the Defendants assert that ABF is precluded from intervention as a matter of law, and there is no subrogation interest to protect by operation of Pennsylvania Property and Casualty Guaranty Association (PPCGA), 40 P.S. § 991.1817(a) and/or Michigan Property and Casualty Guaranty Association (MPCGA), M.C.L.A. § 500.7931.

9. On April 17, 2003, ABF filed a Motion to Intervene to protect its subrogation interests as afforded by Section 319 of the PA Workers' Compensation Act, 77 P.S. § 671. Defendants' Motion for Summary Judgment raised the same legal question upon which ABF's Motion for Intervention is based. ABF asserts that, as a self-insured, ABF is not excluded from pursuing its subrogation interests pursuant to either the PPCGA or MPCGA because it does not meet the definition of "insurer" as defined by either statute.

10. This civil action involves both the Michigan and Pennsylvania Property and Casualty Insurance Guaranty Acts. A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state. <u>Klaxon</u>

Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941; Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994).

11. Pennsylvania is the forum state for this court. "Under Pennsylvania's choice of law rules, a court must first determine whether a conflict of law exists, and if no conflict exists, it may apply Pennsylvania law." Scirex Corp. v. Federal Insurance Co., 313 F.3d 841, 847 n.1 (3d Cir. 2002). Neither party has argued a conflict of law; both Michigan and Pennsylvania Guaranty Acts provide similar definitions and non-duplication of coverage provisions, the legal issues presented through the aforementioned petitions.

12. Applying Pennsylvania law, ABF asserts that the Order of May 30, 2003 is an error of law. First, the case law cited in support of the Order is not controlling when the Pennsylvania Superior Court has decided a similar issue in Miles v. Van Meter, 628 A.2d 1159 (Pa.Super. 1993).

13. In Miles v. Van Meter, the Pennsylvania Superior Court held that the Pennsylvania Workers' Compensation State Fund (PWCSF) was not precluded from asserting a subrogation lien because PWCSF is not an "insurer" as defined through the PIGA statute. Furthermore, the Court held that the Iowa Insurance Guaranty Association (IIGA) was not entitled to a setoff for those workers' compensation benefits paid by PWCSF.

14. Second, "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Donegal Mutual Ins. Co. v. Long, 597 A.2d 1124, 1127 (Pa. 1991). The statutes are clear with respect to the definitions of "covered claims," "property and casualty insurance policy," and "insurer."

15. The PIGA statute defines "insurer" as "any insurance company, association or exchange which is licensed to write and is engaged in writing within this Commonwealth, on a direct basis, property and casualty insurance policies." 40 P.S. §991.1802.

16. ABF is self-insured for its workers' compensation coverage. ABF is not licensed to directly write, nor is it engaged in writing, insurance within this Commonwealth (or any State). Therefore, the conclusion that ABF, as a self-insured employer who paid workers' compensation benefits, should be treated the same as an insurance company who paid workers' compensation benefits is a clear misapplication of the law. (5/30/03 Order at p. 12.)

17. ABF's assertion is further supported by the 5/30/03 Order in which it is recognized that "the Plaintiff did not receive his workers' compensation benefits pursuant an 'insurance policy' as that term is commonly understood." (Id. at 12.)

18. The Pennsylvania Guaranty Act specifically defines "property and casualty insurance policy" to exclude "workmen's compensation and employer's liability insurance." 40 P.S. §991.1802.

19. Further, the 5/30/03 Order also recognizes that "ABF Freight does not meet the definition of insurer in the Pennsylvania Guaranty Act." (Id. at 13.)

20. The only Pennsylvania decision cited in the Order of May 30, 2003 is Chow v. Rosen, 812 A.2d 587, 590 (Pa. 2002) which held that "insurance company had no right to intervene in case where its subrogation interest was extinguished by application of the non-duplication of recovery provision of the Pennsylvania Guaranty Act."

21. ABF is not an insurance company. ABF is a trucking corporation which chose to self-insure for workers' compensation benefits for its employees; an option in this Commonwealth. To determine that ABF is an insurance company, and subject to the same risks, is an arbitrary decision without legal support.

22. Finally, the case law cited to support the conclusion that the Defendants were entitled to a setoff against any verdict against them in the amount of the workers' compensation payments paid to the Plaintiff as a result of the accident at issue in this case is not persuasive.

23. The cases cited within the May 30, 2003 Order are distinguishable from the issue before this Honorable Court:

   a) <u>Ventulett v. Maine Ins. Guaranty Assoc.</u>, 583 A.2d 1022, 1024 (Me. 1990): the employer was not a self-insurer; rather, it had purchased a workers' compensation policy with a deductible of $150,000.00. ABF is self-insured.

   b) <u>Harris County v. Williams</u>, 981 S.W.2d 936, 941 (Tex.App. 1998): self-insured government entity was determined to be an "insurer" through the Workers' Compensation Act because the Texas Guaranty Act did not define "insurer;" as previously discussed, PIGA provides a definition of "insurer."

   c) <u>Doucette v. Pomes</u>, 724 A.2d 481, 494 (Conn. 1999): clearly holds opposite of the holding of the May 30, 2003 Order. <u>Doucette</u> holds: "We join, therefore, the majority of courts that have decided the status of self-insured employers under an insurance guaranty act, and we hold that self-insured employers are not insurers for purposes of Connecticut's guaranty act."

WHEREFORE, ABF Freight Systems, Inc., as Subrogee, by Michael A. Farrell, Esquire, its attorney, moves and petitions this Honorable Court to reconsider the May 30, 2003 Order denying its Motion to Intervene, as well as its Motion for Leave of Court to Respond to Defendant's Motion for Summary Judgment.

**FARRELL & RICCI, P.C.**

By: *Michael A. Farrell*
Michael A. Farrell, Esquire
Attorney ID No. 41067
4423 North Front Street
Harrisburg, PA 17110
717-230-9201
(Attorney for Intervenor, ABF Freight Systems, Inc.)

Date: June 9, 2003

## CERTIFICATE OF SERVICE

I, Michael A. Farrell, Esquire, do hereby certify that I served a true and correct copy of ***ABF Freight System, Inc.'s Motion for Reconsideration*** on this 9th day of June, 2003, by depositing it in the United States mail, postage prepaid and in the manner indicated below, addressed as follows:

***HAND-DELIVERED:***

**United States District Court**
**Middle District of Pennsylvania**
Federal Building
228 Walnut Street
Harrisburg, PA  17108

**Marcus A. McKnight, III, Esquire**
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA  17013
(Attorney for Plaintiffs)

**E. Ralph Godfrey, Esquire**
*Godfrey & Courtney, P.C.*
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA  17112-0280
(Attorneys for Reliable Carriers and Daniel Bemben)

By: *Michael A. Farrell*
Michael A. Farrell, Esquire