**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, Plaintiffs | : : : : |
| v. | : Civil Action No. 1: CV-00-1639 : (Judge Andrew Smyser) : |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, Defendants | : : : : |

FILED
JUN 0 9 2003
PER ____
HARRISBURG, PA.   DEPUTY CLERK

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF MAY 30, 2003 ORDER DENYING ABF FREIGHT SYSTEMS, INC'S MOTION TO INTERVENE AND MOTION FOR LEAVE OF COURT TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*NOW COMES,* ABF Freight Systems, Inc. (ABF), as self-insured and subrogee, by its attorney, Michael A. Farrell, Esquire, Farrell & Ricci, P.C., and represents unto this Honorable Court as follows:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The litigation in which ABF seeks to intervene was filed by Complaint on September 14, 2000. The matter involves a motor vehicle accident, which occurred on the Pennsylvania Turnpike on September 15, 1998.

The matter is before this Honorable Court due to diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeding $75,000.00. Under 28 U.S.C. §1332(a), jurisdiction in this court is proper. Under 28 U.S.C. §1391(c), venue is proper.

On September 15, 1998, Plaintiff, John D. Perkey, was operating a tractor-trailer while in the course and scope of his employment with ABF when his vehicle collided with the front left trailer wheels, which had broken off the axle of another tractor-trailer, driven by Defendant Bemben.

Plaintiff sustained injuries due to the motor vehicle accident. Due to the employment relationship of Plaintiff and ABF, pursuant to the Provisions of the PA Workers' Compensation Act, ABF paid a sum of approximately $180,000.00 in workers' compensation for medical treatment and wage loss.

Defendant Bemben was operating the tractor-trailer as an employee and/or agent of Defendant Reliable Carriers, Inc. (Reliable) at the time of the incident. Defendant Reliable owned the vehicle. Defendants Reliable and Bemben were insured by Reliance Insurance Company (Reliance) at the time of this incident.

On January 29, 2001, Defendants Reliable and Bemben filed an Answer denying liability and filed a cross-claim against Defendant Kent. To date, service has not been perfected upon Defendant Kent; nor has an Answer been filed on their behalf.

On October 12, 2001, Defendants filed a Motion to Stay pending the insolvency of Reliance. The Stay was granted, and following an extension, expired on April 3, 2002. Michigan Property and Casualty Guaranty Association (MPCGA) assumed responsibility of Reliance's insurance obligations to Reliable.

On February 28, 2003, an Order was issued with respect to case management. The Order provides the Discovery deadline of April 7, 2003, Pre-trial conference of June 19, 2003, and Trial to begin July 7, 2003.

On April 15, 2003, Defendants filed a Motion for Summary judgment seeking a setoff against any judgment for workers' compensation benefits received by Plaintiff. Additionally, the Defendants assert that ABF is precluded from intervention as a matter of law, and further argue that there is no subrogation interest to protect by operation of Pennsylvania Property and Casualty Guaranty Association (PIGA), 40 P.S. §991.1817(a) and/or Michigan Property and Casualty Guaranty Association (MPCGA), M.C.L.A. §500.7931.

On April 17, 2003, ABF filed a Motion to Intervene to protect its subrogation interests as afforded by Section 319 of the PA Workers' Compensation Act, 77 P.S. §671. A supporting Brief was filed. Defendants' Motion for

Summary Judgment raised the same legal question upon which ABF's Motion for Intervention is based. ABF asserts that it is not excluded from pursuing its subrogation interests pursuant to either PIGA or MPCGA because, as a self-insured employer, it does not meet the definition of "insurer" as defined by either statute.

On April 30, 2003, ABF filed a Motion and supporting Brief for Leave of Court to Respond to Defendants' Motion for Summary Judgment.

Defendants filed a Brief in Opposition to ABF's Motion to Intervene. On May 22, 2003, ABF filed a Reply Brief.

On May 30, 2003, an Order was issued granting Defendants' Motion for Declaratory Relief (which is how the Court characterized Defendant's Motion for Summary Judgment), and denied ABF's Motion to Intervene and Motion for Leave of Court to Respond to Defendants' Motion for Summary Judgment.

Pursuant to Federal Rule of Appellate Procedure 7.10, ABF requests this Honorable Court to reconsider ABF's motions. ABF asserts that the Order of May 30, 2003 is an error of law.

## ISSUE PRESENTED

A. **WHETHER OR NOT THIS HONORABLE COURT ERRED AS A MATTER OF LAW WHEN IT DENIED ABF'S MOTION TO INTERVENE AND MOTION FOR LEAVE OF COURT TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT?**

**Suggested Answer:**                        **In the Affirmative**

## ARGUMENT

The standard of review controlling a Motion for Reconsideration are set forth in Harsco Corp. v. Zlotnicki, 799 A.2d 906 (3rd Cir. 1985). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 909.

This civil action involves both the Michigan and Pennsylvania Property and Casualty Guaranty acts. A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941); Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994). Pennsylvania is the forum state for this court. "Under Pennsylvania's choice of law rules, a court must first determine whether a conflict

of law exists, and if no conflict exists, it may apply Pennsylvania law." <u>Scirex Corp. v. Federal Insurance co.</u>, 313 F.3d 841, 847 n. 1 (3d Cir. 2002).

Neither party has argued a conflict of law. Both Michigan and Pennsylvania Guaranty Acts provide similar definitions and non-duplication of coverage provisions, the legal issues presented through the aforementioned petitions.

Both the Pennsylvania Insurance Guaranty Act (PIGA) and the Michigan Property and Casualty Guaranty Act (MPCGA) provide that any amount payable on a "covered claim" under the acts shall be reduced by the amount of any recovery *under other insurance.* (<u>See</u> 40 P.S. §991.1817(a); M.C.L.A. §500.7931(3).) The Guaranty Acts exclude from the definition of "covered claims," obligations to an "insurer." The definition of "insurer" <u>is</u> the issue before this Honorable Court.

Applying Pennsylvania law, ABF asserts that the Order of May 30, 2003 is an error of law. First, "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." <u>Donegal Mutual Ins. Co. v. Long</u>, 597 A.2d 1124, 1127 (Pa. 1991). Second, the case law cited in support of the Order is not controlling because it relies upon decisions of other jurisdictions and the Pennsylvania Superior Court has decided a similar issue in <u>Miles v. VanMeter</u>, 628 A.2d 1159 (Pa.Super. 1993). <u>Miles v. Van Meter</u> is controlling as Pennsylvania law. And finally, the cases cited

to support the conclusions of the May 30, 2003 Order, are distinguishable from the facts of the instant matter.

In <u>Miles</u>, the Court held that the Pennsylvania Workers' Compensation State Fund (PWCSF) was not precluded from asserting a subrogation lien because PWCSF is not an "insurer" as defined through the PIGA statute. Furthermore, the Court held that the Iowa Insurance Guaranty Association (IIGA) was not entitled to a setoff for those workers' compensation benefits paid by PWCSF.

The PIGA statute defines "insurer" as "any insurance company, association or exchange which is licensed to write and is engaged in writing within this Commonwealth, on a direct basis, property and casualty insurance policies." 40 P.S. §991.1802.

ABF is self-insured for workers' compensation coverage. ABF is not licensed to directly write, nor is it engaged in writing, insurance within this Commonwealth (or any State). Therefore, the conclusion that ABF, as a self-insured employer who paid workers' compensation benefits, should be treated the same as an insurance company who paid workers' compensation benefits is a clear misapplication of the law.

In fact, ABF's assertion is further supported by the Order of May 30, 2003. The Order states that "the Plaintiff did not receive workers' compensation benefits pursuant to an 'insurance policy' as that term is commonly understood. (5/30/03 Order at p. 12; Exhibit A.)

PIGA specifically defines "property and casualty insurance policy" to exclude "workers' compensation and employer's liability insurance." 40 P.S. §991.1802.  Further, this Honorable Court recognizes that "ABF Freight does not meet the definition of insurer in the Pennsylvania Guaranty Act. (5/30/03 Order at 13.)

The only Pennsylvania decision cited, with respect to this issue, in the Order of May 30, 2003 is Chow v. Rosen, 812 A.2d 587(Pa. 2002).  In Chow v. Rosen, the Court held that an "*insurance company* had no right to intervene in a case where its subrogation interest was extinguished by application of the non-duplication of recovery provision of the Pennsylvania Guaranty Act." Chow at 590.

ABF is *not* an insurance company.  ABF is a trucking corporation which chose to self-insure for workers' compensation benefits for its employees; an option in this Commonwealth.  To determine that ABF is an insurance company, and subject to the same risks, is an arbitrary decision without legal support.

Additionally, the case law cited by This Honorable Court to support the conclusions that ABF was not entitled to intervene to protect its subrogation interests and that the Defendants were entitled to a setoff against any verdict against them in the amount of the workers' compensation payments paid to the Plaintiff as a result of the accident at issue in this case is distinguishable from the facts presented in the case now before this Honorable court.

The Court cited <u>Ventulett v. Maine Ins. Guaranty Assoc.</u>, 583 A.2d 1022 (Me. 1990). In <u>Ventulett</u>, the court held that the employer was not a self-insurer; rather, it had purchased a workers' compensation policy with a deductible of $150,000.00. (<u>Id</u>. at 1024.) In the instant matter, ABF is self-insured; there is no workers' compensation insurance policy and no deductible involved. (*See* Exhibit B.) This difference removes any possible argument that the workers' compensation benefits paid to the Plaintiff by ABF was done under the terms of an insurance policy subject to a deductible.

The Court also relied upon <u>Harris County v. Williams</u>, 981 S.W.2d 936 (Tex. App. 1998). In <u>Harris County</u>, the court held that a self-insured government entity was an "insurer" through the Texas Workers' Compensation Act. The Workers' Compensation definition of "insurer" was applied because the Texas Guaranty Act did not define "insurer." By contrast, as previously discussed, PIGA does provide a definition of "insurer" within the statute.

Finally, in direct opposition to the conclusions of the Order of May 30, 2003, the Court cites <u>Doucette v. Pomes</u>, 724 A.2d 481 (Conn. 1999). <u>Doucette</u> was a case of first impression in the State of Connecticut. In <u>Doucette</u>, the court held "We join, therefore, the ***majority of courts*** *that have decided the status of self-insured employers under an insurance guaranty act,* and we hold that *self-insured employers are **not** insurers for purposes of Connecticut's guaranty act."* <u>Doucette</u> at 494. (emphasis added.)

The Order of May 30, 2003 is an improper application of the law as provided through the definitions and non-duplication of coverage provisions of both PIGA and MPCGA. Unlike the cases cited within the Order, ABF is self-insured for workers' compensation coverage; ABF is not an insurance company; and ABF does not qualify as an "insurer" as provided through the definitions of either PIGA or MCPGA statutes.

Based upon the aforementioned argument, ABF should be permitted to intervene in the civil action to protect its subrogation interests. Furthermore, the Defendants should not be entitled to a setoff for the amount of workers' compensation benefits paid to Plaintiff with respect to the accident of September 15, 1998; these benefits were received through a self-insured program and are not excluded from either the PIGA or MPCGA statutes.

If it was the intention of the legislature of either state to prevent subrogation by self-insured employers from the state's Guaranty Fund, the could have accomplished that objective by including self-insured employers within the definition of insurers as defined in their respective Insurance Guaranty Fund statutes. They did not. It is respectfully suggested that this Court's role is not to expand the definitions in the applicable statutes to include self-insured employers, such as ABF, thereby eliminating the self-insured employer's subrogation lien, when the clear reading and meaning of the term "insurer," as contained in the applicable statute, does not include self-insured employers.

It is also respectfully suggested that the adoption of the definition of "insurer" from the Pennsylvania Workers' Compensation Act, which incorporates self-insured employers and the application of that definition to the PIGA statute by this Court in order to reach the decision that ABF cannot have its subrogation lien satisfied from any recovery in this case is an unsupportable attempt to "cut and paste" provisions from different statutes to achieve a desired result. Recall that Section 319 of the Pennsylvania Workers' Compensation Act is the statutory provision that establishes ABF's subrogation right. To attempt to "borrow" the definition "insurer" from that statute and apply it to the PIGA statute in order to apply the prohibition language of the PIGA statute to ABF is clearly without legal support or justification.

## CONCLUSION

WHEREFORE, ABF Freight Systems, Inc., as Subrogee, by Michael A. Farrell, Esquire, its attorney, respectfully requests that this Honorable Court grant ABF's Motion for Reconsideration based upon an error of law as provided in the Order of May 30, 2003 denying its Motion for Intervention and Motion for Leave of Court to Respond to Defendants' Motion for Summary Judgment.

FARRELL & RICCI, P.C.

By: *Michael A. Farrell*
Michael A. Farrell, Esquire
Attorney ID No. 41067
4423 North Front Street
Harrisburg, PA 17110
717-230-9201
(Attorney for Intervenor, ABF Freight Systems, Inc.)

Date: June 9, 2003

## CERTIFICATE OF SERVICE

I, Michael A. Farrell, Esquire, do hereby certify that I served a true and correct copy of *ABF Freight System, Inc.'s Brief in Support of its Motion for Reconsideration* on this 9th day of June, 2003, by depositing it in the United States mail, postage prepaid and in the manner indicated below, addressed as follows:

*HAND-DELIVERED:*

United States District Court
Middle District of Pennsylvania
Federal Building
228 Walnut Street
Harrisburg, PA 17108

Marcus A. McKnight, III, Esquire
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA 17013
(Attorney for Plaintiffs)

E. Ralph Godfrey, Esquire
*Godfrey & Courtney, P.C.*
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA 17112-0280
(Attorneys for Reliable Carriers and Daniel Bemben)

By: *[signature]* Michael A. Farrell
Michael A. Farrell, Esquire