ORIGINAL

*To Mag J Smyser*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | CIVIL ACTION NO. 1:CV-00-1639 |
| Plaintiffs | JURY TRIAL DEMANDED |
| vs. | |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, Defendants | Magistrate Judge Smyser |

FILED
HARRISBURG, PA
JUN 1 3 2003
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### REPLY BRIEF OF RELIABLE CARRIERES, INC. AND JOSEPH BEMBEN IN SUPPORT OF THEIR MOTION IN LIMINE FOR EXCLUSION OF FIRST PARTY BENEFITS

The Plaintiffs have conceded that Defendants are entitled to a setoff of $5,000.00 for the uninsured settlement benefits paid by Prudential Insurance Company as a result of a non-duplication clause outlined in Defendant's Brief in Support of their Motion in Limine. Despite Plaintiffs contention, they are precluded from pleading, proving and/or recovering the first $5,000.00 in wage loss paid as First Party Benefits from Prudential Insurance Company.

Specifically, §1722 of the Pennsylvania Motor Vehicle Financial Responsibility Law operates as a bar to the introduction of income loss evidence at the time of trial if it has been paid by other insurance. Section 1722 states:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceedings, arising out of the maintenance or use of a motor vehicle, the person who is eligible to receive benefits under the coverage set forth in this chapter, or Workers' Compensation, or any program, group contractor, or other arrangement for payment of benefits as defined in §1719 [relating to coordination of benefits] shall be precluded from recovering the amounts of benefits paid or payable under the subchapter, or Workers' Compensation, or any program, group contract, or other arrangement for payment of benefits as defined in §1719.

Because of the amendments to the Workers' Compensation Act in 1993, § 1722 was repealed as it applied to workers' compensation benefits. Section 25(a) and (b), Act of July 2, 1993, P.L. 190, No. 44 (Sometimes called Act 44). Accordingly, §1722 operates as a bar to the admission of such wage loss into evidence.

Should the Plaintiff be permitted to introduce this loss into evidence, the jury could erroneously conclude that the Plaintiff had gone uncompensated. As a result, Defendants would be prejudiced since the wage loss had already been paid. Based upon § 1722, the Plaintiffs are prohibited from submitting into evidence the first $5,000.00 of wage loss, which has already been paid by Prudential Insurance Company.

Based upon the foregoing, Defendants, Reliable Carriers, Inc. and Daniel Joseph Bemben respectfully request that this Honorable Court grant their Motion in Limine and preclude the Plaintiff from introducing or otherwise bringing before the jury, any evidence of wage loss paid by First Party Benefits as well as molding any verdict that may be obtained by the $10,000.00 set off as provided by the non-duplication of recovery section of the Pennsylvania Insurance Guarantee Association Statute.

Respectfully Submitted,

GODFREY & COURTNEY, P.C.

By: _____
E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 6280
Harrisburg, PA 17112-0280
(717) 540-3900
Attorneys for Defendants Reliable Carriers, Inc.,
and Daniel Joseph Bemben

Date: June 13, 2003

## CERTIFICATE OF SERVICE

AND NOW, this 13th day of June, 2003, I, E. Ralph Godfrey, Esquire, of Godfrey & Courtney, P.C., attorneys for Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben hereby certify that I served the foregoing REPLY BRIEF OF RELIABLE CARRIERES, INC. AND JOSEPH BEMBEN IN SUPPORT OF THEIR MOTION IN LIMINE FOR EXCLUSION OF FIRST PARTY BENEFITS this day by depositing the same in the United States mail, postage prepaid, in Harrisburg, Pennsylvania, addressed to:

>Marcus McKnight, Esquire
>Mark D. Schwartz, Esquire
>Irwin, McKnight & Hughes
>60 West Pomfret Street
>Carlisle, PA 17013

E. Ralph Godfrey