```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. PERKEY AND                :    CIVIL NO. 1:00-CV-1639
THERESA M. PERKEY,                :
                                  :
           Plaintiffs             :
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
RELIABLE CARRIERS, INC.,          :
DANIEL JOSEPH BEMBEN,             :
AND KENT,                         :
                                  :
           Defendants             :
```

## ORDER

The plaintiffs, John E. Perkey and Theresa M. Perkey, commenced this action by filing a complaint on September 14, 2000. The defendants named in the complaint are Reliable Carriers, Inc., Daniel Joseph Bemben, and Kent. The plaintiffs' claims arise out of an automobile accident. The plaintiff was allegedly injured when the vehicle he was driving came into contact with trailer wheels which had broken away from an axle of the trailer being hauled by defendant Bemben. Bemben was operating the tractor-trailer for Reliable Carriers, Inc. and the trailer from which the wheels has broken away was allegedly manufactured and/or designed by Kent.

Defendants Reliable Carriers, Inc. and Daniel Joseph Bemben filed an answer to the complaint and a cross-claim

against defendant Kent on January 29, 2001.  Defendant Kent has not filed an answer to either the complaint or the cross-claim. It appears that defendant Kent may not have been served with the summons and complaint in this case.

The case is scheduled for a jury trial beginning on July 7, 2003.

This order address three motions in limine filed by the defendants.

The defendants filed a motion in limine to exclude the testimony of plaintiff's economic expert, Harry M. Leister, Jr. The defendants contends that Leister's testimony should be excluded  because the plaintiffs have not provided them with Leister's Curriculum Vitae and because Leister's calculations of plaintiff John Perkey's wage loss are flawed because they are based on the unsupported assumption that John Perkey is totally and permanently disabled.

Pursuant to Fed.R.Civ.P. 26(a)(2)(B), the plaintiff was required to provide to the defendants information commonly found on a Curriculum Vitae.  Although the plaintiffs have not indicated that they have provided the defendants with Leister's

2

Curriculum Vitae, the defendants have not argued or established that they have been prejudiced by the absence of the Curriculum Vitae.  We will not grant the motion in limine on the basis of the absence of the Curriculum Vitae.  We will, however, order the plaintiffs to immediately provide to the defendants the Curriculum Vitae of Leister.

We will also not grant the motion in limine on the basis that Leister's calculations of plaintiff John Perkey's wage loss are flawed because they are based on the unsupported assumption that John Perkey is totally and permanently disabled. The plaintiffs indicate in their brief in opposition to the motion in limine that they will present evidence that plaintiff John Perkey is totally and permanently disabled.  At this point, the court can not say that the testimony of Leister is without foundation.  If the evidence at trial raises a question about whether plaintiff John Perkey is totally and permanently disabled, it will be for the jury to answer that question.

Next, we address the defendants' motion in limine to exclude the testimony of Roger H. Ostdahl, M.D.  The defendants contend that the testimony of Ostdahl should be exclude because he does not express his opinions regarding the cause of the

plaintiff's injuries to a reasonable degree of medical certainty.

Dr. Ostdahl is one of the plaintiff's treating physicians. He testified in his deposition about the treatment that he provided to the plaintiff. Although the defendants contend that Dr. Ostdahl failed to express his opinions regarding causation to a reasonable degree of medical certainty, they have not pointed to any opinions provided by Dr. Ostdahl regarding the cause of the plaintiff's injuries. At this point, we find no basis to exclude the testimony of Dr. Ostdahl, and, accordingly, we will deny the motion in limine. If the defendants move for a judgment as a matter of law after the plaintiffs present their case, we will consider at that time whether the plaintiffs have established causation.

Finally, we address the defendants' motion in limine to exclude or, in the alternative, to limit the medical expenses provable at trial. The defendants contend that despite a request for such, the plaintiffs have not provided a list of medical expenses related to this accident or copies of medical bills. Although the defendants contend that they have been prejudiced by this failure, they have not explained how they have been prejudiced. If the defendants felt they needed the

4

medical bills, they could have filed a motion to compel. Because the defendants have not established that they have been prejudiced by the failure of the plaintiffs to provide a list of medical expenses related to this accident and copies of medical bills, we will not prohibit the plaintiffs from introducing evidence of medical expenses. We will, however, order the plaintiffs to immediately provide to the defendants a list of medical expenses related to this accident and copies of relevant medical bills.

In the alternative to prohibiting the plaintiffs from introducing evidence of medical expenses, the defendants contend that pursuant to *Moorhead v. Crozer Chester Medical Center,* 765 A.2d 786 (Pa. 2001), the plaintiffs are limited to recovering the amounts accepted by the medical care providers as payment in full. We agree that as to past medical expenses that have been paid pursuant to *Moorhead* the plaintiffs are limited to recovering the amounts accepted by the medical care providers as payment in full.

AND NOW, this 20th day of June, 2003, **IT IS HEREBY ORDERED** that the defendants' motion (doc. 57) in limine to exclude the testimony of Harry M. Leister, Jr. is **DENIED.  IT IS ORDERED** that the plaintiffs shall immediately provide to the

defendants the Curriculum Vitae of Harry M. Leister, Jr.  **IT IS FURTHER ORDERED** that the defendants' motion (doc. 53) in limine to exclude the testimony of Roger H. Ostdahl, M.D. is **DENIED**. **IT IS FURTHER ORDERED** that the defendants' motion (doc. 55) in limine to exclude or, in the alternative, to limit the medical expenses provable at trial is **DENIED IN PART AND GRANTED IN PART.**  The motion to prohibit the plaintiffs from introducing evidence of medical expenses is denied.  The motion to limit the past medical expenses provable to the amount accepted by the medical care providers is granted.  **IT IS ALSO ORDERED** that, if they have not already done so, the plaintiffs shall immediately provide to the defendants a list of medical expenses related to this accident and copies of relevant medical bills.

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

DATED:   June 20, 2003.