**ORIGINAL** none to 4



**FILED**
HARRISBURG, PA

JUL 0 7 2003

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. PERKEY and, <br> THERESA M. PERKEY, <br>       Plaintiffs | : <br> : <br> : |
| v. | : Civil Action No. 1:CV-00-1639 <br> : (Judge J. Andrew Smyser) <br> : |
| RELIABLE CARRIERS, INC., <br> DANIEL JOSEPH BEMBEN and <br> KENT, <br>       Defendants | : <br> : <br> : <br> : |

### ANSWER TO JOINT SETTLEMENT MOTION OF DEFENDANTS, RELIABLE CARRIERS, INC. AND DANIEL JOSEPH BEMBEN AND OF PLANTIFFS, JOHN D. PERKEY AND THERESA M. PERKEY

1.     Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part. It is admitted that this Honorable Court issued an Order denying the Motion to Intervene of ABF Freight Systems, but it is denied that this Order was in accordance with the law. To the contrary, since ABF Freight Systems was a self-insured entity, the Non-duplication of Recovery Provision of the Pennsylvania Insurance & Casualty Guarantee Act was inapplicable.

5. Admitted in part and denied in part. It is admitted that the Plaintiffs have attempted to settle their pain and suffering claims for the sum of $55,000.00. However, ABF Freight Systems takes the position that this was a subterfuge to attempt to avoid the workers' compensation lien of ABF Freight Systems.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted in part and denied in part. It is admitted that the Plaintiffs and Defendants seek the Order from this Honorable Court, but it is denied that this Proposed Order is appropriate. To the contrary, ABF Freight Systems was a self-insured entity, and therefore it does not fall under the provisions of the Non-Duplication of Recovery portion of the Pennsylvania Insurance & Casualty Guarantee Act.

WHEREFORE, ABF Freight Systems, Inc. respectfully requests that the Joint Motion be denied, and in furtherance of this request, ABF Freight Systems, Inc. respectfully requests that the payment be put into escrow in order to prevent dissipation of the funds. Said request is documented in a separate Motion.

Respectfully submitted:

**FARRELL & RICCI, P.C.**

*/s/ Gallagher*

Michael A. Farrell, Esquire
Attorney I.D. No. 41067
Daniel J. Gallagher, Esquire
Attorney I.D. No. 30451
4423 North Front St.
Harrisburg, PA 17110
(717) 230-9201

Dated:     July 7, 2003

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Esquire, do hereby certify that I served a true and correct copy of *ABF's Answer to the Joint Settlement Motion of the Defendants and Plaintiffs* on this 7th day of July, 2003, by depositing it in the United States mail, postage prepaid and in the manner indicated below, addressed as follows:

*HAND-DELIVERED:*

**United States District Court**
**Middle District of Pennsylvania**
Federal Building
228 Walnut Street
Harrisburg, PA 17108

**Marcus A. McKnight, III, Esquire**
*Irwin, McKnight & Hughes*
60 West Pomfret Street
Carlisle, PA 17013
(Attorney for Plaintiffs)

**E. Ralph Godfrey, Esquire**
*Godfrey & Courtney, P.C.*
2215 Forest Hills Drive, Suite 36
P.O. Box 6280
Harrisburg, PA 17112-0280
(Attorneys for Reliable Carriers and Daniel Bemben)

By: _____
Michael A. Farrell, Esquire
Attorney I.D. No. 41067
Daniel J. Gallagher, Esquire
Attorney I.D. No. 30451