ORIGINAL

1 to 4

# IN THE UNITED STATES DICTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. PERKEY and THERESA M. PERKEY, | : | CIVIL ACTION NO.1:CV-00-1639 |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| vs. | : | Magistrate Judge Smyser |
| RELIABLE CARRIERS, INC., DANIEL JOSEPH BEMBEN and KENT, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

JUL 17 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### ANSWER OF PLAINTIFFS, JOHN D. PERKEY AND THERESA M. PERKEY TO THE MOTION PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE SEEKING AN ORDER FOR PAYMENT OF SETTLEMENT FUNDS INTO COURT

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

It is admitted that a Joint Settlement Motion was filed by the parties in this case with the court. However, it was not approved by the Court. A sixty (60) day Settlement Order has been issued by the Court.

10.

The Plaintiffs strongly oppose the Motion for an Order placing the settlement funds into an escrow account. Due to the nature of this case, the Court has ruled that no funds are payable to ABF Freight System, Inc. since the funds are being paid by the Michigan Property and Casualty Guaranty Association (MPCGA) which receives a set off for all funds paid by ABF to the Plaintiffs, John D. Perkey and Theresa M. Perkey. ABF Freight System, Inc. has no valid lien against the Plaintiffs. ABF is not a party to this case or to this settlement. In order to protect any unrealized interest of ABF, the parties have agreed to exclude its subrogation claim from the release. If after appeal, ABF Freight System, Inc. is found to be entitled to payment from MPCGA for wages and medical bills which it paid pursuant to the workers compensation claim, the parties have agreed to separately litigate that subrogation interest of the wages and medical expenses paid by ABF Freight System.

11.

The claims made by ABF Freight System, Inc. have been carefully considered and rejected by this Court. There is no likelihood that its current appeal will succeed.

12.

The Plaintiffs strongly content that the Court would have separated by special jury instruction at trial the allocation of pain and suffering from the medical expenses and lost wages paid on behalf of Mr. Perkey. The Court planned to mold the verdict to reflect the set off due the MPCGA.

13.

The Plaintiffs strongly deny that ABF Freight System, Inc. will suffer any damages if the funds paid to the Plaintiff are not escrowed. If the correct rulings by the Court are upheld, there is no lien. If the court reverses the issue of ABF's lien, the medical bills and lost wages will be separately addressed by the Court or by arbitration between the parties.

14.

The Plaintiffs strongly oppose placing their portion of the settlement into an account even if it was interest bearing. The basis for the settlement was to end the litigation for a sum certain with immediate payment to the Plaintiffs. If funds are escrowed, there is no settlement agreement between the parties.

15.

The Plaintiffs oppose the assumption of ABF Freight System, Inc. regarding the public interest since if funds are payable to ABF Freight System, Inc., the payment is from the Michigan Property and Casualty Guaranty Association (MPCGA) which is not in the public's interest.

16.

The Plaintiffs again strongly oppose the Motion of ABF Freight System, Inc. since it has no right to the funds and its interest are protected by the willingness of the parties to resolve any lien due to ABF Freight System, Inc., if following the appeal there is any lien to satisfy.

17.

Written notice of this response has been served upon the parties of interest through their counsel as noted in the Certificate of Service attached hereto.

Respectfully submitted,

IRWIN, McKNIGHT & HUGHES

_____
Marcus A. McKnight, III, Esquire
Attorney I.D. #25476
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353
Attorney for Plaintiffs
    John D. Perkey and
    Theresa M. Perkey

Date: July 17, 2003

## CERTIFICATE OF SERVICE

I, Marcus A. McKnight, III, Esquire, hereby certify that a copy of attached Brief was served upon the following by depositing a true and correct copy of the same in the United States mail, First Class, postage prepaid in Carlisle, Pennsylvania, on the date referenced below and addressed as follows:

Judge J. Andrew Smyser
United States District Court
Middle District of Pennsylvania
Federal Building
228 Walnut Street
Harrisburg, PA 17108

Michael A. Farrell, Esquire
FARRELL & RICCI
4423 North Front Street
Harrisburg, PA 17110
    (Attorney for ABF Freight System, Inc.)

E. Ralph Godfrey, Esquire
Godfrey & Courtney, P.C.
P.O. Box 6280
Harrisburg, PA 17112
    (Attorney for Reliable Carriers and Daniel Bemben)

IRWIN, McKNIGHT & HUGHES

By: _____
Marcus A. McKnight, III, Esquire
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353
Supreme Court I.D. No. 25476

Date: July 17, 2003