UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN D. PERKEY AND            :    **CIVIL NO. 1:00-CV-1639**
THERESA M. PERKEY,            :
                              :
         Plaintiffs           :
                              :
         v.                   :    (Magistrate Judge Smyser)
                              :
RELIABLE CARRIERS, INC.,      :
DANIEL JOSEPH BEMBEN,         :
AND KENT,                     :
                              :
         Defendants           :


**MEMORANDUM AND ORDER**


	The plaintiffs, John E. Perkey and Theresa M. Perkey, commenced this action by filing a complaint on September 14, 2000. The plaintiffs' claims arose out of an automobile accident. The plaintiff was allegedly injured when the vehicle he was driving came into contact with trailer wheels which had broken away from an axle of the trailer being hauled by defendant Daniel Joseph Bemben. Defendant Bemben was operating the tractor-trailer for defendant Reliable Carriers, Inc.


	On October 12, 2001, the defendants filed a motion for a stay. The defendants asserted that they are insureds of Reliance Insurance Company. On October 3, 2001, the Commonwealth Court of Pennsylvania entered an order of liquidation of Reliance Insurance

Company. The Order of the Commonwealth Court stayed for 90 days all proceedings in the courts of the Commonwealth of Pennsylvania in which Reliance is obligated to defend a party. The Order also requested on comity grounds that courts outside Pennsylvania and federal courts stay for 90 days any suit in which Reliance is obligated to defend a party.

By an Order dated October 26, 2001, the defendants' motion for a stay was granted and this case was stayed for 90 days. That stay was subsequently extended until April 3, 2002.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

On April 15, 2003, the defendants filed a motion for summary judgment. By an Order dated May 30, 2003, we denied the defendants' motion for summary judgment as well as a motion to intervene and a motion for leave of court to respond to the defendants' motion for summary judgment filed by ABF Freight Systems, Inc. ABF Freight was the plaintiff's employer and was self-insured for workers' compensation benefits. ABF Freight paid to the plaintiff workers' compensation benefits. The issue underlying the defendants' motion for summary judgment and ABF

Freight's motion to intervene was whether or not the defendants are entitled to a setoff against any verdict in the amount of workers' compensation payments paid to the plaintiff as a result of the accident. Although we denied the defendants' motion for summary judgment we indicated that because the issue of a setoff for workers compensation benefits may arise post-trial we would address the issue and indicate how we would rule if the issue were to be raised after a verdict from the jury is received. We concluded that the defendants would be entitled to a setoff. Given that conclusion, we further concluded that ABF Freight has no subrogation interest and we, accordingly, denied ABF Freight's motion to intervene and motion for leave to respond to the defendants' motion for summary judgment.

On June 9, 2003, ABF Freight filed a motion for reconsideration of the Order of May 30, 2003. By an Order dated June 11, 2003, the motion for reconsideration was denied.

The plaintiff and defendants subsequently reached a settlement of the case. By an Order dated July 7, 2003, the case was dismissed without costs and without prejudice to the right, upon good cause shown, to reinstate the action within sixty days if the parties find the need to do so.

3

On July 7, 2003, ABF Freight Systems, Inc. filed a motion seeking an order requiring the parties to pay into the court the proceeds of the settlement.  The motion was brought pursuant to Fed.R.Civ.P. 65 and in essence seeks a preliminary injunction.

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980).  "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)).  The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582.  "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

As we have already determined that ABF Freight has no subrogation interest, ABF Freight does not have a reasonable probability of succeeding on the merits of its claim to a right of subrogation.  Accordingly, ABF Freight's motion for a preliminary injunction in the form of an order requiring the parties to pay the settlement proceeds into an escrow account with the court will be denied.

AND NOW, this 6th day of August, 2003, **IT IS HEREBY ORDERED** that the motion (doc. 84) seeking an order for payment of settlement funds into court is **DENIED.**

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

DATED:   August 6, 2003.